IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-614-SLR |
| | ) | |
| ACAMBIS INC., and | ) | |
| ACAMBIS, PLC | ) | **Jury Trial Demanded** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF BAVARIAN NORDIC'S MOTION TO STRIKE
DEFENDANTS' AFFIRMATIVE DEFENSE OF INEQUITABLE
CONDUCT BEFORE THE U.S. PATENT AND TRADEMARK OFFICE**

Plaintiff Bavarian Nordic A/S hereby moves pursuant to Federal Rule of Civil Procedure 12(f) to strike Defendants Acambis Inc.'s and Acambis, PLC's ("collectively Acambis") defense of inequitable conduct before the U.S. Patent and Trademark Office. This is a diversity action and there is no patent in this case. Bavarian Nordic A/S hereby waives its opening brief and for its motion states as follows:

1.  Bavarian Nordic A/S, a leading developer and producer of vaccines and related products that prevent and treat infectious diseases, brought this suit in an effort to recover for past harm and prevent future injury occasioned by Defendants Acambis Inc. and Acambis, PLC (collectively "Acambis") willful conversion and misappropriation of Bavarian Nordic's trade secrets, in violation of federal and state law.

2.  Bavarian Nordic brought this suit on August 19, 2005 alleging tortious conversion, misappropriation of trade secrets, unfair trade practices in violation of Delaware law, and unfair competition under the Lanham Act. Acambis served an answer on September 8,

2005. In its answer, Acambis asserted its defense based on inequitable conduct before the USPTO. Answer at 12 (second defense, subparagraph f). In particular, Acambis alleges a defense of "the doctrine of inequitable conduct before the U.S. Patent and Trademark Office insofar as the claims are based on BN's alleged patent rights." Answer at 12 (second defense, subpart f).

3. Acambis' defense of inequitable conduct before the USPTO must be struck because it is not a legally recognizable defense to any of Bavarian Nordic's claims in this action. Federal Rule of Civil Procedure 12(f) allows the court to strike from any pleading an insufficient defense. Fed. R. Civ. P. 12(f); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.37[4] (Matthew Bender 3d ed.) (motion to strike pursuant to Rule 12(f) the proper means for attacking the legal insufficiency of a defense). Acambis' defense is legally insufficient on its face because it is a defense that is only applicable when the enforceability of a patent is at issue in a lawsuit. *See e.g., LaBounty Manuf. Inc. v. United States Int'l Trade Comm'n*, 958 F.2d 1066, 1070-71 (Fed. Cir. 1992) (discussing generally the doctrine of inequitable conduct before the USPTO).[1]

4. Bavarian Nordic's allegations center on Acambis' misappropriation of trade secrets. Notwithstanding Acambis' bald assertion that Bavarian Nordic's claims here "are based on [its] alleged patent rights" (Answer at 12 (second defense, subparagraph f)), Bavarian Nordic has not alleged patent infringement as a claim against Acambis. As such, the success or failure of this suit does not depend on the enforceability of any particular patent. *See generally*

---

[1] Rule 12(f) also allows defenses that are impertinent or immaterial to be struck. Given that Bavarian Nordic's conduct before the USPTO does not provide Acambis a legally cognizable defense to any of the allegations in this action, it likewise can be struck as immaterial and impertinent, and an obvious attempt to cast Bavarian Nordic in an unfavorable light with the Court.

*Kewanee Oil Co. v. Bicron*, 416 U.S. 470 (1974) (discussing the fundamental differences between trade secret and patent law).

        5.      Bavarian Nordic is not aware of any authority permitting the assertion of a defense of inequitable conduct before the USPTO to claims that do not arise from a party's assertion of rights under a patent.[2] Even if Acambis were able to show such conduct, which Bavarian Nordic flatly denies ever occurred, such a showing would in no way affect 1) the ability of Bavarian Nordic to maintain its claims, or 2) Acambis' liability with regard to Bavarian Nordic's claims. Accordingly, the defense must be struck.

---

[2] Even were the Court to determine that the defense was somehow legally sufficient, it could likewise be struck on the ground that it fails to allege fraud with adequate particularity. *See* Fed. R. Civ. P. 9(b); *see also Ferguson Beauregard v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (inequitable conduct before the USPTO must be plead with particularity); *EMC Corp. v. Storage Tech. Corp*, 921 F. Supp. 1261, 1263 (D. Del. 1996) (same).

6. Acambis' affirmative defense of inequitable conduct before the USPTO is legally insufficient on its face. Bavarian Nordic therefore respectfully requests that the Court order it stricken pursuant to Federal Rule of Civil Procedure 12(f).

           Respectfully submitted,

           John W. Shaw (No. 3362)
           D. Fon Muttamura-Walker (No. 4646)
           YOUNG CONAWAY STARGATT & TAYLOR, LLP
           The Brandywine Building, 17th Floor
           1000 West Street
           Wilmington, Delaware 19801
           (302) 571-6600

           – and –

           Edward A. Pennington
           Robert C. Bertin
           George S. Jones
           Stephanie D. Scruggs
           SWIDLER BERLIN LLP
           3000 K Street Suite 300
           Washington, DC 20007
           (202) 424-7500

           *Attorneys for Plaintiff Bavarian Nordic*

Dated: September 28, 2005

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, hereby certify that on this 28th day of September 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such to the following:

> Mary B. Graham, Esquire
> MORRIS, NICHOLS, ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

Additionally, I hereby certify that I caused true and correct copies of the foregoing document to be served in the manner indicated below:

### BY HAND DELIVERY

Mary B. Graham, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

### BY FEDERAL EXPRESS

William D. Coston, Esquire
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ D. Fon Muttamara-Walker*

D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
fmuttamara-walker@ycst.com

*Attorneys for Plaintiff Bavarian Nordic*