# EXHIBIT B

## Comparison of Delaware and ITC Complaints

| ITC Complaint | Delaware Complaint |
|---|---|
| ¶4 | ¶4 |
| ¶7 | p.1, ¶6 |
| ¶8 | ¶8 |
| ¶9 | ¶9 |
| ¶11 | ¶10 |
| ¶12 | ¶11 |
| ¶13 | ¶12 |
| ¶14 | ¶13 |
| ¶15 | ¶14 |
| ¶16 | ¶15 |
| ¶17 | ¶16 |
| ¶18 | ¶17 |
| ¶19 | ¶18 |
| ¶20 | ¶19 |
| ¶21 | ¶22 |
| ¶22 | ¶23 |
| ¶23 | ¶24 |
| ¶24 | ¶25 |
| ¶25 | ¶26 |
| ¶26 | ¶27 |
| ¶27 | ¶28 |
| ¶28 | ¶29 |
| ¶29 | ¶30 |
| ¶30 | ¶31 |
| ¶31 | ¶32 |
| ¶32 | ¶33 |
| ¶33 | ¶34 |
| ¶34 | ¶35 |
| ¶35 | ¶36 |
| ¶36 | ¶37 |
| ¶37 | ¶38 |
| ¶38 | ¶39 |
| ¶39 | ¶40 |
| ¶40 | ¶41 |
| ¶41 | ¶42 |
| ¶42 | ¶43 |
| ¶43 | ¶11, ¶12 |
| ¶44 | ¶12 |
| ¶58 | ¶23, ¶47 |

| ITC Complaint | Delaware Complaint |
|---|---|
| ¶59 | ¶52, ¶54 |
| ¶60 | ¶54 |
| ¶61 | ¶53 |
| ¶66 | ¶45, ¶46, ¶47, ¶52, ¶54, ¶55, ¶57, ¶58, ¶63, ¶64, ¶68 |
| ¶67 | ¶64 |
| ¶68 | ¶55, ¶56 |
| ¶69 | ¶57, ¶58, ¶63 |
| ¶87 | ¶39, ¶46, ¶47 |

# EXHIBIT C

Commission on or before February 23, 2006. A nonparty who has testimony that may aid the Commission's deliberations may request permission to present a short statement at the hearing. All parties and nonparties desiring to appear at the hearing and make oral presentations should attend a prehearing conference to be held at 9:30 a.m. on February 27, 2006, at the U.S. International Trade Commission Building. Oral testimony and written materials to be submitted at the public hearing are governed by sections 201.6(b)(2), 201.13(f), 207.24, and 207.66 of the Commission's rules. Parties must submit any request to present a portion of their hearing testimony *in camera* no later than 7 business days prior to the date of the hearing.

*Written submissions.*—Each party to the reviews may submit a prehearing brief to the Commission. Prehearing briefs must conform with the provisions of section 207.65 of the Commission's rules; the deadline for filing is February 21, 2006. Parties may also file written testimony in connection with their presentation at the hearing, as provided in section 207.24 of the Commission's rules, and posthearing briefs, which must conform with the provisions of section 207.67 of the Commission's rules. The deadline for filing posthearing briefs is March 13, 2006; witness testimony must be filed no later than three days before the hearing. In addition, any person who has not entered an appearance as a party to the reviews may submit a written statement of information pertinent to the subject of the reviews on or before March 13, 2006. On April 4, 2006, the Commission will make available to parties all information on which they have not had an opportunity to comment. Parties may submit final comments on this information on or before April 6, 2006, but such final comments must not contain new factual information and must otherwise comply with section 207.68 of the Commission's rules. All written submissions must conform with the provisions of section 201.8 of the Commission's rules; any submissions that contain BPI must also conform with the requirements of sections 201.6, 207.3, and 207.7 of the Commission's rules. The Commission's rules do not authorize filing of submissions with the Secretary by facsimile or electronic means, except to the extent permitted by section 201.8 of the Commission's rules, as amended, 67 FR 68036 (November 8, 2002). Even where electronic filing of a document is permitted, certain documents must also be filed in paper form, as specified in II(C) of the Commission's Handbook on Electronic Filing Procedures, 67 FR 68168, 68173 (November 8, 2002).

