IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-614-SLR |
| ) | |
| ACAMBIS INC. and ) | |
| ACAMBIS, PLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ACAMBIS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants Acambis Inc. and Acambis plc ("Acambis") hereby oppose Plaintiff Bavarian Nordic A/S's ("BN") motion to strike Acambis' Second Defense, Paragraph (f). *See* Answer at p. 12 ("BN's claims are subject to the doctrine of inequitable conduct before the U.S. Patent and Trademark Office insofar as the claims are based on BN's alleged patent rights."). BN argues that the defense "is not a legally recognizable defense" to its claims because "there is no patent issue in this case." Motion at p. 1-2. However, as BN's complaint appears to assert patent rights in support of at least some of the claims in this case, Acambis should be permitted to challenge those alleged rights.[1]

In its complaint, BN alleges that it "owns several U.S. patents and pending patent applications directed to MVA-based vaccines," and specifically alleges that U.S. Patent Nos.

---

[1] As a preliminary matter, the Court need not rule on BN's motion as this case must be stayed in its entirety pursuant to 28 U.S.C. § 1659(a) pending a final determination in BN's parallel ITC proceeding. *See* Acambis' Motion for Stay (D.I. 12); *Universal Tool & Stamping Co. v. Ventra Group*, 1998 U.S. Dist. LEXIS 11541, 46 U.S.P.Q.2d 1799, at *3 (N.D. Ind. Jan. 20, 1998) (refusing to "fashion an exemption to the stay" of proceedings mandated by 28 U.S.C. § 1659(a) by requiring defendant to answer complaint or make any order relating to discovery).

6,761,893 and 6,913,752 "cover the MVA-BN® virus and derivatives thereof, IMVAMUNE™, i.e., the smallpox vaccine based on MVA-BN®, and its use as a vector technology."[2] Complaint ¶ 14. Six paragraphs later, evidently with its patents in mind, BN accuses Acambis of making "false and/or misleading statements to customers and potential customers" regarding Acambis' "freedom to operate within the field of MVA-based smallpox vaccines." Id. ¶ 20. This allegation appears to be a factual predicate to at least Count IV of BN's complaint alleging that Acambis engaged in unfair competition under the Lanham Act by making "false or misleading representations of fact…." Id. ¶ 68. Given BN's allegations, BN's claims of misrepresentation are fairly read to be based, at least in part, on BN's alleged patent rights.[3]

If BN represents that it will not seek to introduce any patents directed to MVA-based vaccines in support of its claims in this case and withdraws the patent allegations from its complaint, Acambis will withdraw its inequitable conduct defense. Had BN consulted with Acambis' counsel as to the relief sought by BN's motion as required by Local Rule 7.1.1, a

---

[2]  Acambis is alleged to infringe those two identified patents in the parallel proceeding before the ITC, which BN filed the same day as the complaint in this case. *See* ITC Complaint ¶¶ 62-65. Hence, to the extent that BN relies on those patents in support of any claims in this case, the ITC proceeding will inform Acambis' inequitable conduct defense in this case. To the extent necessary, Acambis will amend its answer here to add particularity based on information learned in the ITC proceeding. *See McKesson Information Solutions, LLC v. The Trizetto Group, Inc.*, 2005 WL 914776 (D. Del. April 20, 2005) (Robinson, C.J.).

[3]  As this Court recently noted:

> Motions to strike affirmative defenses…are disfavored. When ruling on such a motion, the court must construe all facts in favor of the nonmoving party…and deny the motion if the defense is sufficient under the law. Further, courts prefer not to grant a motion to strike unless it appears to a certainty that …the movant would succeed despite any state of the facts, which could be proved in support of the defense.

*McKesson*, 2005 WL 914776, at *1 (citations and quotations omitted).

resolution along those lines might have been achieved without the filing of these papers. Otherwise, if BN seeks to assert its alleged patent rights as a basis for its claims here, Acambis should be permitted to challenge any such rights in defense of BN's claims.

          MORRIS, NICHOLS, ARSHT & TUNNELL

          */s/ James W. Parrett, Jr.*

          Mary B. Graham (#2256)
          James W. Parrett, Jr. (#4292)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE 19899-1347
          (302) 658-9200
          mgraham@mnat.com
          jparrett@mnat.com
            *Attorneys for Defendants Acambis Inc.*

OF COUNSEL:          *and Acambis plc*

William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601
202-344-4000

October 12, 2005
487223

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John W. Shaw
> YOUNG CONAWAY STARGATT & TAYLOR
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 12, 2005, upon the following individuals in the manner indicated:

**BY HAND**

> John W. Shaw
> YOUNG CONAWAY STARGATT & TAYLOR
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391

**BY FACSIMILE**

> Edward A. Pennington
> SWIDLER BERLIN LLP
> 3000 K Street, N.W., Ste. 300
> Washington, DC  20007-5116

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)
jparrett@mnat.com

487223