IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAVARIAN NORDIC A/S   )
         )
   Plaintiff,    )
         )
 v.       )   Civ. Action No. 05-614-SLR
         )
ACAMBIS INC., and   )
ACAMBIS, PLC    )   **Jury Trial Demanded**
         )
   Defendants.   )
_____)

## BAVARIAN NORDIC'S BRIEF IN OPPOSITION TO ACAMBIS' MOTION TO STAY PROCEEDINGS

YOUNG CONAWAY
 STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

– and –

SWIDLER BERLIN LLP
Edward A. Pennington
Robert Bertin
George Jones
Stephanie Scruggs
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff Bavarian Nordic*

Dated: October 14, 2005

# TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................. 1

CONCISE STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ...................................................................................................................... 3

    I.    The Mandatory Stay Of 28 U.S.C. § 1659 Is Not Applicable To This Case ...................... 3

    II.   The Relevant Factors Caution Against A Discretionary Stay ........................................... 8

CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

## Federal Cases

*Alloc, Inc. v. Unilin Décor N.V.*, No. Civ.A. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003)......................................................................................................... 5-6, 9

*Ashlow, Ltd. v. United States International Trade Com.*, 673 F.2d 1265 (C.C.P.A. 1982).............7

*Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05CV156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005)..........................................................................................4

*Fuji Photo Film Co. v. Jazz Photo Corp.*, 173 F. Supp. 2d 268 (D. N.J. 2001) ...................... 10-11

*In re Convertible Rowing Exerciser Patent Litigation*, 814 F. Supp. 1197 (D. Del. 1993) .... 10-11

*Levy v. Sterling Holding Co. LLC*, Civil Action No. 00-994 (GMS), 2004 U.S. Dist. LEXIS 19180 (D. Del. Sept. 27, 2004).......................................................................9

*Micron Tech. Inc. v. Mosel Vitelic Corp.*, No. CIV 98-0293-S-LMB, 1999 WL 458168 (D. Idaho Mar. 31, 1999) .......................................................................... 4-5

*Proxim Inc. v. 3Com Corp.*, No. C.A. 01-155-SLR, 2003 WL 403348 (D. Del. Feb. 21, 2003) ............................................................................................................4, 6

*Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558 (Fed. Cir. 1996) ............. 10-11

*Universal Tool & Stamping Co., Inc. v. Ventra Group, Inc.*, No. 1:97-CV-418, 1998 U.S. Dist. LEXIS 11541; 46 U.S.P.Q.2d 1799 (N.D. Ind. Jan. 28, 1998) ........................................4

*Verve, LLC v. Verifone Inc.*, Case Number C 04-03659 JF, 2004 WL 26004542 (N.D. Cal. Nov. 15, 2004)..................................................................................................4

## International Trade Commission Adjudications

*In the Matter of Certain Apparatus for the Continuous Production of Copper Rod*, ITC Investigation No. 337-TA-52, 1979 ITC LEXIS 99 (ITC 1979)........................................... 7-8

*In the Matter of Certain Floppy Disk Drives and Components Thereof*, ITC Investigation No. 337-TA-203, 1985 ITC LEXIS 134 (ITC 1985)...................................................8

*In the Matter of Certain Garment Hangers*, ITC Investigation No. 337-TA-255, 1987 ITC LEXIS 85 (ITC 1987).....................................................................................7

*In the Matter of Certain Processes for the Manufacture of Skinless Sausage Casings and Resulting Product*, ITC Investigation No. 337-TA-148/169, 1984 ITC LEXIS 137 (ITC 1984) ...........................................................................................................................8

## **Federal Statutes**

15 U.S.C. § 1125.......................................................................................................... 2, 9

19 U.S.C. § 1337.......................................................................................................2-3, 7-8

28 U.S.C. § 1659........................................................................................................ 1-9

## **State Statutes**

Del. Code Ann. Tit. 6 § 2001 *et seq*..........................................................................2, 6

Del. Code Ann. Tit. 6 § 2531 *et seq*..........................................................................2

## **Miscellaneous**

Roger M. Milgrim, *Milgrim on Trade Secrets*...............................................................8

Restatement of Torts § 757 (1939) ........................................................................... 7-8

DB02:5072702.1

064417.1001

## NATURE AND STAGE OF THE PROCEEDINGS

Bavarian Nordic A/S, a leading developer and producer of vaccines and related products that prevent and treat infectious diseases, brought this suit alleging that Acambis Inc. and Acambis, PLC ("Acambis") have committed acts tortious conversion, misappropriation of trade secrets and unfair trade practices in violation of state laws, and unfair competition under the Lanham Act. Bavarian Nordic has also brought suit against Acambis at the International Trade Commission ("ITC") alleging patent infringement and unfair acts in the importation of goods. Acambis has answered the Complaint in this case, but now moves to stay these proceedings based on alleged overlap pursuant to 28 U.S.C. § 1659(a). Discovery has not yet begun.

