IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-614 SLR |
| | ) |
| ACAMBIS INC. and | ) |
| ACAMBIS, PLC, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF BAVARIAN NORDIC'S REPLY BRIEF IN SUPPORT OF ITS MOTION
TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE OF INEQUITABLE
<u>CONDUCT BEFORE THE U.S. PATENT AND TRADEMARK OFFICE</u>**

YOUNG CONAWAY
  STARGATT & TAYLOR, LLP
John W. Shaw (No. 3362)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

– and –

SWIDLER BERLIN LLP
Edward A. Pennington
Robert Bertin
George Jones
Stephanie Scruggs
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff Bavarian Nordic*

Dated: October 18, 2005

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ............................................................................................................................ 1

CONCLUSION ......................................................................................................................... 4

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*EMC Corp. v. Storage Tech. Corp*,
   921 F. Supp. 1261 (D. Del. 1996) ........................................................................... 2

*Ferguson Beauregard v.*
   *Mega Systems, LLC*,
   350 F.3d 1327 (Fed. Cir. 2003) ................................................................................ 2

*McKesson Info. Solutions, LLC v.*
   *Trizetto Group, Inc.*,
   Civ. No. 04-1258-SLR,
   2005 U.S. Dist. LEXIS 6733 (D. Del. Apr. 20, 2005) ............................................. 2

*United States ex rel. Harrison v*
   *Westinghouse Savannah River Co.*,
   352 F.3d 908 (4th Cir. 2003) .................................................................................... 2

*Universal Tool & Stamping Co., Inc. v. Ventra Group, Inc.*,
   No. 1:97-CV-418,
   1998 U.S. Dist. LEXIS 11541;
   46 U.S.P.Q.2d 1799 (N.D. Ind. Jan. 28, 1998) ........................................................ 1

**STATUTES**

28 U.S.C. § 1659(a) ...................................................................................................... 1

**RULES**

Fed. R. Civ. P. 9(b) .................................................................................................. 2, 3

## ARGUMENT

In its motion, Bavarian Nordic established that Acambis' defense of "inequitable conduct" with respect to Bavarian Nordic's patents should be stricken because there is no claim of patent infringement (or any other patent claim) in this case.[1]

Acambis relies for its opposition to Bavarian Nordic's motion to strike on its statement that "BN's complaint *appears to* assert patent rights in support of at least some of the claims in this case." (Def. Opp. Brief at 1; emphasis added.) In particular, Acambis references Bavarian Nordic's Lanham Act count, asserting that patent infringement "*appears to* be a factual predicate" to this claim. (Def. Opp. Brief at 2; emphasis added.) However, Acambis does not and cannot identify any place where the Lanham Act claim references any patent and instead only speculates that Bavarian Nordic filed its non-patent claims "evidently with its patents in mind." (Def. Opp. Brief at 2.)

Bavarian Nordic's Lanham Act claim, however, does not mention patents at all (*See* Complaint ¶¶ 67-69) and none of Bavarian Nordic's claims in this lawsuit allege or depend upon patent infringement.[2] To the contrary, Bavarian Nordic alleges misconduct -- tortious

---

[1]    As a preliminary matter, Acambis suggests that the Court not decide this motion in view of its motion to stay, citing to *Universal Tool & Stamping Co., Inc. v. Ventra Group, Inc.*, No. 1:97-CV-418, 1998 U.S. Dist. LEXIS 11541; 46 U.S.P.Q.2d 1799 (N.D. Ind. Jan. 28, 1998). (*See* Opp. Brief. at 1.) In *Universal Tool*, a patent case, both parties had agreed that a stay of proceedings was mandatory under 28 U.S.C. § 1659(a), and thus the only question for the court was whether the stay should come into effect before or after the defendant filed its responsive pleading. *Id. Universal Tool* thus provides no support for the situation in this case, where there is no basis for a § 1659(a) stay. (*See* Plaintiff's Opposition Brief to Defendants' Motion to Stay.)

