IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACAMBIS INC. and ) <br> ACAMBIS, PLC, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 05-614 (SLR) |

**[PROPOSED] SCHEDULING ORDER**

At Wilmington this ___ day of October 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Required Rule 26(a)(1) Disclosures.** Disclosures required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 shall be made by November 16, 2005.

2. **Discovery.** For the purposes of this section and discovery limits, related parties are considered to be one entity, *i.e.*, Acambis PLC and Acambis Inc. are a "party."

   a) Discovery will be needed on the following subjects:

   i. Plaintiff needs discovery on Counts 1-4 of its Complaint and Defendant's defenses and of the bases therefore, including, but not limited to, the following:

1. <u>Tortious Conversion and Trade Secret Misappropriation</u>

    - Acambis' purported research and development of MVA strains prior to June 12, 2002;

    - The genome, characteristics, traits, and other features of MVA-3000 or its progeny;

    - Acambis' preclinical and clinical studies of MVA-3000 or its progeny;

    - Acambis' historical smallpox vaccine development, including the adoption of a MVA technology for its smallpox vaccine development.

    - Acambis' receipt, use, and modification of MVA virus strains, vaccines, and pharmaceutical compositions received from third parties;

    - Acambis' effective dosing requirements, production / commercialization processes, and plaque purification / attenuation processes relating to MVA strains;

    - Acambis' non-disclosure agreement with and receipt of information from Bavarian Nordic;

    - Acambis' communications with third parties regarding the June 12, 2002 meeting between Acambis and Bavarian Nordic; and

    - Acambis' communications with third parties relating to any meetings between Bavarian Nordic and agencies of the U.S. government, including NIH, regarding MVA strains and its use as a smallpox vaccine.

2. <u>Acambis' Unfair Trade Practices and Unfair Competition</u>

    - Acambis' bids in response to the RFPs, any contracts resulting therefrom, and any collaborative agreements relating thereto;

    - Acambis' relationships and/or contracts with third parties pertaining to MVA-3000 or its progeny, including with Baxter;

    - Acambis' communications with third parties relating to MVA viruses, vaccines, and pharmaceutical compositions

- 2 -

based thereon, including communications with NIH and other agencies of the U.S. government.

3. <u>Acambis PLC and Acambis Inc.</u>

- The relationship between Acambis PLC and Acambis, Inc, communication between the parties concerning Bavarian Nordic's proprietary technology and their relationships with third parties with respect to small pox vaccine technology including MVA 3000.

- Their use, sale and offer for sale of MVA 3000.

- Acambis PLC's investments in Acambis Inc.

4. <u>Damages</u>

- Acambis' sales revenue, costs, and profits associated with Acambis' unauthorized use of Bavarian Nordic's proprietary technology, including sales and other uses of MVA3000.

ii. Defendants need discovery on all subjects relating to BN's alleged claims and Defendants' defenses, including but not limited to the following:

1. <u>BN's Alleged MVA Viral Strains And Vaccines</u>

- BN's purported rights to MVA viral strains and vaccines based thereon;

- BN's purported research and development of MVA-BN, including trials relating to MVA-BN;

- The genome, characteristics, traits and other features of MVA-BN;

2. <u>BN's Relationships</u>

- BN's alleged "exclusive" licensing agreement with Professor Anton Mayr;

- BN's RFPs and related contracts with the U.S. Government relating to MVA-BN;

- NIH's receipt, use, and provision of MVA viral strains, including those from Prof. Mayr, and any restrictions thereon;

- 3 -

- BN's relationships with third-parties relating to MVA-BN;

3. <u>BN's Alleged Trade Secrets</u>

- BN's alleged "technical and operational" trade secrets, including effective dosing requirements, production/commercialization processes, and plaque purification and attenuation processes;

- BN's efforts to protect its purported trade secrets;

4. <u>Alleged Misappropriation Of Trade Secrets And BN's Protective Measures</u>

- BN's public dissemination of information relating to its MVA-based smallpox vaccine program;

- Any alleged disclosure of BN's alleged trade secrets to Defendants, including the June 12, 2002 meeting;

- BN's communications with NIH regarding its alleged trade secrets;

- BN's alleged non-disclosure and secrecy agreements with Defendants and NIH;

5. <u>Patent Rights</u>

- To the extent that BN's claims are based on purported patent rights, information related to the patentability, novelty, inventorship, ownership, validity, infringement, and enforceability of the patents at issue;

6. <u>Damages</u>

- BN's alleged damages.

b) All fact discovery shall be commenced in time to be completed by August 14, 2006.

   i. Document production from the parties shall completed on or before February 16, 2006.

   ii. Maximum of 50 interrogatories by each party to another party.

      iii.      In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides, *i.e.*, the more detail the party provides, the more detail a party shall receive.

      iv.      Maximum of forty-five (45) requests for admission by each party to any other party.

      v.      In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

      vi.      Each fact deposition is limited to a maximum of seven (7) hours on the record unless extended by agreement of parties or by order of the Court.

      vii.      Maximum of 175 hours per party for fact depositions.

c)    Expert discovery shall be completed by November 3, 2006.

      i.      Opening expert reports on issues for which the parties have the burden of proof are due no later than September 7, 2006. Rebuttal expert reports are due no later than October 5, 2006.

      ii.      Expert depositions are to be limited to a maximum of ten (10) hours each unless extended by agreement of the parties.

      iii.      All Daubert motions shall be filed on or before March 15, 2007.

DB02:5074556.1      064417.1001

- 6 -

d) Discovery Disputes.

    i. The Court shall conduct in-person discovery status conferences on Wednesday, February 1, 2006 from 4:30 to 5:30 p.m., and on Monday, July 31, 2006, from 4:30 to 5:30 p.m., the time to be allocated equally between the parties.

    ii. The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

    iii. Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

e) Fact Witnesses To Be Called At Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.      **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties or amend the pleadings shall be filed no later than 90 days prior to the close of fact discovery.

4.      **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.      **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief no later than November 30, 2006. Answering briefs shall be served and filed no later than December 21, 2006, and reply briefs no later than January 9, 2007. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court. A hearing on summary judgment motions shall be held onFriday, February, 9, 2007 at 9:30 a.m.

6.      **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. Any nondispositive motion shall contain the statement required by D.Del. LR 7.1.1.

7.      **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

8.      **Pretrial Conference.** A pretrial conference will be held on May 8, 2007 at 4:30 p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

- 8 -

9.  **Trial.**  This matter is scheduled for a June 5, 2007 jury trial commencing in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware.  The parties anticipate that trial will last no longer than two weeks.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

488370