# EXHIBIT H

# UNITED STATES INTERNATIONAL TRADE COMMISSION
## Washington, D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN MODIFIED VACCINIA ANKARA ("MVA") VIRUSES AND VACCINES AND PHARMACEUTICAL COMPOSITIONS BASED THEREON** | Inv. No. 337-TA-550 |

## ORDER NO. 3: SETTING FOURTEEN MONTH TARGET DATE AND REQUIRING SUBMISSION OF PROCEDURAL SCHEDULE AND DISCOVERY STATEMENTS
(October 17, 2005)

In Order No. 2, I noted that in the Request for Relief in the Complaint, Complainant Bavarian Nordic (Complainant) requested that a target date of not more than twelve months should be set for this investigation. The Complaint alleges infringement of claims concerning two patents; specifically, claims 1, 4, 5, and 34 of U.S. Patent No. 6,761,893 and claims 1-9 and 13-16 of U.S. Patent No. 6,913,752. See pages 19-20 of the Complaint. The Complaint also only involves one Respondent. After reviewing the Complaint and the Notice of Investigation, and considering that there is only one Respondent and two patents, I *tentatively determined* that a target date of twelve (12) months from the September 23, 2005 publication of the Notice of Investigation in the Federal Register, see 70 Fed. Reg. 55918-55919 (September 23, 2005) was appropriate. I further stated that if any party, including Commission Investigative Staff, believed that twelve months was an inappropriate time period, the party shall serve and file a pleading, **not later than October 5, 2005**, stating why such time period is inappropriate and shall propose alternative target dates.

On October 5, 2005, Respondent Acambis PLC (Respondent) filed a pleading, in the form

2

of a motion, seeking a two month extension of the target date (i.e. a fourteen month investigation rather than a twelve month investigation). Respondent argued that although there are only two patents, they involve complex scientific concepts and over thirty years of prior art. Respondent also asserted that the proceeding will involve a great deal of foreign discovery. Respondent also noted that other federal agencies are likely to be interested in the case and may appear as third parties.

Subsequently Complainant filed an opposition to the motion, arguing that there is no good cause to "modify" the target date and that the Judge's decision to "set" a twelve month target date is proper. Specifically, Complainant asserts that although the investigation involves two patents, the claims are directed to the same technology. Further, Complainant notes that foreign discovery is routine in Section 337 investigations, and that third party discovery also is routine. The Commission Investigative Staff also has filed a response to the motion, stating that while Respondent has made some valid points regarding completion of the investigation that may make it difficult to complete the investigation in twelve months, it believes that it is premature to conclude that the investigation cannot be completed in a twelve month time frame.

The parties apparently have misunderstood my September 28, 2005 Order. I was not "setting" a twelve month target date; I was suggesting that, upon reviewing the complaint and notice of investigation, a twelve month investigation seemed reasonable. Thus, I stated in Order No. 2 that I was *tentatively determining* that a twelve month investigatory period appeared to be appropriate but that if any party believed this was an inappropriate time period, the party shall serve and file a *pleading, **not later than October 5, 2005***, stating why such time period is inappropriate and shall propose alternative target dates. Respondent has done just that. Indeed, Respondent did not need to file a formal motion seeking an extension of the target date because no firm target date had yet

3

been established. In its motion Respondent has, as Staff acknowledges, set forth some valid points for a longer target date. Complainant also have presented some valid points in arguing for a twelve month investigation.

A twelve month target date means that the Commission decision would be issued one year from the date of the investigation, but the hearing would be held approximately six months from the date of the investigation, and my decision would be due within nine months. While it might be possible to complete this investigation if I had no other cases on my docket, in fact there are a number of other investigations complaints which were initiated prior to the filing of the complaint in this proceeding. I have reviewed the existing procedural schedules in those proceedings and, if I were to set a twelve month target date for this proceeding, the hearing scheduled in at least one other investigation, which was commenced prior to the instant proceeding, would have to be postponed, and the target date would have to be extended. That would be neither practicable nor equitable. Therefore, I am setting a <u>fourteen month target date</u> for this investigation.

In order that the preliminary conference and this investigation may proceed expeditiously, the parties and Staff shall submit discovery statements on or before October 27, 2005, that includes the following information (the discovery statement need not be filed with Office of the Secretary of the Commission):

1. A description of information and evidence that each party intends to submit to prove its own case.

2. A description of specific information and evidence that each party will be seeking from other parties and third persons.

3. A description of information and evidence each party believes can be obtained only by

4

deposition, interrogatory, subpoena, or request for admissions.

4. A proposed procedural schedule that includes dates for each of the events set forth below.

| Event |
|---|
| First settlement conference |
| Submission of first settlement conference joint report |
| File identification of expert witnesses, including their expertise and curriculum vitae and a brief statement of their proposed testimony |
| Second settlement conference |
| Submission of second settlement conference joint report |
| File notice of prior art |
| Exchange of initial expert reports (identify tests/surveys/data) |
| File tentative list of witnesses a party will call to testify at the hearing, with an identification of each witness' relationship to the party |
| Exchange of rebuttal expert reports |
| Fact discovery cutoff and completion |
| Expert discovery cutoff and completion |
| Deadline for motions to compel discovery |
| Third settlement conference |
| Submission of third settlement conference joint report |
| Deadline for filing Motions for Summary Determination (one per party) |
| Submit and serve direct exhibits (including witness statements and deposition designations), with physical and demonstrative exhibits available -- Complainant(s) and Respondent(s) |
| File requests for receipt of evidence without a witness |
| Submit and serve direct exhibits (including witness statements and deposition designations), with physical and demonstrative exhibits available -- Staff |

5

| |
|---|
| File objections to direct exhibits (including witness statements) |
| Submit and serve rebuttal exhibits (including witness statements and deposition designations), with rebuttal physical and demonstrative exhibits available -- all parties |
| File pre-hearing statements, final exhibit lists, and pre-hearing briefs -- Complainant(s) and Respondent(s) |
| Deadline for motions in limine (one motion per party) |
| File pre-hearing statement and brief -- Staff |
| File objections to rebuttal exhibits (including witness statements) |
| File high priority objections statement |
| Tutorial on Technology (if necessary) |
| Joint Statement of Undisputed Facts |
| Joint Narrative Statement of Issues |
| Final Pre-hearing conference |
| Hearing |
| File initial post-hearing briefs, proposed findings of fact and conclusions of law, and final exhibit lists |
| File reply post-hearing briefs, objections and rebuttals to proposed findings of fact |
| Closing Arguments |
| Initial Determination due |
| Target date for completion of investigation |

The proposed procedural schedule shall be worked out in advance among the parties and Staff and shall be submitted with the discovery statements as a joint proposal. . The parties shall state the proposed length of the hearing in the procedural schedule. The parties shall take this hearing time into consideration when jointly proposing their procedural schedule. If a joint

6

proposed procedural schedule is not filed by Complainant, Respondent, and Staff, then I may set the procedural schedule without any further input from the parties.

**SO ORDERED.**

Robert L. Barton, Jr.
Administrative Law Judge