# EXHIBIT J

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of | ) |
| | ) |
| Certain Modified Vaccinia Ankara ("MVA") | ) |
| Viruses and Vaccines and Pharmaceutical | ) |
| Compositions Based Thereon | )      Inv. No. 337-TA-550 |
| | ) |

## MEMORANDUM IN OPPOSITION TO RESPONDENT ACAMBIS PLC'S MOTION REQUESTING A TWO MONTH EXTENSION OF TIME

## I.    INTRODUCTION

Pursuant to Commission Rule 210.15 and Ground Rule 3.1, Complainant Bavarian Nordic A/S ("Bavarian Nordic'), by its attorneys, respectfully submits this Memorandum in Opposition to Respondent Acambis Plc's Motion Requesting a Two Month Extension of Time filed on October 5, 2005.

Acambis presents three arguments for extending the target date: first, this is allegedly a relatively complicated investigation; second, this investigation will involve foreign discovery; and third, this investigation will involve third party discovery. (Resp. Mem. at 1-3). Commission Rule 210.5 l(a) provides that once the target date has been set, it may only be modified "for good cause shown." As discussed in further detail below, none of Acambis' assertions provide the requisite "good cause" to modify the target date.

9251481v1

## II.    DISCUSSION

This investigation is typical of Section 337 investigations and no factors have been cited

that require an extended schedule.  Section 337 investigations should be resolved "at the earliest

practicable after the date of publication of notice of such investigation." 19 U.S.C. § 1337(b)(l).

As the Commission Rules state:

> It is the policy of the Commission that, to the extent practicable
> and consistent with requirements of law, all investigations and
> related proceedings under this part shall be conducted
> expeditiously. The parties, their attorneys or other representatives,
> and the presiding  administrative law judge shall make every effort
> at each stage of the investigation or related proceeding to avoid
> delay.

19 C.F.R. § 210.2.  The Judge's decision to set a 12-month target date is consistent with this

mandate and was presumably set with full awareness of the number of patents and claims at issue

and the nature and complexity of the technology involved.

With respect to the first point, although this investigation involves two patents, all of the

claims are directed towards the same technology—a MVA-derived vaccinia virus, vaccine, or

pharmaceutical composition based thereon.  In addition, there is only one Respondent, thus

simplifying the issues considerably.

Furthermore, with respect to the second point, foreign discovery is routine in Section 337

investigations.  In fact, since Section 337 investigations always involve foreign respondents

importing products into the United States, it is axiomatic that the discovery process will include

foreign documents and witnesses.  As such, foreign discovery does not itself establish "good

cause" for extending the target date in this investigation.  Past denials of motions to extend the

target date based on foreign discovery have indicated as much.  *See, e.g., Certain Encapsulated*

*Integrated Circuit Devices and Products Containing Same*, USITC Inv. No. 337-TA-501 (Order

- 2 -

6, Feb. 3,2004) (denying Respondents' motion to extend the target date on the basis that any Section 337 investigation involves foreign discovery). Moreover, the company language for Bavarian Nordic is English. As such, Acambis' concern over substantial translation (*see, e.g.,* Resp. Mem. at page 2) of documents from Bavarian Nordic is moot.

Moreover, with regard to the third point, third party discovery is also routine in Section 337 investigations and provides no basis for extending the target date absent a specific showing of extraordinary circumstances.

Finally, Acambis' motion is premature. If, as the investigation progresses, it becomes apparent that for reasons outside of the parties' control that it will be impossible to complete the investigation within the 12-month period, then a motion for an extension may be appropriate at that time.

## III.    <u>CONCLUSION</u>

Given that the number of patents, claims at issue, and complexity of the technology were already taken into consideration in setting the 12-month target date, the other factors cited by Acambis are typical of Section 337 investigations, and the public's interest in expeditious resolution of Section 337 investigations in order to protect domestic industries from infringing imports, Bavarian Nordic respectfully requests that Respondent's Motion Requesting a Two Month Extension of Time be denied.

Respectfully Submitted,

BAVARIAN NORDIC A/S

By Counsel:

Edward A. Pennington
Robert C. Bertin

Dated: <u>October 10, 2005</u>

- 3 -

9251481v1

Stephanie D. Scruggs
George S. Jones
SWIDLER BERLIN LLP
3000 K Street, N.W.
The Washington Harbor
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 295-8478

- 4 -