IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACAMBIS INC. and )<br>ACAMBIS, PLC, )<br>)<br>Defendants. )<br>) | Civil Action No. 05-614 |

### PLAINTIFF BAVARIAN NORDIC'S MOTION TO AMEND COMPLAINT TO ADD PROF. ANTON MAYR AS A CO-PLAINTIFF

Plaintiff Bavarian Nordic A/S ("Bavarian Nordic"), by its attorneys and pursuant to Rules 15(a) and 20(a) of the Federal Rules of Civil Procedure ("Federal Rules") and Rule 15.1 of the Local Rules, hereby moves to amend the pleadings to add Prof. Anton Mayr as a co-plaintiff. The parties have stipulated that, subject to the approval of this Court, the deadline for motions to amend the pleadings and add parties is May 22, 2006. Two copies of the proposed Amended Complaint, along with a version displaying all changes, are attached to this motion, pursuant to Local Rule 15.1. Counsel certifies pursuant to Local Rule 7.1.1 that reasonable efforts have been made to secure defendants' consent to the relief sought herein.

The Federal Rules contemplate the liberal amendment of pleadings. *See* Fed. R. Civ. P. 15(a) (stating that leave to amend the pleadings "shall be freely given when justice so requires"). In the absence of a specific reason to deny a motion to amend -- e.g., undue delay, bad faith, undue prejudice to the nonmoving party, futility of the amendment -- such motions are granted as

1

a matter of course. *See e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, Rule 20 of the Federal Rules permits the permissive joinder of plaintiffs to an action if they "assert a right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." *See* Fed. R. Civ. P. 20(a). Adding Prof. Anton Mayr as a co-plaintiff is appropriate in this case under Federal Rules 15(a) and 20(a).

Prof. Mayr is a properly joined plaintiff under Federal Rule 20(a) because his claim for relief arises in the alternative to that of current plaintiff Bavarian Nordic, and implicates common questions of law and fact with Bavarian Nordic's tortious conversion claim. As pled in the Complaint, all strains of modified vaccinia Ankara (MVA) at issue in this case originate from Prof. Mayr. *See* Compl., ¶ 23. Bavarian Nordic subsequently acquired from Prof. Mayr initially an exclusive license to access and commercialize MVA strains and subsequently ownership of all MVA strains. *See* Compl., ¶ 24. On information and belief, Defendants intend to argue that at the time of the alleged tortious conversion, Bavarian Nordic had not yet acquired ownership of MVA from Prof. Mayr. Were Defendants' theory correct, Prof. Mayr -- rather than or in addition to Bavarian Nordic -- would be the aggrieved party entitled to relief. As such, Prof. Mayr is a proper party to join as a plaintiff under Federal Rule 20(a) to have any such rights vindicated.

In addition, permitting amendment of the Complaint under Rule 15(a) is proper here because there is no specific rationale of the variety enumerated in *Foman* to deny the motion. In particular, Defendants will not suffer undue prejudice from allowing amendment of the Complaint, as they have been on notice from the original Complaint that Bavarian Nordic bases its right to commercialize MVA in Bavarian Nordic's agreements with Prof. Mayr. Indeed,

Bavarian Nordic's motion to amend finds its impetus in arguments recently made by Defendant Acambis plc before the International Trade Commission, in which the Defendant asserted that Prof. Mayr rather than Bavarian Nordic may actually own MVA during the relevant time period. Thus, the inclusion of Prof. Mayr as a co-plaintiff in this action would not constitute any form of surprise that unduly prejudices Defendants.

Bavarian Nordic has also made amendments to provide additional information discovered during the pendency of the ITC action and to specifically identify in the pleading the Mayr agreement pursuant to which Bavarian Nordic acquired ownership rights in MVA strains.

For the foregoing reasons, Bavarian Nordic respectfully requests that this Court grant leave to amend the Complaint and add Prof. Mayr as a plaintiff for the tortuous conversion count, make additional changes based on additional information discovered and accept the Amended Complaint attached hereto.

Respectfully submitted,

OF COUNSEL:

Edward A. Pennington
Robert C. Bertin
Stephanie D. Scruggs
SWIDLER BERLIN LLP
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

Dated: May 22, 2006

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
D. Fon Muttamara-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600
jshaw@ycst.com

*Counsel for Plaintiffs Bavarian Nordic A/S and Prof. Anton Mayr*

## **CERTIFICATE OF SERVICE**

I, John W. Shaw, Esquire, hereby certify that on May 22, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Michael P. Kelly
> McCarter & English, LLP
> 919 N. Market Street, Suite 1800
> P.O. Box 111
> Wilmington, DE 19899
> (302) 984-6301
> mkelly@mccarter.com
>
> Benjamin J. Schladweiler
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
> bschladweiler@mnat.com

>> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>>
>> /s/ *John W. Shaw*
>> _____
>> John W. Shaw (No. 3362)
>> The Brandywine Building
>> 1000 West Street, 17th Floor
>> Wilmington, DE  19801
>> (302) 571-6600
>> jshaw@ycst.com