IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACAMBIS INC. and )<br>ACAMBIS PLC, )<br>)<br>Defendants. )<br>) | C.A. No. 05-614 (SLR) |

### DEFENDANTS' RESPONSE TO BN'S MOTION TO AMEND

Defendants Acambis Inc. and Acambis plc ("Acambis") hereby respond to the motion of plaintiff Bavarian Nordic ("BN") to amend the complaint (D.I. 38) to add Prof. Anton Mayr as co-plaintiff with respect to one of the counts of the complaint, alleged tortious conversion. Acambis has moved to amend its answer, *inter alia*, to assert counterclaims of patent invalidity and unenforceability, *Walker Process* violation and sham litigation. Acambis submits that both parties' motions to amend should be granted, with ample opportunity being given for additional discovery and without waiver of the right to assert any defenses to the merits of the amended pleadings, including that Prof. Mayr's new claim is not timely. In the alternative, if Acambis' motion to amend is denied, then correspondingly, BN's motion to amend should be denied as having been brought late in discovery, when BN has known of the role of Prof. Mayr since at least the outset of the case and Prof. Mayr has long known of the litigation.

The basis for BN's tortious conversion claim, as pled by BN in the original (and proposed amended complaint), is the allegation that Acambis wrongfully possessed an MVA viral strain that it received from the National Institutes of Health ("NIH"), and that BN allegedly has had a valid property interest in that strain, which it acquired from Prof. Mayr. The amended

complaint would bring the claim also on behalf of Prof. Mayr; allegedly, "[BN] and/or Professor Mayr have been harmed by Acambis' wrongful exercise of possession and control over MVA-572" in contravention of BN's "and/or" Professor Mayr's rights following the award to Acambis of part of the NIAID NIH contract.  Curiously, the proposed amendment seeks relief only "for Bavarian Nordic," not for Prof. Mayr.

BN has long known of any rights of Prof. Mayr to have standing to assert such a claim, given BN's purported relationship with Prof. Mayr as set forth in the original complaint.  Moreover, the extent to which rights of Prof. Mayr were, or were not, assigned to BN are facts known particularly to BN.  BN offers no excuse for having waited until now to seek to bring in Prof. Mayr as a party to the tortious conversion claim; like any tortious conversion claim, BN's alleged "property" rights are central to a *prima facie* case.  *See, e.g., Resource Ventures, Inc. v. Resources Mgmt. Intl., Inc.*, 42 F. Supp. 2d 423, 439 (D. Del. 1999) ("Under Delaware law, conversion is the wrongful exercise of dominion over the property of another….").

Further, allowing the addition now of Prof. Mayr, who lives in Germany, will prejudice Acambis unless Acambis is allowed sufficient opportunity to seek discovery of Prof. Mayr on a prompt and cooperative basis (and to extend the discovery deadlines by any additional time, as needed).  For example, Prof. Mayr should be required to produce all discoverable documents, and respond to written discovery, on an expedited basis.  He should be required to provide testimony by deposition and at any trial in this matter.  While Prof. Mayr voluntarily sat for deposition early in BN's parallel ITC proceeding, all relevant documents had not been produced, including materials from Prof. Mayr himself,[1] many of BN's documents and materials from the NIH.

---

[1]    As a resident of Germany, he was beyond the reach of the ITC's jurisdiction.

Accordingly, as noted above, Acambis asks that both parties' motions to amend be granted, with ample opportunity for additional discovery and without waiver of the right to assert any defenses to the amended pleadings, including that the new claim of Prof. Mayr is not timely. In the alternative, if Acambis' motion to amend is denied, then correspondingly, BN's motion to amend should be denied as having been brought late in discovery, when BN has known of the role of Prof. Mayr since at least the outset of the case and Prof. Mayr too has long known of the litigation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

 *Attorneys for Defendants*
 *Acambis Inc. and Acambis plc*

OF COUNSEL:

William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  June 6, 2006
523169

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>John W. Shaw, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 6, 2006 upon the following individuals in the manner indicated:

| BY HAND | BY FACSIMILE |
|---|---|
| John W. Shaw, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE 19801 | Edward A. Pennington<br>SWIDLER BERLIN LLP<br>3000 K Street, Suite 300<br>Washington, DC 20007 |

*/s/ Mary B. Graham (#2256)*

Mary B. Graham (#2256)