## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-614-SLR |
| | ) | |
| ACAMBIS INC. and | ) | |
| ACAMBIS PLC, | ) | |
| | ) | |
| Defendants. | ) | |

### BAVARIAN NORDIC'S REPLY IN SUPPORT OF ITS MOTION TO AMEND COMPLAINT TO ADD PROFESSOR ANTON MAYR AS A CO-PLAINTIFF

In deciding whether to grant leave to amend, the test is clear. The Court should focus on whether there has been undue delay, whether the proposed amendment would cause undue prejudice to the opposing party, and whether the proposed amendment would be futile. *Averbach v. Rival Mfg. Co*., 879 F.2d 1196, 1203 (3d Cir. 1989), *cert. denied*, 493 U.S. 1023 (1990); *see also, Procter & Gamble Co. v. Nabisco Brands, Inc*., 125 F.R.D. 405, 408 (D.Del. 1987).

In their response to Bavarian Nordic's Motion to Amend, defendants Acambis Inc. and Acambis, plc ("Acambis") argue that "BN has long known of any rights of Prof. Mayr to have standing to assert such a claim" and "BN offers no excuse for having waited until now to seek to bring Prof. Mayr as a party to the tortious conversion claim." Acambis's Response (D.I. 41) at 2.

It is hard to imagine how Acambis and its counsel could argue in good faith that there has been "undue delay" on BN's part. In fact, it was Acambis who filed a motion to stay the present proceedings to allow the companion case at the United States

International Trade Commission ("ITC") to go forward. Although this Court did not act on that motion, only this week did Acambis withdraw its motion to stay.

Likewise, there is no prejudice to Acambis by bringing Dr. Mayr into this action. While the motion to stay was pending, there was little if any activity in the present action. Therefore, Acambis has not taken any position in this case in detrimental reliance on the absence of Dr. Mayr as a party. Acambis has neither provided any discovery, nor taken any discovery, that would have been impacted by the presence or absence of Dr. Mayr as a party. Indeed, Acambis has already had full discovery of Dr. Mayr, including access to all his agreements with Bavarian Nordic. Acambis has already deposed Dr. Mayr in the ITC case, and is fully aware of all facts as they relate to Dr. Mayr's involvement in the ownership of, and transfer of rights to, the viral strains in question.

To the extent Acambis argues that Bavarian Nordic did not produce documents of Dr. Mayr during the ITC proceeding, Acambis had ample opportunity to seek additional production, either voluntarily or through motions to compel, but failed to do so. To the contrary, every germane document was produced, and Acambis made no complaints about the document production at the ITC.

Acambis also cannot argue that the amended complaint would be "futile." The proposed amended complaint is not broader than the original complaint. It merely adds a co-plaintiff, Dr. Mayr. The purpose of this amendment is to preempt any argument by Acambis that Bavarian Nordic did not have ownership rights to the strains that were illegally converted by Acambis. Assuming, *arguendo*, that Bavarian Nordic did not own the strains at the time of the conversion, then Dr. Mayr owned those strains. The original claims asserted by Bavarian Nordic have not been challenged by Acambis, and since no

new claims are being asserted, there can be no issue of "futility" with respect to the proposed amendment.

In short, there was no undue delay by BN, and adding Dr. Mayr as a co-plaintiff at this time poses no prejudice to Acambis.  In view of the foregoing, and for all of the reasons set forth in Bavarian Nordic's original motion papers (D.I. 38), Bavarian Nordic's Motion to Amend Its Complaint to Add Professor Anton Mayr As a Co-Plaintiff should be granted.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

June 13, 2006

*Karen L. Pascale*

John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

- and -

BINGHAM MCCUTCHEN LLP
Edward A. Pennington
Robert Bertin
George Jones
Stephanie Scruggs
3000 K Street, Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff, Bavarian Nordic A/S*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on June 13, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham [mbgefiling@mnat.com]
> James Walter Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on June 13, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

> ***By E-Mail on June 13, 2006***
> ***and Hand Delivery on June 14, 2006***
>
> Mary B. Graham [mgraham@mnat.com]
> James Walter Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200
>
> ***By E-Mail on June 13, 2006***
> ***and FedEx on June 14, 2006***
>
> William D. Coston [wdcoston@venable.com]
> VENABLE LLP
> 575 7th Street, NW
> Washington, DC 20004-1601
> (202) 344-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_(signature)_

Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
Email:  kpascale@ycst.com
    *Attorneys for Plaintiff, Bavarian Nordic A/S*