# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC., :
:
    Plaintiff, :
:
v. : Civil Action No. 04-360-JJF
:
MARITZ, INC., :
:
    Defendant. :

### MEMORANDUM OPINION

Pending before the Court is the Motion Of Plaintiff Affinion Loyalty Group, Inc. For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 And '012 Patents (D.I. 101). For the reasons discussed, the Motion will be granted.

**I.  BACKGROUND**

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant") filed its Complaint, alleging that Maritz, Inc. ("Maritz") infringes United States Patent Nos. 5,774,870 ("the '870 patent"), 6,009,412 ("the '412 patent"), and 6,578,012 ("the '012 patent") (collectively, "the patents-in-suit"). After several changes in names and ownership, the patents-in-suit are now owned by Affinion Net Patents, Inc. ("Affinion Patents"), the current plaintiff in the action. (See D.I. 147).

On March 8, 2006, Affinion Patents, through Affinion Loyalty Group, Inc., a former owner, filed its Motion For Leave To Amend. By its Motion, Affinion Patents seeks to amend the Complaint to add claims for false marking and false advertising under the

Lanham Act, allegedly based on deposition testimony obtained in December 2005 and March 2006. That testimony allegedly revealed that Maritz had been marking and advertising its VAULT system as "patent pending," even though the pending application does not cover the VAULT system. Affinion Patents further seeks to eliminate claims for infringement, and to dismiss counterclaims, relating to the '870 and '012 patents, allegedly based on recent testimony that Maritz never implemented its second-generation eVault product.

Maritz contends that the motion should be denied due to prejudice to Maritz and the futility of the additional claims. Alternatively, Maritz requests that the Court attach certain conditions to the dismissal of its counterclaims.

**II. DISCUSSION**

    A.  <u>Whether The Court Should Allow Affinion Patents To Amend Its Complaint</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." <u>Fed. R. Civ. P.</u> 15(a). The grant or denial of a motion to amend is within the discretion of the Court. <u>Zenith Radio Corp. v. Hazeltine Research</u>, 401 U.S. 321 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an

2

apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984).

The Court will grant Affinion Patents leave to amend its Complaint. Maritz contends that Affinion Patents exercised undue delay in requesting leave to amend its Complaint, because it waited until the evening before the deadline for filing expert reports, after months of discovery, to give notice of amendment. Affinion Patents, however, has proffered evidence, which has not been refuted by Maritz, that it discovered it may have a claim for false advertising and marking in September 2005. (D.I. 101 at 3). Affinion Patents contends that the existence of the claim was confirmed in December 2005 at the deposition of Maritz' president and in March 2006 at the depositions of the prosecuting attorney and first-named inventor of the patent.

Affinion Patents has also proffered evidence, which shows that it did not confirm Maritz' failure to launch eVAULT until the March 2006 depositions. It appears from the deposition testimony adduced by Maritz that Affinion Patents may have been aware of Maritz' failure to launch eVAULT as early as November 2005. (D.I. 115 at 10). However, the individuals deposed seemed unclear as to whether it was actually launched and the reasons for the failure to launch. (See Id. at Ex. 3A ("To my knowledge,

3

eVAULT never came to be"; the deposed explains that it was not introduced because it would be a compromise to customers' security); Id. at Ex. 3B ("it was never sort of made into what we would regard as a software product that you really have to make work every day"; the deposed explains that the product never came to be due to growth in the company); Id. at Ex. 3C ("I understand it was never implemented.")). Given this evidence, the Court concludes that Affinion Patents acted appropriately in confirming that eVAULT had never been launched.[1] Accordingly, the Court concludes Affinion Patents' actions did not constitute undue delay.

Maritz also contends that it will be unduly prejudiced if Affinion Patents' motion is granted unconditionally. The Court will discuss below whether it will impose any of the conditions requested by Maritz. However, the Court notes here that Maritz will not suffer undue prejudice if the Court grants Affinion Patents' motion. Affinion Patents seeks to dismiss claims regarding two of the patents-in-suit, which releases Maritz from defending against those claims. Furthermore, Affinion Patents contends, and Maritz does not dispute, that no further discovery

---

[1] Maritz also suggests that Affinion Patents acted in bad faith because it knew the claims were frivolous when the Complaint was originally filed. The Court finds, based on the papers before it, however, that there is no evidence that Affinion Patents or any of its predecessors acted in bad faith in bringing the claims related to eVAULT.

4

is necessary, and therefore, the parties need not extend deadlines or continue the discovery process.

