IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S<br><br>                Plaintiff,<br>v.<br>ACAMBIS INC. and<br>ACAMBIS PLC,<br>                Defendants. | C.A. No. 05-614 (SLR) |

**APPLICATION FOR ISSUANCE OF A LETTER OF REQUEST TO THE ENGLISH CENTRAL AUTHORITY UNDER THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE REGARDING MR. NICOLAS ANDREW HIGGINS**

Plaintiff, Bavarian Nordic A/S ("Bavarian Nordic"), hereby requests that this Court issue the Letter of Request attached at Exhibit A, pursuant to Article 1 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention"), and Federal Rule of Civil Procedure 28(b) ("Rule 28(b)"). The attached Letter of Request is directed to the Foreign Process Section of the Queen's Bench Division's Secretary of the Royal Courts of London, England ("Queen's Bench Division"), for the purpose of securing Mr. Nicolas Andrew Higgins as a witness for deposition. Mr. Higgins, a citizen of the United Kingdom ("U.K"), currently residing in Cambridge, England, is a former senior officer of Respondent Acambis plc ("Acambis") and his testimony is highly material to this case. As explained below, issuance of the attached Letter of Request is both procedurally proper and necessary to the fair adjudication of this dispute.

I.   **Issuance of the Attached Letter of Request is Procedurally Proper**

The attached Letter of Request satisfies the procedural requirements for securing Mr. Higgins' deposition testimony in this case. In relevant part, Rule 28(b) authorizes the taking of depositions in a foreign country "(1) pursuant to any applicable treaty or convention, or (2) pursuant to a letter of request. . ." *See* Fed. R. Civ. P. 28(b). The Hague Convention is an "applicable treaty" for Rule 28(b)(1) purposes. Further, Rule 28(b) requires that letters of request "be captioned in the form prescribed" by the applicable treaty. *See id.* The attached Letter of Request is drafted and captioned in the form suggested by the Hague Conference. (*See* Model for letters of request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, Hague Conference on Private International Law 1985.)

In civil matters under the Hague Convention, "a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence." *See* Hague Convention on the Taking of Evidence in Civil or Commercial Matters, Oct. 7, 1972, 23 U.S.T. 2355, at Art. 1. All the Hague Convention requirements are met here. This is a civil judicial proceeding, and the testimony to be obtained from Mr. Higgins is to be used in this proceeding. The United Kingdom and the United States are both signatories of the Hague Convention and, under Articles 2 and 21 of the Convention, this Court is a judicial authority of a Contracting State. *See id.* Likewise, the U.K. has designated the Queen's Bench Division as England's Central Authority for receiving Letters of Request in civil matters. *See* U.K. Civil Procedures Rules (CPR), Practice Direction 34, Para. 5.4 and 5.5. Mr. Higgins is a subject of the U.K., and upon information and belief can be served with process by the Queen's Bench Division at the

postal addresses indicated in the attached Letter of Request, all of which are located within the U.K. As such this Court may issue the attached Letter of Request to the Queen's Bench Division's Secretary, requesting that the Queen's Bench Division assist in compelling Mr. Higgins' testimony.

Finally, Rule 28(b) requires that a letter of request be issued on terms that are "just and appropriate." Those criteria are met in this case. The attached Letter of Request seeks an order compelling Mr. Higgins to present himself for deposition at the place indicated and delineates the precise scope of the questions he will be expected to answer. (*See* Attachment A to the Letter of Request.) Moreover, under applicable U.K. law, Mr. Higgins may have his own counsel in attendance at the deposition, and will be reimbursed for his travel expenses to the deposition. In addition, the Queen's Bench Division may appoint an impartial barrister of the English Bar or English qualified solicitor to referee the deposition. The examination will be recorded either by audio recording, video recording, or stenography, and this recording will be sent to the representatives of the parties, with a copy sent directly to the Court. As such, the proposed deposition procedures under the Letter of Request are "just and appropriate."

## II. Issuance of the Attached Letter of Request is Necessary in this Case

Moreover, issuance of the attached Letter of Request is necessary for the fair adjudication of this lawsuit. Upon information and belief, Mr. Higgins was Acambis' Chief Business Officer and its Board Director for "vaccines" until the end of 2004, and is thus likely to have evidence material to the issues in this case. Mr. Higgins worked for Acambis for 11 years, and for most of this period was one of Acambis' senior officers. In particular, Mr. Higgins was closely involved in the development, manufacturing, and importation into the United States of a smallpox vaccine product (MVA3000) that Bavarian Nordic alleges was developed through the misappropriation

- 4 -

of its trade secrets and the tortious conversion of its property. In particular, Mr. Higgins headed the MVA Project Team of Acambis that developed MVA3000. He has also authored considerable correspondence concerning MVA3000 while at Acambis. Moreover, the deposition testimony of several witnesses in a parallel proceeding before the International Trade Commission reveals that Mr. Higgins was a key manager of Acambis. Thus, Bavarian Nordic believes that Mr. Higgins' testimony will be highly material to the issues in this case. (*See* Attachment A to the Letter of Request) (enumerating the subject matter about which Bavarian Nordic seeks Mr. Higgins' testimony).

Despite Mr. Higgins' considerable importance to this lawsuit, however, Acambis' counsel have informed Bavarian Nordic's counsel that Mr. Higgins will not voluntarily testify in this case. Consequently, Bavarian Nordic has no other remedy than applying to this Court for assistance through the Hague Convention, via the attached Letter of Request.

## III.   Conclusion and Request for Expedited Process

For all the foregoing reasons, issuance of the attached Letter of Request is proper and necessary in this case. Bavarian Nordic thus respectfully requests that this Court expeditiously sign and return the attached Letter of Request to Bavarian Nordic's counsel, who will promptly deliver it to the Queen's Bench Division along with such other documentation as required by U.K. law.

- 5 -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Date: June 28, 2006

/s/ D. Fon Muttamara-Walker
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
fmuttamara-walker@ycst.com
- and -
**BINGHAM MCCUTCHEN LLP**
Edward A. Pennington
Robert Bertin
George Jones
Stephanie Scruggs
3000 K Street, Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff, Bavarian Nordic A/S*

## **CERTIFICATE OF SERVICE**

I, D. Fon Muttamara-Walker, Esquire, hereby certify that on June 28, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham [mbgefiling@mnat.com]
> James Walter Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on June 28, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

### *By E-Mail and Hand Delivery*

> Mary B. Graham [mgraham@mnat.com]
> James Walter Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

### *By E-Mail and Federal Express*

> William D. Coston [wdcoston@venable.com]
> VENABLE LLP
> 575 7th Street, NW
> Washington, DC 20004-1601
> (202) 344-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ D. Fon Muttamara-Walker*

D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: fmuttamara-walker@ycst.com
  *Attorneys for Plaintiff, Bavarian Nordic A/S*