IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S<br>     Plaintiff,<br>v.<br>ACAMBIS INC. and<br>ACAMBIS, PLC,<br>     Defendants. | C.A. No. 05-614 (SLR) |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970
ON THE TAKING OF EVIDENCE IN CIVIL OR COMMERCIAL MATTERS**

1. **SENDER:**    Edward A. Pennington, Esq.
   Robert C. Bertin, Esq.
   Dr. Axel Spies, Rechtsanwalt
   Bingham McCutchen LLP
   3000 K Street, NW Suite 300
   Washington, DC 20007, USA
   Phone +1 (202) 373-6672
   Email R.Bertin@bingham.com

2. **CENTRAL AUTHORITY
   OF REQUESTED STATE:** Foreign Process Section, Queen's Bench Masters'
   Secretary
   The Royal Courts of Justice
   Room E14
   Strand
   London, WC2A 2LL, United Kingdom

3. **PERSON TO WHOM THE
   EXECUTED REQUEST IS
   TO BE RETURNED:** Suzanne Mills, Solicitor
   Bingham McCutchen LLP
   41 Lothbury
   London, EC2R 7HF, United Kingdom
   Phone + 44 (20) 7661.5374
   Email suzanne.mills@bingham.com

4. **NOT APPLICABLE**

IN CONFORMITY WITH ARTICLE III OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUESTS:

| | | |
|---|---|---|
| 5a. | REQUESTING JUDICIAL AUTHORITY: | United States District Court for the District of Delaware ("Court")<br>Mary Pat Thynge, U.S. Magistrate Judge J. Caleb Boggs Federal Building<br>844 N. King Street<br>Wilmington, DE 19801 USA |
| 5b. | TO THE COMPETENT AUTHORITY OF: | Foreign Process Section,<br>Queen's Bench Masters' Secretary<br>The Royal Courts of Justice<br>Room E14<br>Strand<br>London, WC2A 2LL<br>United Kingdom |
| 5c. | NAME OF THE CASE AND ANY IDENTIFYING NUMBER: | Bavarian Nordic A/S v. Acambis Inc. and Acambis plc<br>C.A. No. 05-614 (SLR) |

6. NAMES OF AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES:

a) Plaintiff

Bavarian Nordic A/S (hereinafter "Bavarian Nordic")
Bøgeskovvej 9
DK-3490 Kvistgård
Denmark

**Represented by:**

Edward A. Pennington Esq.
Robert C. Bertin, Esq.
Dr. Axel Spies, Rechtsanwalt
Bingham McCutchen LLP
3000 K Street, NW Suite 300
Washington, DC 20007, USA

**Delaware counsel:**

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801, USA

**b) Defendant**

Acambis, plc (hereinafter "Acambis")
Peterhouse Technology Park
100 Fulbourn Road
Cambridge, CB1 9PT
United Kingdom

**Represented by:**

Eric S. Namrow, Esq.
Venable, LLP
575 7th Street, NW
Washington, DC 20004, USA

**Delaware counsel:**

Mary B. Graham and
James W. Parrett, Jr.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

c) **Third Party**

        BAXTER HEALTHCARE SA (hereinafter "Baxter")
        Hertistrasse 2
        CH 8304 Wallisellen
        Switzerland

        **Represented in the United States by:**

        April E. Abele, Esq.
        Townsend and Townsend and Crew LLP OWNSEND
        AND TOWNSEND AND CREW LLP
        Two Embarcadero Center
        Eighth Floor
        San Francisco, CA  94111-3834, USA