Additional written submissions to the Commission, including requests pursuant to section 201.12 of the Commission's rules, shall not be accepted unless good cause is shown for accepting such submissions, or unless the submission is pursuant to a specific request by a Commissioner or Commission staff.

In accordance with sections 201.16(c) and 207.3 of the Commission's rules, each document filed by a party to the reviews must be served on all other parties to the reviews (as identified by either the public or BPI service list), and a certificate of service must be timely filed. The Secretary will not accept a document for filing without a certificate of service.

**Authority:** These reviews are being conducted under authority of title VII of the Tariff Act of 1930; this notice is published pursuant to section 207.62 of the Commission's rules.

By order of the Commission.

Issued: September 19, 2005.

**Marilyn R. Abbott,**
*Secretary to the Commission.*
[FR Doc. 05–18988 Filed 9–22–05; 8:45 am]
**BILLING CODE 7020–02–P**

---

**INTERNATIONAL TRADE COMMISSION**

**[Investigation Nos. 751–TA–28–29]**

**Certain Frozen Warmwater Shrimp and Prawns From India and Thailand**

**AGENCY:** United States International Trade Commission.
**ACTION:** Revised schedule for the subject investigations.

**EFFECTIVE DATE:** September 16, 2005.
**FOR FURTHER INFORMATION CONTACT:** Jim McClure (202–205–3191), Office of Investigations, U.S. International Trade Commission, 500 E Street SW., Washington, DC 20436. Hearing-impaired persons can obtain information on this matter by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its Internet server (*http://www.usitc.gov*). The public record for these investigations may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*.

**SUPPLEMENTARY INFORMATION:** On May 5, 2005, the Commission published notice (70 FR 23884) of its institution of and schedule for investigations to be conducted pursuant to section 751(b) of the Tariff Act of 1930 (19 U.S.C. 1675(b)) (the Act) to review its determinations in investigation Nos. 731–TA–1066–1067 (Final). In that notice, the Commission found good cause existed to waive rule 207.45(c), concerning the time for completion of changed circumstances review investigations, and established a completion deadline of October 31, 2005. The Commission has now found that good cause exists to extend further the completion date for these review investigations, and has set a deadline for completion of these reviews of November 21, 2005.

The Commission's new schedule for the investigations is as follows: The deadline for filing posthearing briefs is October 5, 2005; the Commission will make its final release of information on October 25, 2005; and final party comments are due on October 28, 2005.

For further information concerning these investigations see the Commission's notice cited above and the Commission's Rules of Practice and Procedure, part 201, subparts A through E (19 CFR part 201), and part 207, subparts A and C (19 CFR part 207).

**Authority:** These investigations are being conducted under authority of title VII of the Tariff Act of 1930; this notice is published pursuant to section 207.21 of the Commission's rules.

By order of the Commission.

Issued: September 16, 2005.

**Marilyn R. Abbott,**
*Secretary to the Commission.*
[FR Doc. 05–18989 Filed 9–22–05; 8:45 am]
**BILLING CODE 7020–02–P**

---

**INTERNATIONAL TRADE COMMISSION**

**[Investigation No. 337–TA–550]**

**In the Matter of Certain Modified Vaccinia Ankara ("MVA") Viruses and Vaccines and Pharmaceutical Compositions Based Thereon; Notice of Investigation**

**AGENCY:** U.S. International Trade Commission.
**ACTION:** Institution of investigation pursuant to 19 U.S.C. 1337.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on

August 19, 2005 under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, on behalf of Bavarian Nordic A/S. A letter supplementing and amending the complaint was filed on September 9, 2005. The complaint, as supplemented and amended, alleges violations of section 337 in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain Modified Vaccinia Ankara viruses and vaccines and pharmaceutical compositions based thereon by reason of infringement of claims 1, 4, 5, and 34 of U.S. Patent No. 6,761,893 and claims 1, 2–9, and 13–16 of U.S. Patent No. 6,913,752, and misappropriation of trade secrets. The complaint further alleges that there exists an industry in the United States as required by section 337.