## SUMMARY OF ARGUMENT

1.      In Its "Motion To Stay The Proceedings," Acambis relies on its assertion that this proceeding "must be stayed pursuant to 28 U.S.C. § 1659(a)" because "BN's actions here and before the ITC are based on the same fact and legal issues." Acambis then purports to find all of the Bavarian Nordic "issues" in both this action and the ITC action. Acambis' motion, however, is unfounded.

2.      There is no basis for a mandatory stay. There is no legal precedent (or any clear basis) for a § 1659(a) stay of state law claims, such as those forming the foundation of this case - - Bavarian Nordic's claims of tortious conversion, misappropriation of trade secrets, and unfair trade practices. These state law claims are not present in the ITC, which decides issues under its enabling federal statute using a uniform application of federal law. Therefore, the state law claims in this proceeding are not properly subject to a § 1659(a) stay. The only remaining claim in this action is a federal law claim -- Bavarian Nordic's claim that Acambis has unfairly

1

competed in violation of the Lanham Act. This claim is present in this case, but not before the

ITC. Accordingly, no claim in this case is subject to a mandatory stay under § 1659(a).

     3.     There is also no basis for a discretionary stay. The relevant factors point away

from a stay for largely the same reasons that a § 1659(a) stay is improper. A resolution of claims

involved in the ITC proceeding under the federal law regime of that court would not simplify the

issues in this case. Discovery would only have to be repeated in this case if it is stayed, whereas

if both go off together the parties are likely to cooperate to produce witnesses and documents for

both proceedings.

     For the foregoing reasons, explained in more detail below, Acambis' motion should be

summarily DENIED.

## CONCISE STATEMENT OF FACTS

     In Acambis' Motion to Stay the Proceedings, Acambis correctly states:

> BN alleges four counts in the Delaware Complaint: (1) tortious
> conversion; (2) misappropriation of trade secrets pursuant to Del.
> Code Ann. Tit. 6 § 2001 et seq.; (3) unfair trade practices pursuant
> to Del. Code Ann. Tit. 6 § 2531 et seq. and Delaware common
> law; and (4) unfair competition under the Lanham Act, 15 U.S.C. §
> 1125(a).

(Defs.' Mot. at 5.) The ITC complaint includes two counts of patent infringement and an

allegation of unfair competition in the importation of articles under 19 U.S.C. 1337(a)(1)(A).

(ITC Complaint, ¶¶ 62-69, Exh. A to Defs.' Mot.) There is no count in the ITC complaint

alleging violation of the Lanham Act. The ITC investigation arising from Bavarian Nordic's

complaint was announced September 23, 2005. Participants listed are Complainant(s): Bavarian

Nordic A/S and Respondent(s): Acambis Plc. (*See, e.g.,* ITC Complaint ¶ 1.)

     Acambis incorrectly states: "BN's tortious conversion count in this case involves the

same issues involved in BN's misappropriation claim in the ITC action." (Defs.' Mot. at 5.) A

cursory review of the Complaints reveals that this statement is inaccurate. Moreover, the legal claim at the ITC involves unfair competition in the importation of articles under 19 U.S.C. 1337(a)(1)(A), which is distinct from and more complex than a tortuous conversion claim.

Misappropriation of trade secrets, Count II in this action, stands on its own as a Delaware tort. (Del. Complaint ¶¶ 51-61.) Many of the underlying facts are relevant to the misappropriation alleged as a basis for unfair competition in the importation of articles under 19 U.S.C. 1337(a)(1)(A) in the ITC complaint. (ITC Complaint ¶¶ 66-69.) However, the latter is a federal claim distinct from and more complex than the Delaware tort.