[2]    Acambis has similarly brought no counterclaims of patent invalidity in this case. Thus, there are no patent claims brought by either side, no basis for a patent "defense" of inequitable conduct, and no basis for the ITC proceeding on patent issues to "inform Acambis' inequitable conduct defense in this case" as asserted by Acambis. (Def. Opp. Br. at note 2). Patent claims and defenses are squarely before the ITC, not here.

1

conversion, trade secret misappropriation, unfair competition, and unfair trade practices -- that began before issuance of its patents. (*See* Complaint ¶¶ 44-69.) In this action, Bavarian Nordic predicates its "property interest in MVA-572 and its progeny" not on any patent it owns, but on "its exclusive license from Professor Mayr for the commercialization of all MVA strains." (Complaint ¶ 46).[3] In addition, Bavarian Nordic has asserted proprietary rights based on the research and development it has undertaken to develop valuable trade secrets. (Complaint ¶¶ 52-53, 63.)

Acambis in its opposition also fails to rebut the argument that its inequitable conduct defense should be struck in any case for failure to plead fraud with particularity.[4] Acambis blithely suggests that at some future time it could "amend its answer here to add particularity" based on as-yet unknown facts (*See* Def. Opp. Brief at 2, n.2), yet Rule 9(b) requires that alleged fraud be pled with particularly *before* discovery occurs. See *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003) ("A third reason for [Rule 9(b)] is to eliminate fraud actions in which all the facts are learned after discovery.") The very case Acambis cites suggests as much. See *McKesson Info. Solutions, LLC v. Trizetto Group, Inc.*, Civ. No. 04-1258-SLR, 2005 U.S. Dist. LEXIS 6733 (D. Del. Apr. 20, 2005). *McKesson* preserved an inequitable conduct defense only where the defendant had alleged four specific examples of the plaintiff's failure to disclose information to the USPTO. *Id.* at *6-7. This Court noted that to survive Rule 9(b), an inequitable conduct defense "must plead with particularity

---

[3]   *See also* Del. Complaint ¶ 49.

[4]   *See* Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"); *see also Ferguson Beauregard v. Mega Systems, LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) (inequitable conduct before the USPTO must be pled with particularity); *EMC Corp. v. Storage Tech. Corp*, 921 F. Supp. 1261, 1263 (D. Del. 1996) (same).

2

those facts which support the claim the patent holder acted fraudulently before the PTO" and should "disclose the name of the relevant prior art and disclose the acts of the alleged fraud." *Id.* at *7. In this case, Acambis' "defense" consists merely of its naked allegation that "BN's claims are subject to the doctrine of inequitable conduct before the U.S. Patent and Trademark Office," without any further elaboration. (Def. Answer at 12.) As such, Acambis' inequitable conduct defense is both irrelevant *and* noncompliant with Rule 9(b).

3

## CONCLUSION

In sum, Acambis may not offer spurious defenses to claims of its own devising. Acambis' inequitable conduct defense is irrelevant to any issue in this case, and Acambis has failed adequately to respond to any argument in Bavarian Nordic's Motion to Strike. Accordingly, Acambis' inequitable conduct "defense" must be struck.

Respectfully submitted,

/s/ John W. Shaw

John W. Shaw (No. 3362)
D. Fon Muttamura-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

— and —

Edward A. Pennington
Robert C. Bertin
George S. Jones
Stephanie D. Scruggs
SWIDLER BERLIN LLP
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff Bavarian Nordic*

Dated: October 18, 2005

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on this 18th day of October 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of Court using CM/ECF which will send electronic notification of such to the following:

>Mary B. Graham, Esquire
>MORRIS, NICHOLS, ARSHT & TUNNELL
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE 19899

Additionally, I hereby certify that I caused true and correct copies of the foregoing document to be served in the manner indicated below:

**BY HAND DELIVERY**
Mary B. Graham, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
William D. Coston, Esquire
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601

_____
John W. Shaw (No. 3362)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiff Bavarian Nordic*