Finally, Maritz contends that Affinion Patents' motion should be denied due to the futility of its claims for false marking and advertising. Maritz contends that in order to prove these claims, Affinion Patents would have to prove intent and widespread dissemination, which it cannot do. At this juncture, however, Affinion Patents is not required to make such a showing. The Court concludes that Affinion Patents has sufficiently alleged the intent and dissemination elements in its Amended Complaint. (D.I. 101 at Ex. 1). Accordingly, the Court will grant Affinion Patents' Motion For Leave To Amend.

B.  <u>Whether Conditions Should Be Placed On Amendment</u>

Maritz contends that, should the Court grant Affinion Patents leave to amend its Complaint, there should be conditions imposed, which would (1) allow Maritz to make full proofs on the subject of inequitable conduct, (2) require Affinion Patents to reimburse Maritz for pursuing the dismissed claims, and (3) require Affinion Patents to agree to a comprehensive covenant not to sue. The Court will not impose any conditions for the following reasons.

First, Maritz will not be permitted to make full proofs on the subject of inequitable conduct related to the '870 and '012 patents. Maritz contends that Affinion Patents is dismissing

5

claims regarding the '870 and '012 patents to avoid charges of inequitable conduct and invalidity in relation to those patents and an overall claim of inequitable conduct in relation to all the patents-in-suit. To the extent that it is actually relevant to inequitable conduct regarding the '412 patent, evidence of inequitable conduct will be admissible. For the reasons discussed below, however, Maritz cannot maintain a declaratory judgment action solely to prove inequitable conduct in relation to the '870 and '012 patent, because Maritz does not have reasonable apprehension of suit. SL Waber, Inc. v. Am. Power Conversion Corp., 135 F. Supp. 2d 521, 525-26 (D.N.J. 1999).

Second, the Court will not require Affinion Patents to reimburse Maritz for its expenses. A court may require reimbursement or impose costs where amendment will cause undue prejudice to a party. 3 James Wm. Moore et al., Moore's Federal Practice, § 15.17[2] (3d ed. 2006). As discussed above, however, the Court concludes that Maritz will not suffer undue prejudice as a result of the amendment.

Finally, the Court will not require Affinion Patents to agree to a more comprehensive covenant not to sue. Affinion Patents signed a covenant not to sue Maritz, which provides:

> Affinion Loyalty Group, Inc. and Affinion Net Patents, Inc. hereby release Maritz, Inc. and covenant not to sue Maritz, Inc. solely for infringement of U.S. Patent Nos. 5,774,870 and 6,578,012 with respect to any product made, used, or sold by Maritz, Inc. or its subsidiaries prior to this date. This release and

6

       covenant not to sue does not relate to or encompass
       U.S. Patent No. 6,009,412.

(D.I. 124, Ex. 8).

Maritz contends that, unless it is granted a covenant covering future conduct, it should be permitted to maintain its counterclaims for declaratory judgment regarding the '870 and '012 patents. (D.I. 115 at 4). Because there have been no explicit threats or other actions indicating an intent to sue on the '870 and '012 patents, however, the Court does not have jurisdiction over the claims. Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004). This is particularly true in light of the covenant not to sue, which the Court concludes is broad enough to cover any reasonable apprehension Maritz currently has of litigation. MedImmune, Inc. v. Centocor, Inc., 409 F.3d 1376, (Fed. Cir. 2005); SL Waber, Inc., 135 F. Supp. 2d at 525-26.[2] Accordingly, the Court will not require Affinion Patents to agree to a more comprehensive covenant not to sue, and further, will not allow Maritz to proceed on its claims of inequitable conduct on the '870 and '012 patents.

---

[2] The Court acknowledges Maritz' argument that the covenant not to sue in SL Waber, Inc. was more comprehensive, in that it covered future infringing conduct. 135 F. Supp. 2d at 525. While the covenant in the instant action does not cover future conduct, and while Maritz contends that it continues to conduct potentially infringing activity, the Court concludes that it lacks jurisdiction, because there have been no direct threats of suit or actions indicating an intent to sue following the covenant.

7

In sum, the Court will grant the Motion Of Plaintiff Affinion Loyalty Group, Inc. For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 And '012 Patents (D.I. 101). The Court will not grant Maritz' request that the Court impose conditions with regard to the amendment.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that the Motion Of Plaintiff Affinion Loyalty Group, Inc. For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 And '012 Patents (D.I. 101) is **GRANTED**.

June __5__, 2006

_____
UNITED STATES DISTRICT JUDGE

8