7.  **NATURE AND PURPOSE OF THE PROCEEDINGS AND SUMMARY OF THE FACTS (ARTICLE 3(C)):**

> The Court seeks assistance in obtaining evidence from Mr. Nicolas Andrew Higgins, resident of Cambridge, England, in a civil proceeding pending at this Court. The Plaintiff's complaint in this case was filed on August 19, 2005 the Defendants' Answer was served on September 8, 2005. Plaintiff's first set of interrogatories were served upon the Defendants on November 23, 2005. Defendants' answers to the Plaintiff's first set of interrogatories were served on the Plaintiff on December 22, 2005. Defendants' first set of interrogatories were served upon the Plaintiff on January 17, 2006. Defendants' answers to Plaintiff's second set of interrogatories were served on the Plaintiff on February 20, 2006.
>
> **(1)   Background**
>
> Beginning in 1996, Bavarian Nordic, the Plaintiff, sought to develop a new generation of smallpox vaccines that would be safer and more effective for individuals for whom the traditional smallpox vaccine is more dangerous, such as patients with disorders of the immune system, skin conditions such as eczema, or other disorders presenting a high risk of complications from existing smallpox vaccines. Through an extensive research and development, Bavarian Nordic developed a smallpox vaccine, modified vaccinia Ankara - MVA-BN®.
>
> Bavarian Nordic owns several U.S. patents and pending patent applications directed to MVA-based vaccines, for example, U.S. Patent Nos. 6,761,893 and 6,913,752 cover the MVA-BN® virus and derivatives thereof.
>
> **(2)   Claims**
>
> Bavarian Nordic alleges that Acambis obtained samples of vaccinia virus MVA from Professor Anton Mayr, a German scientist, that were exclusively licensed to Bavarian Nordic in 1996 for the development of MVA-BN®, and used these samples to develop its own vaccine, ACAM3000, thereby violating Bavarian Nordic's patent rights.

DB02:5399893.1                                                                                064417.1001

It further alleges that Acambis had never been involved in the development of MVA-based vaccines before Bavarian Nordic shared with Acambis its proprietary technology.

Bavarian Nordic also alleges that Acambis has committed tortious conversion regarding the virus samples it has received, misappropriation of trade secrets, unfair trade practices, in particular under the United States Lanham (Trademark) Act of 1947, as amended (15 United States Code § 1051 et seq.).

### (3) Status of the Proceeding

The proceeding at the Court is ongoing. By Court Order of October 26, 2005, the Court granted Plaintiff discovery on tortious conversion, trade secret misappropriation, alleged unfair trade practices, unfair competition, and the relationship between Acambis plc. and Acambis Inc and damages. All fact discovery must be completed by August 14, 2006. A pretrial conference will be held at the Court on May 8, 2007 with jury trial commencing on June 5, 2007.

### (4) Relevance of the Testimony

Mr. Higgins was the former Chief Business Officer and Board Director (vaccines) of Acambis plc until the end of 2004, after having worked for Acambis for 11 years. He was responsible for all commercial activities including intellectual property management, licensing, corporate development, and sales and marketing. He was closely involved in the development and production of ACAM3000, in particular, as a member of the MVA project team, and has extensive knowledge about the case, Acambis' Intellectual Property, Bavarian Nordic's Intellectual Property position, the patented processes that Acambis has used in the development and manufacture of MVA, the relationship of Acambis with the National Institutes of Health ("NIH") and the MVA strains that the NIH provided to Acambis.

Therefore, the Court seeks assistance for this ongoing proceeding via this letter of request.

All requests have a direct and necessary link with this ongoing proceeding against Acambis pending at the Court.

8.  **EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (ARTICLE 3(D)):**

    The Court seeks the English judicial authorities for an order that Mr. Nicolas Andrew Higgins present himself for purposes of deposition upon oral examination at of Bingham McCutchen's London office at 41 Lothbury, London, England EC2R 7HF at the earliest possible date. The Court would appreciate a copy of the report of Mr. Higgins's deposition by August 14, 2006, the deadline for the fact discovery.