The complainant requests that the Commission institute an investigation and, after the investigation, issue a permanent exclusion order and a permanent cease and desist order.

**ADDRESSES:** The complaint and supplemental letter, except for any confidential information contained therein, are available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, SW., Room 112, Washington, DC 20436, telephone 202–205–2000. Hearing-impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on 202–205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at 202–205–2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*.

**FOR FURTHER INFORMATION CONTACT:** Erin D.E. Joffre, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, telephone 202–205–2550 or Thomas S. Fusco, Esq., Office of Unfair Import Investigations, U.S. International Trade Commission, telephone 202–205–2571.

Authority: The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2005).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on September 19, 2005, *ordered that—*

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine:

(a) Whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain Modified Vaccinia Ankara ("MVA") viruses and vaccines and pharmaceutical compositions based thereon by reason of infringement of claims 1, 4, 5, or 34 of U.S. Patent No. 6,761,893 or claims 1, 2–9, 13–15 or 16 of U.S. Patent No. 6,913,752, and whether an industry in the United States exists or is in the process of being established as required by subsection (a)(2) of section 337; and

(b) Whether there is a violation of subsection (a)(1)(A) of section 337 in the importation of certain MVA viruses and vaccines and pharmaceutical compositions based thereon or in the sale of such articles by reason of misappropriation of trade secrets, the threat or effect of which is to destroy or substantially injure an industry in the United States, and whether an industry in the United States.

(2) Pursuant to Commission Rule 210.50(b)(1), 19 CFR 210.50(b)(1), the presiding administrative law judge shall take evidence or other information and hear arguments from the parties and other interested persons with respect to the public interest in this investigation, as appropriate, and provide the Commission with findings of fact on this issue.

(3) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainant is—Bavarian Nordic A/S, Bogeskovvej 9, DK–3490 Kvistgard, Denmarky.

(b) The respondent is the following company alleged to be in violation of Section 337 and upon which the complaint is to be served—Acambis, Plc, Peterhouse Technology Park, 100 Fulbourne Road, Cambridge, CB1 9PT, United Kingdom.

(c) Erin D.E. Joffre and Thomas S. Fusco, Office of Unfair Import Investigations, U.S. International Trade Commission, 500 E Street, SW., Room 401, Washington, DC 20436, who shall be the Commission investigative attorneys, party to this investigation;

(4) For the investigation so instituted, the Honorable Robert L. Barton, Jr. is designated as the presiding administrative law judge.

A response to the complaint and the notice of investigation must be submitted by the named respondent in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(d) and 210.13(a), such response will be considered by the Commission if received no later than 20 days after the date of service by the Commission of the complaint and notice of investigation. Extensions of time for submitting a response to the complaint will not be granted unless good cause therefor is shown.

Failure of the respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter both an initial determination and a final determination containing such findings, and may result in the issuance of a limited exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Issued: September 19, 2005

**Marilyn Abbott,**
*Secretary to the Commission.*
[FR Doc. 05–19037 Filed 9–22–05; 8:45 am]
**BILLING CODE 7020–02–P**

---

**INTERNATIONAL TRADE COMMISSION**

[Inv. No. 337–TA–454]

**In the Matter of Certain Set-Top Boxes and Components Thereof; Notice of Commission Determination To Terminate the Investigation on the Basis of a Settlement Agreement**

**AGENCY:** International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission has determined to terminate the above-captioned investigation on the basis of a settlement agreement.

**FOR FURTHER INFORMATION CONTACT:** Wayne Herrington, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, SW., Washington, DC 20436, telephone (202) 205–3090, or Michael Liberman, Esq., Office of the General Counsel, U.S.