With regard to Count III, unfair trade practices, Acambis argues: "BN's unfair trade practices count merely recasts BN's tortious conversion and misappropriation of trade secrets counts and, hence, involves the same issues as the ITC misappropriation claim." (Defs.' Mot. at 7.) But, the unfair trade practices have at the heart an allegation that Acambis is passing off ACAM3000 as its own (Del. Complaint ¶ 63) and Acambis has identified no claim for relief at the ITC based on passing off. There is none.

**ARGUMENT**

As explained in detail below, there is no basis for issuing a mandatory stay of this proceeding and a discretionary stay is not warranted.

## I.     THE MANDATORY STAY OF 28 U.S.C. § 1659 IS NOT APPLICABLE TO THIS CASE

In the context of maintaining consistency in international trade, 28 U.S.C. § 1659(a) is used to stay some federal court claims when those same claims are at issue before the International Trade Commission (ITC). *See* 28 U.S.C. § 1659(a). The statute states:

> "In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the

3

proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within -- (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or (2) 30 days after the district court action is filed, whichever is later."

*Id.*

Acambis, in its Motion to Stay, relies on § 1659(a) and *Verve, LLC v. Verifone Inc.,* Case Number C 04-03659 JF, 2004 WL 26004542 (N.D. Cal. Nov. 15, 2004) for the proposition that there are three elements for issuing a § 1659(a) stay: 1. the same parties, 2. the same issues, and 3. the defendant's timely filing of the request for a stay. (Defs.' Mot. at 10.) Acambis quickly treats 1 and 3, arguing that it has met those requirements, and spends the rest of its brief attempting to establish 2 -- that the "same issues" are present between this case and the ITC proceeding. However, Acambis cites <u>no</u> cases applying § 1659 to stay state law claims pending in a federal district court, and there are <u>none</u>.

Instead, Acambis attempts to establish the applicability of § 1659 to the present case by citing only patent infringement cases, without identifying them as such, and specifically patent infringement cases in which a plaintiff asserted infringement of the same patents at the ITC and in Federal District Court.[1] In those instances, the federal district courts have stayed their proceedings pursuant to § 1659(a) as to patents claimed

---

[1] *See* Defs.' Mot. at 10 (citing *Verve, LLC v. Verifone Inc.,* No. C 04-03659 JF, 2004 WL 26004542 (N.D. Cal. Nov. 15, 2004) (patent case); *Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.,* No. 5:05CV156, 2005 WL 1126750 (N.D. Ohio Apr. 29, 2005) (patent case); *Proxim Inc. v. 3Com Corp.,* No. C.A. 01-155-SLR, 2003 WL 403348 (D. Del. Feb. 21, 2003) (patent case); *Universal Tool & Stamping Co., Inc. v. Ventra Group, Inc.,* No. 1:97-CV-418, 1998 U.S. Dist. LEXIS 11541; 46 U.S.P.Q.2d 1799 (N.D. Ind. Jan. 28, 1998) (patent case); *Micron Tech. Inc. v. Mosel Vitelic Corp.,* No. CIV 98-0293-S-LMB, 1999 WL 458168 (D. Idaho Mar. 31, 1999) (patent case)).

to be infringed in both proceedings. *See gen.*, cases referenced in note 1. The *Micron Tech.* case relied upon by Acambis is revealing with respect to what constitutes "a claim that involves the same issues" under § 1659(a). *See Micron Tech. Inc. v. Mosel Vitelic Corp.*, No. CIV 98-0293-S-LMB, 1999 WL 458168 (D. Idaho Mar. 31, 1999).

 *Micron Tech.* concerned a patent infringement action in which two semiconductor devices manufactured by the defendant were accused of infringing eleven patents held by the plaintiff. *Id.* at *1. The plaintiff simultaneously alleged infringement of four of the patents in the ITC. *Id.* The defendant timely moved for a § 1659(a) stay, not only of the claims arising from the four patents in the ITC action, but also of the claims arising from the seven other patents in the district court. *Id.* The defendant argued that a mandatory stay was appropriate because "all of the eleven patents at issue were infringed by two products" and "all of the patents relate to the same basic technology field." *Id.* at *3.