9.  **IDENTITY AND ADDRESS OF ANY PERSON TO BE EXAMINED (ARTICLE 3(E)):**

    Mr. Nicolas Andrew Higgins
    Chief Executive Officer
    Intercytex Ltd

    1) Registered Address of Intercytex Ltd
    Innovation House
    Oaks Business Park
    Crewe Road
    Manchester M23 9QR
    United Kingdom

    2) Headquarters of Intercytex Ltd
    St John's Innovation Centre
    Cowley Road
    Cambridge CB4 0WS
    United Kingdom

    3) Registered Service Address of Mr. Higgins
    Peterhouse Technology Park
    100 Fulbourn Road
    Cambridge
    Cambridgeshire CB1 9PT
    United Kingdom

10. **QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR STATEMENT OF THE SUBJECT-MATTER ABOUT WHICH THEY ARE TO BE EXAMINED (ARTICLE 3(F)):**

> The attorneys of the Plaintiff shall ask the witness questions, to the full extent allowed under U.K. procedural law, pertaining to the topics and questions listed in Attachment A.

11. **DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (ARTICLE 3(G)):**

> Currently, no documents and things are requested to be produced by Mr. Higgins.

12. **ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (ARTICLE 3(H)):**

> The evidence shall be given under oath and the deposition shall be overseen by an examiner if the requested High Court deems the appointment of an examiner appropriate.

13. **SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (ARTICLES 3(I), 9):**

> (a) Pursuant to Articles 3(I) and 9 of the Convention, it is requested that the Plaintiff's legal representatives and Mr. Higgins' legal representatives (if any) be permitted to conduct the examination of Mr. Higgins in the United Kingdom at the offices of Bingham McCutchen LLP, London. The examination will be before an impartial barrister of the English Bar or English qualified solicitor who shall act as referee. The Plaintiff's attorneys are familiar with the relevant events and the transactions in this complex matter. Accordingly, they will be able to elicit the relevant testimony in a manner as efficient and expeditious as possible. In addition, permitting the Plaintiff's attorneys to conduct the examination of Mr. Higgins will avoid the unnecessary waste of costs and attorneys fees for both parties in instructing English counsel on the substance of the case.
>
> In the event that the evidence cannot be taken in the manner requested, it is requested that the evidence be taken in the manner provided by the applicable law of the United Kingdom for the formal taking of evidence.
>
> (b) If production of any document by Mr. Higgins is withheld, in whole or in part, on the basis of a claim of privilege or that it contains attorney work product, each

withheld document shall be separately identified in a privileged document list. The privileged document list must identify each document separately, specifying for each document at least the following information: (1) the title and type of document being withheld; (2) the date of the document; (3) the number of pages in the document; (4) the author(s), addressee(s); and recipient(s), identifying each by name, title, employer, job title, and business telephone number; (5) the subject matter of the document; (6) the specific pages or portions of the document being withheld; and (7) the specific privilege or claim being invoked. If the author/sender, addressee or recipient is an attorney or foreign patent agent, he or she shall be so identified. The party asserting the privilege or hearing preparation claim also must provide a certification that all necessary elements of the asserted privilege/hearing preparation claim have been met and not waived with respect to each document.

14. **REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (ARTICLE 7):**

    The Court wishes that the examination be recorded and to be informed of the time when, and the place where, the execution of the request will take place. This information shall be sent directly to the parties' representatives, as listed above, with a copy to the Court.

15. **NOT APPLICABLE**

16. **NOT APPLICABLE**

17. **THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

    Bingham McCutchen LLP
    Attn: Suzanne Mills, Solicitor
    41 Lothbury
    London, England EC2R 7HF

DB02:5399893.1                                064417.1001

IN WITNESS WHEREOF the undersigned administrative judge of the Court has hereunto set his hand and caused the seal of said Court to be affixed at Wilmington, Delaware on this ____ day of _____, 2006.

_____
The Honorable Sue L. Robinson
Chief Judge
United States District Court for the District of Delaware
844 N. King Street
Wilmington, Delaware
United States of America

**ENCLOSURE: ATTACHMENT A: Questionnaire**

9280789v1

DB02:5399893.1
064417.1001