# EXHIBIT D

# SWIDLER BERLIN LLP

Edward A. Pennington
Phone 202.339.8951
Fax 202.295.8478
eapennington@swidlaw.com

The Washington Harbour
3000 K Street, N.W., Suite 300
Washington, D.C. 20007-5116
Phone 202.424.7500
Fax 202.424.7647
www.swidlaw.com

September 9, 2005

The Honorable Marilyn Abbott
Secretary
U.S. International Trade Commission
500 E Street, S.W.
Washington D.C. 20436

Re: *In the Matter of Certain Modified Vaccinia Ankara Viruses ("MVA") and Vaccines and Pharmaceutical Compositions Based Thereon*, Inv. No. 337-TA-___, Docket No. 2444

Dear Secretary Abbott:

In response to the request of the Office of Unfair Import Investigation ("OUII"), we hereby provide the following supplemental information with respect to the Complaint filed on behalf of Bavarian Nordic A/S ("Bavarian Nordic") in the above-referenced matter.

## I. Non-Disclosure Agreements with National Institutes of Health

At the request of OUII, we are providing additional information regarding confidential disclosures to the U.S. Government.

Bavarian Nordic entered into Confidentiality Agreements with the National Institutes of Health ("NIH") as described in ¶29 of the Complaint pursuant to which it disclosed its proprietary MVA technology. One of these Agreements is set forth in Exhibit 12 of the Complaint. Another one, not referenced in the Complaint, is attached hereto as **Confidential Exhibit 20**. Pursuant to this Confidentiality Agreement, between Bavarian Nordic and the National Institute of Allergy and Infectious Diseases ("NIAID"), NIH, Bavarian Nordic disclosed the MVA-BN technology[1] and its use as a smallpox vaccine and as a vector to create other vaccines. Neither of the Confidentiality Agreements between Bavarian Nordic and NIH, nor any other agreement between Bavarian Nordic or any agency of the U.S. government, including NIH, permit NIH to use the confidential information for any commercial purpose.

Bavarian Nordic did not provide MVA virus strains to NIH, or any other agency of the U.S. government, pursuant to the above described Confidentiality Agreements. As described in ¶¶ 23 – 28 of the Complaint, Dr. Mayr provided the MVA-572 or MVA-575 virus strains to Dr. Moss of NIH pursuant to an agreement that among other things prohibited commercialization.

---

[1] MVA-BN technology is described in the Complaint at ¶¶ 12 – 14.

SWIDLER BERLIN LLP
The Honorable Marilyn Abbott
September 9, 2005
Page 2

Acambis plc (and/or its U.S. subsidiary Acambis Inc.) was in a position to respond to the First RFP, even though it may not have had possession of any MVA strains when it responded, because Acambis was in possession of Bavarian Nordic's confidential information regarding the use of MVA viruses in small-pox vaccines[2], and because the First RFP explicitly identifies separate collaborative opportunities that include "the availability of a master seed stock of MVA from NIAID." See Exhibit 13 at 3. Thus, Acambis responded to the First RFP with the knowledge that it could get a MVA strain for smallpox vaccines from NIAID.

Allegations of misappropriation of Bavarian Nordic's proprietary technology are found at ¶¶ 66 – 69 of the Complaint and allegations of injury from this misappropriation are found in ¶¶ 85 – 90.

## II. Supplemental Information on Investments and Activity in the U.S.

At the request of OUII, we are providing additional information describing Bavarian Nordic's facilities and organizational structure in the United States, and we are attaching a Revised **Confidential Exhibit 19** to set forth additional information on Bavarian Nordic's expenditures in furtherance of its domestic industry.