 The *Micron Tech.* court disagreed, however, holding that a stay was not compelled by § 1659(a) for the seven patents not actually at issue before the ITC. *Id.* After considering the statute's legislative history, the court concluded that mere -- or even "substantial" -- similarity of issues associated with a claim is insufficient to compel a stay: "the Court concludes that while the remaining seven patent infringement claims filed before this Court raise issues that are substantially similar to the issues that will be raised in the patent infringement claims before the ITC, those issues are not the same issues as required by the statute." *Id.* Consistent with *Micron*'s holding, this Court has only found a stay compelled by § 1659(a) when the same patents were claimed to have been infringed both in this Court and before the ITC. *See Alloc, Inc. v. Unilin Décor N.V.*, No. Civ.A. 03-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003); *Proxim*, 2003 WL 403348, at *1.

Accordingly, § 1659(a) itself and the only cases interpreting the statute establish that if the legal issues are not the "same" between the federal district court and the ITC, as they are in the case of patent infringement claims involving the same patents and the same products, then the stay does not apply. This makes sense, because there would be no benefit to a stay if the ITC judgment on a claim would not establish that same claim in district court. Acambis seems to miss this point entirely, focusing not on whether the legal claims and issues are the same in both proceedings, but rather on similarity in factual allegations in both this Court and the ITC. (*See gen.*, Defs.' Mot. at 5-9.)

Here, Plaintiff's state law claims of tortious conversion, misappropriation of trade secrets and unfair trade practices relate to Bavarian Nordic's proprietary virus strain, trade secrets and Acambis' misrepresentations concerning its rights to the foregoing. The claims arise under, for example, Delaware's Deceptive Trade Practices Act (Del. Code Ann. Tit. 6 § 2001 *et seq.*) and stand regardless of importation status of the information. As state law claims arising from Acambis' acts in the U.S., Acambis has not demonstrated that any these claims are subject to a § 1659 (a) stay. Even if § 1659 (a) could be interpreted to apply to state law claims, it would not apply in this case because none of the state law claims are present in the ITC action and therefore cannot amount to the "same issues."

In the ITC action, Bavarian Nordic has asserted claims of patent infringement pursuant to 19 U.S.C. § 1337(a)(1)(B) and "unfair methods of competition and unfair acts in the importation of articles" under 19 U.S.C. § 1337(a)(1)(A). (ITC Complaint ¶¶ 62-69.) There is no claim of patent infringement in this Court, and at the ITC there are no state law claims of conversion or unfair competition. While allegations under 19 U.S.C.

§ 1337(a)(1)(A) may include misappropriation of Bavarian Nordic's trade secrets, the

trade secret misappropriation aspect is only part of the claim, and the ITC applies its own

uniform federal standard to determine whether a misappropriation or unfair act has

occurred as part of the analysis.[2]  Specifically, 19 U.S.C. § 1337(a)(1)(A) makes

unlawful:

> Unfair methods of competition and unfair acts in the importation of
> articles…into the United States, or in the sale of such articles by
> the owner, importer, or consignee, the threat or effect of which is
> -- (i) to destroy or substantially injure an industry in the United
> States; (ii) to prevent the establishment of such an industry; or (iii)
> to restrain or monopolize trade and commerce in the United States.

*See* 19 U.S.C. § 1337(a)(1)(A).

Factors (i), (ii) and (iii) are not present in any state law claim and, when not met, the ITC

will not render a decision on the underlying unfair act.  Moreover, when the underlying unfair act

is misappropriation of trade secrets, the ITC applies a four-part test derived from § 757 of the

Restatement of Torts.[3]  *In the Matter of Certain Apparatus for the Continuous Production of*

*Copper Rod*, ITC Investigation No. 337-TA-52, 1979 ITC LEXIS 99, at *79-80 (ITC 1979)

(internal citation omitted).  *See also In the Matter of Certain Garment Hangers*, ITC

Investigation No. 337-TA-255, 1987 ITC LEXIS 85, at *149 (ITC 1987) (applying restatement

test); *In the Matter of Certain Floppy Disk Drives and Components Thereof*, ITC Investigation

No. 337-TA-203, 1985 ITC LEXIS 134, at *50-51 (ITC 1985) (applying restatement test); *In the*

*Matter of Certain Processes for the Manufacture of Skinless Sausage Casings and Resulting*

---

[2] *See Ashlow, Ltd. v. United States International Trade Com.*, 673 F.2d 1265, 1268 n.5 (C.C.P.A. 1982) ("Congress has given this court exclusive appellate jurisdiction over subject matter under § 1337 relating to a complex statutory scheme *requiring uniform application*.") (emphasis added).