### A. Facilities and Organizational Structure

Bavarian Nordic's BN Immunotherapeutics Inc. subsidiary has leased a facility located at 2425 Garcia Avenue, Mountain View, CA 94043 for six (6) years, with an option for another five years. This facility has 13,700 feet of space and is presently undergoing refurbishment / reconstruction to house new R&D lab and office space. The build-out of the facility is expected to be completed on December 1, 2005 at a cost of approximately two million seven hundred thousand dollars ($2,700,000.00). Bavarian Nordic's initial construction expenses for the build-out are three hundred thousand dollars ($300,000.00). The remainder of the build-out expenses are to be paid on a monthly basis along with lease expenses. The lease expenses are approximately fifty four thousand dollars ($54,000.00) per month, which includes operational costs.

**Confidential Exhibit 21**, attached hereto, is a confidential exhibit that illustrates a floor plan for the facility showing, *inter alia*, R&D lab, office and conference room space. Until construction of this facility is completed in December 2005, Bavarian Nordic's Immunotherapeutics subsidiary is leasing a temporary facility located at 2400 Bayshore Parkway, Mountain View, California 94943.

Currently BN Immunotherapeutics has three employees: CEO, Rainer Laus; Director of Development, Richard Rigg; and Chief Medical Officer and Vice President for Clinical Research, Regulatory Affairs and Biometrics, Brent Treiger. The company is expected to have eleven (11) employees by the end of 2005 and twenty (20) by the end of 2006, as described in

---

[2] See Complaint ¶¶ 30 – 32.

9244120V1

**SWIDLER BERLIN** LLP
The Honorable Marilyn Abbott
September 9, 2005
Page 3

**Confidential Exhibit 22** attached hereto. This exhibit also illustrates the targeted organizational structure of BN Immunotherapeutics at the end of 2005 and 2006.

BN Immunotherapeutics is operating today in its temporary space. It is registered to conduct business in the state of California and, as described in ¶ 6 of the Complaint, is primarily engaged in research and development with respect to MVA-based vaccines against cancer.[3] As described, *inter alia*, in paragraphs 44, 55 and 59 of the Complaint, the MVA-based virus itself, such as MVA-BN, which is useful for developing vaccines against cancer and other diseases, is covered by the Patented and Proprietary Technology at issue and is one of the Products at Issue described in paragraph 44 of the Complaint.

### B. Investment and Trials in the U.S.

Revised **Confidential Exhibit 19** includes additional information on expenditures made to date by Bavarian Nordic's U.S. Subsidiaries to bring Bavarian Nordic's Patented and Proprietary Technology to the United States. Additional information also includes: (i) projected expenditures with Bavarian Nordic's subcontractors in the U.S. (identified as "U.S. Partners" in **Confidential Exhibit 19**) for clinical trials; (ii) expenditures projected and made to date for trials conducted in furtherance of contracts with the U.S. government pursuant to the First and Second RFP; and (iii) expenditures for planned clinical studies in the United States.

While it is difficult to segregate out money spent in the U.S. from money spent outside of the U.S., Bavarian Nordic notes the following. Referring to Revised **Confidential Exhibit 19**, "Trial #1" pursuant to the First RFP was conducted in the U.S. and substantially all of the four hundred twenty six thousand, six hundred thirty nine dollars ($426,639.00) spent on this trial were spent in the U.S. (*See* Revised **Confidential Exhibit 19** at 2). Similarly, substantially all of the three hundred ninety seven thousand, four hundred sixty four dollars ($397,464.00) spent to date on Trial #1 pursuant to the Second RFP have been paid to Kendle, a U.S. based company and Bavarian Nordic's subcontractor, to conduct the study. (*Id.*) Bavarian Nordic also purchases all eggs necessary for production from a U.S. company, Charles River Laboratories, for approximately ninety seven thousand two hundred dollars ($97,200.00).

Many millions of dollars are also planned to be spent in the U.S. pursuant to ongoing clinical trial and drug approval activity identified in Revised **Confidential Exhibit 19**, and other present and future activity, including the operations of BN Immunotherapeutics, which are projected to cost approximately 9 million dollars ($9,000,000.00) for 2005 and 2006. This figure includes lease expenses. (*See* "Financial Projections" heading, **Confidential Exhibit 22**).