[3] The ITC relies on the 1939 "First" Restatement of Torts when interpreting § 1337(a)(1)(A) trade secrets claims.

*Product*, ITC Investigation No. 337-TA-148/169, 1984 ITC LEXIS 137, at *50-51 (ITC 1984) (applying restatement test). In addition, the ITC consistently cites to Roger Milgrim's treatise, *Milgrim on Trade Secrets*, to supplement or bolster the Restatement factors. *See Copper Rod*, 1979 ITC LEXIS 99, at *80 (citing Roger M. Milgrim, *Milgrim on Trade Secrets* [hereinafter "Milgrim"], following recitation of Restatement § 757 elements); *Skinless Sausage Casings* 1984 ITC LEXIS 137, at *52-53 (including "see also" citation to Milgrim following citation of Restatement's "relevant factors for determining the existence of a trade secret"); *Floppy Disk Drives*, 1985 ITC LEXIS 134, at *49-68 (referencing Milgrim throughout discussion of trade secret claim). Thus, it is apparent that the claim at the ITC under 1337(a)(1)(A) is not the same as any state law claim in this case, because it does not involve the same issues of state law presented in this case and indeed involves different elements not present in any state law claim.

The only remaining claim in this case not discussed is Bavarian Nordic's claim under the Lanham Act (15 U.S.C. § 1125). This is a federal law claim in this Court, and Bavarian Nordic has made no claim under the Lanham Act at the ITC. Accordingly, Bavarian Nordic's Lanham Act claim also cannot be subject to a stay under § 1659(a).

For the foregoing reasons, there is no basis for a stay of any of Bavarian Nordic's claims in this proceeding under § 1659(a).

## II.    THE RELEVANT FACTORS CAUTION AGAINST A DISCRETIONARY STAY

Acambis seeks a discretionary stay to the extent that any issues remain after the Court issues the mandatory stay it urges the Court to adopt under § 1659(a). Having failed to identify any legal or factual basis for a mandatory stay, Acambis' request for a discretionary stay fails for largely the same reasons.

064417.1001

The parties agree on the basic standards. The decision whether to grant or deny a stay is in the sole discretion of this Court. *See e.g.*, *Alloc, Inc. v. Unilin Décor N.V.*, No. Civ.A. 03-253-GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003). In determining whether to grant or deny a stay, this Court considers three factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Id. See also Levy v. Sterling Holding Co. LLC*, Civil Action No. 00-994 (GMS), 2004 U.S. Dist. LEXIS 19180, at *4 (D. Del. Sept. 27, 2004) (citing same three-factor test).

For the first factor, Acambis asserts that a stay will not be prejudicial because "BN has virtually identical claims pending in another forum in which it seeks injunctive relief." (Defs.' Mot. at 12.) This is plainly incorrect. First, to the extent that an ITC exclusion order can be considered injunctive relief, it may not apply to Acambis Inc. based in the US, who is not a party to the ITC action and who may improperly use Bavarian Nordic Trade Secrets without importing any vaccines that incorporate or were made using trade secrets misappropriated form Bavarian Nordic. Second, for the reasons discussed above with respect to the impropriety of a mandatory stay, not only are the legal claims not "virtually identical" in the two proceedings, the legal claims are not the same in the two proceedings.

Acambis also suggests that Bavarian Nordic delayed in bringing suit and thus an additional delay would not be prejudicial. (Defs.' Mot. at 12). This half-hearted suggestion ignores the competitive landscape where these two companies are in head-to-head competition for government contracts of increasing value, as the safety and efficacy of Bavarian Nordic's pioneering small pox vaccine technology is demonstrated in clinical trials. For example, on

August 15, 2005, the U.S. Government issued a Request for Proposal ("RFP"), the third in a series, for delivery of up to <u>several million</u> doses of a finished smallpox vaccine. Both Acambis and Bavarian Nordic responded to the first and second RFPs (*See* Del. Complaint, ¶¶ 34-41), and both have announced that they are competing for the third. Acambis, however, only announced results of clinical trials under the first RFP in April 2005. *Id.* at ¶ 41.