Bavarian Nordic also estimates U.S. employee utilization pursuant to certain studies as follows:

---

[3] Bavarian Nordic developed MVA-BN and thus the small pox vaccine IMVAMUNE without any U.S. Government funding.

**SWIDLER BERLIN** LLP

The Honorable Marilyn Abbott
September 9, 2005
Page 4

| Study | U.S. Clinicians / Researchers |
|---|---|
| POX-MVA-0006 | 25 - 50 |
| POX-MVA-0008 | 25 - 50 |
| POX-MVA-0010 | 25 - 50 |
| POX-MVA-0013 | up to 100 |

### III. Miscellaneous

We are providing a correction to ¶37 of the Complaint, which is inaccurate and inconsistent with ¶86. Paragraph 37 indicates that up to $177 million was awarded by U.S. government contract in February 2003 for the development of MVA-based vaccines against smallpox. However, the February 2003 award was on the order of $18 million in the aggregate to Bavarian Nordic and Acambis.

Paragraph 86 of the Complaint accurately attributes the approximately $177 million awarded by U.S. Government contracts to awards pursuant to the Second RFP.

Additionally, ¶75 of the Complaint under the heading Related Litigation is hereby amended and replaced with the following paragraph:

There is related litigation between Bavarian Nordic and Acambis plc and Acambis Inc. in the United States District Court for the District of Delaware. The case has been assigned civil action number 05-614. Acambis plc and Acambis Inc. filed an answer to the Delaware complaint on September 8, 2005. The case relates to misappropriation and conversion of trade secrets and MVA virus strains.

Thank you for your consideration in this matter. Should you have any additional questions, please do not hesitate to contact the undersigned.

Respectfully submitted,

*Edward A. Pennington*
Edward A. Pennington
*Counsel to Complainants*

Enclosures

# EXHIBIT E

Office of  
Unfair Import Investigations



Thomas Fusco  
Investigative Attorney  
(202) 205-2571 (office)  
(202) 205-2158 (facsimile)

# UNITED STATES INTERNATIONAL TRADE COMMISSION

WASHINGTON, D.C. 20436

September 14, 2005

Edward A. Pennington, Esq.  
Swidler & Berlin LLP  
The Washington Harbour  
3000 K Street, N.W. Ste. 300  
Washington, D.C. 20007

Re: *Certain Modivied Vacinia Ankara ("MVA") Viruses and Vaccines and Pharmaceutical Compositions Based Thereon*, Docket No. 2444

Dear Mr. Pennington:

On August 19, 2005, you filed the above-referenced complaint on behalf of your client, Bavarian Nordic A/S. Paragraphs 25-27 of the complaint describe how Professor Anton Mayr provided Dr. Bernard Moss of the National Institutes of Health ("NIH") with samples of Modified Vaccinia Ankara ("MVA") virus. Specifically, paragraph 27 states in part that Professor Mayr provided these samples to Dr. Moss:

> on the basis that 1) Dr. Moss was planning to use the strains for expression vector work, 2) the strains were being provided for research only and were not to be used for any commercial purpose without express permission from Professor Mayr, and 3) the strains would not be given by Dr. Moss to any other person or entity without permission from Professor Mayr.

A supplemental letter filed September 9, 2005 in response to questions posed by this office reiterated the contention that the virus strain had been provided to Dr. Moss "pursuant to an agreement that among other things prohibited commercialization." The purpose of this letter is to confirm that, while it is Bavarian Nordic's contention that the referenced agreement exists, there is no written agreement to this effect and, accordingly, none was provided with either the complaint or the supplemental letter.

Sincerely,

*Thomas Fusco*

Thomas S. Fusco  
Investigative Attorney

# EXHIBIT F

*Prof.Dr.Dr.h.c.mult.Anton Mayr*
Lehrstuhl für Mikrobiologie und Seuchenlehre
Ludwig-Maximilians-Universität München

80539 München
Veterinärstraße 13
Tel. 089/2180-2532

12. September 2001

Bernard Moss M.D., Ph.D.
Chief, Laboratory of Viral Diseases
NIAID, National Institutes of Health
Building 4, Room 229
Bethesda, MD, 20892-0445
USA

Dear Professor Moss,

In response to your request for an early sample of vaccinia Virus MVA I was happy to provide you with the material MVA 572. FHE - 22.02.1974.