Since Acambis has failed to acknowledge or stop using technology misappropriated from Bavarian Nordic to date in responding to or performing on the first and second RFP, Bavarian Nordic has no choice but to rely on litigation to prevent Acambis from unfairly competing and profiting at Bavarian Nordic's expense. Delay is certainly prejudicial in this environment.

With respect to the second factor, Acambis asserts that "the ITC action will resolve and/or narrow any issues raised in this case, thereby reducing litigation cost and conserving judicial resources." (Defs.' Mot. at 12.) Again, for the reasons discussed above with respect to the mandatory stay, any resolution of legal issues present in the ITC case are not likely to be relevant to this case because the legal issues are different. Moreover, contrary to Acambis' assertion that this court will afford *res judicata* status to an ITC decision, this is by no means the law.

It is at most questionable whether any factual or legal conclusions of the ITC can have preclusive effect on the instant action. This Court, in *In re Convertible Rowing Exerciser Patent Litig.*, 814 F. Supp. 1197 (D. Del. 1993), relied upon by Acambis, distinguished between ITC findings of law and ITC findings of fact in a patent infringement case, holding that the latter might be entitled to some preclusive effect in the District Court. However, the conclusion in *Convertible Rowing* has been called into question by an intervening Federal Circuit opinion. *See Texas Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1568 (Fed. Cir. 1996)

(holding that "Congress did not intend decisions of the ITC on patent issues to have preclusive effect."). This conflict was explained in the case of *Fuji Photo Film Co. v. Jazz Photo Corp.*, 173 F. Supp. 2d 268, 274 n.2 (D. N.J. 2001):

> The decision in *Convertible Rowing* preceded *Texas Instruments*. The Federal Circuit in *Texas Instruments* had ample opportunity to distinguish between a factual or legal preclusive effect and did not do so. Nor is the analysis in *Texas Instruments* limited to legal findings. Consequently, this Court declines to follow *Convertible Rowing* and instead affords both the factual and legal findings of the ITC and the appeal thereof persuasive value only.

*Id.*

Yet even if *Convertible Rowing* remains viable to some extent in this Court for cases where patent infringement is alleged both in the District Court and again before the ITC, it should not apply to cases such as the instant case, where the facts at issue implicate wholly distinct legal theories and sources of law. Accordingly, contrary to Acambis' assertion, the second factor is not met here because the issues are not likely to be simplified by the ITC proceeding.

With respect to the final factor, Acambis argues that because this case "is barely underway; discovery has not begun and no trial date has been set ... a stay can be entered 'before any party incurs substantial litigation-related expenses.'" (Defs.' Mot. at 13.) However, this is not a reason to stay a proceeding. Moreover, the parties are likely to find more efficiencies during discovery by having both cases proceed through discovery simultaneously, allowing them to reach agreement on the production of witnesses and documents at the same time for both cases. In contrast, delaying this case is likely to cause discovery to have to be repeated and trips retaken to take depositions on the different issues involved in this proceeding.

11

For the foregoing reasons, Acambis has failed to establish any of the factors that would suggest application of a discretionary stay to this case. Quite to the contrary, a stay would be unduly prejudicial to Bavarian Nordic, delaying justice with few if any efficiencies to be gained. Accordingly, Bavarian Nordic respectfully submits that a discretionary stay should not be granted.

12

## CONCLUSION

Because, as discussed above, the same claims and legal issues are not present in this action and the ITC action, a mandatory stay of this proceeding is not applicable. In addition, the factors associated with a discretionary stay caution against a discretionary stay. Accordingly, Acambis' motion to stay the proceeding should be denied as to all claims.

Respectfully submitted,

John W. Shaw (No. 3362)
D. Fon Muttamura-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

Edward A. Pennington
Robert C. Bertin
George S. Jones
Stephanie D. Scruggs
SWIDLER BERLIN LLP
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff Bavarian Nordic*

Dated: October 14, 2005

13

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, hereby certify that on this 14th day of October 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such to the following:

> Mary B. Graham, Esquire
> MORRIS, NICHOLS, ARSHT & TUNNELL
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

Additionally, I hereby certify that I caused true and correct copies of the foregoing document to be served in the manner indicated below:

**BY HAND DELIVERY**
Mary B. Graham, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
William D. Coston, Esquire
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601

D. Fon Muttamara-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiff Bavarian Nordic*