This virus material represents lyophilized tissue culture material from the 572nd passage of MVA on primary chicken embryo fibroblasts harvested February 22, 1974 and originates from the vaccinia virus MVA developed and passaged at the Institut für Mikrobiologie und Infektionskrankheiten der Tiere, Ludwig-Maximilians-Universität München (see Mayr et al 1975. *Passage history, pro perties and applicability of the attenuated vaccinia virus strain MVA,* Infection 3:6-14).

Propagation in chicken embryo fibroblasts through two plaque purification passages (MVA 569.FHE - 12.02.74 and MVA 570. FHE - 15.02.74) and an amplifying passage (MVA 571. FHE - 19.02.74) resulted in the virus stock MVA 572. FHE - 22.02.1974 which was titrated (original titer $10^{8.25}$ TCID$_{50}$/ml) and lyophilized as standard MVA seeding material. This virus material has been stored at the institute under my control since that time.
With best regards.

Sincerely yours,

*[signature]*

Prof.Dr.Dr.h.c.mult.Anton Mayr

# EXHIBIT G

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| In the Matter of | |
|---|---|
| CERTAIN MODIFIED VACCINIA ANKARA ("MVA") VIRUSES AND VACCINES AND PHARMACEUTICAL COMPOSITIONS BASED THEREON | Inv. No. 337-TA-550 |

**ORDER NO. 2: SETTING TARGET DATE AND ESTABLISHING GROUND RULES**
(September 28, 2005)

Pursuant to Commission Rule 210.51(a), a target date for completion of the investigation in the above-captioned matter must be set. In the Request for Relief in the Complaint, Complainant Bavarian Nordic requests that a target date of not more than twelve months be set for this investigation. The Complaint alleges infringement of claims concerning two patents; specifically, claims 1, 4, 5, and 34 of U.S. Patent No. 6, 761,893 and claims 1-9 and 13-16 of U.S. Patent No. 6,913,752. See pages 19-20 of the Complaint. The Complaint also only involves one Respondent.

Upon a review of the Complaint and the Notice of Investigation, and considering that there is only one Respondent and two patents, I have tentatively determined that a target date of twelve (12) months from the September 23, 2005 publication of the Notice of Investigation in the Federal Register, *see* 70 Fed. Reg. 55918-55919 (September 23, 2005) is appropriate. If any party, including Commission Investigative Staff, believes that this is an inappropriate time period, the party shall serve and file a pleading, *not later than October 5, 2005*, stating why such time period is

2

inappropriate and shall propose alternative target dates.

Further, the Ground Rules for the conduct of this investigation are attached hereto. The parameters for the procedural schedule in this proceeding are outlined in the Ground Rules. I will be issuing a separate order regarding dates for the submission of discovery statements and the procedural schedule.

**SO ORDERED**

_____
Robert L. Barton, Jr.
Administrative Law Judge

CERTAIN MODIFIED VACCINIA ANKARA ("MVA") VIRUSES AND VACCINES
AND PHARMACEUTICAL COMPOSITIONS BASED THEREON

Inv. No. 337-TA-550

### CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **Order** was served upon, Erin D.E. Joffre, Esq., Commission Investigative Attorney, and the following parties via first class mail and air mail where necessary on ___September 29___, 2005.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, S.W., Room 112A
Washington, D.C. 20436

**FOR COMPLAINANT BAVARIAN NORDIC A/S:**

Edward A. Pennington, Esq.
**SWIDLER BERLIN LLP**
3000 K Street, NW
Washington, DC 20007

**RESPONDENT:**

Acambis Plc
Peterhouse Technology Park
100 Fulbourne Road
Cambridge, CB1 9PT
United Kingdom