# EXHIBIT B

Case 1:05-cv-00614-SLR    Document 49-3    Filed 06/30/2006    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S,<br><br>     Plaintiff,<br><br>v.<br><br>ACAMBIS INC. and<br>ACAMBIS PLC,<br><br>     Defendants. | C.A. No. 05-614 (SLR) |

### BAVARIAN NORDIC A/S'S OBJECTIONS AND RESPONSES TO ACAMBIS' FIRST SET OF INTERROGATORIES TO BAVARIAN NORDIC

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26.1(b) of the Local Rules, Plaintiff Bavarian Nordic A/S ("Bavarian Nordic"), by and through its undersigned counsel, hereby objects and responds to Defendants Acambis Inc.'s and Acambis plc's ("Acambis") First Set of Interrogatories to Bavarian Nordic.

Bavarian Nordic makes the following General Objections to Acambis' First Set of Interrogatories. Each of Bavarian Nordic's General Objections is hereby incorporated in and made a part of each of the specific objections to particular interrogatories set forth below:

1.  Bavarian Nordic objects to Acambis' First Set of Interrogatories to the extent that they seek information subject to the attorney-client privilege and/or work product immunity. Production of any privileged or otherwise protected material by Bavarian Nordic in the course of this proceeding is inadvertent and shall not constitute a waiver of any such privilege(s) and/or protection(s) or other grounds for objection to discovery with respect to such information.

2.  Bavarian Nordic objects to Acambis' First Set of Interrogatories, and the Definitions and Instructions thereto, to the extent that they are unreasonably cumulative or

progeny thereof) contributed significantly to its success in receiving a $76.3 million award under RFP-2. Likewise, Acambis' success in winning contracts RFP-1 and RFP-2 (and continued unauthorized use of MVA-572 and/or its progeny thereof) contributed significantly to its ability to compete for RFP-3—a contract for which Acambis and Bavarian Nordic appear to be the only bidders.

Bavarian Nordic personnel with knowledge pertaining to this interrogatory include Paul Chaplin, Peter S. Wulff, Morten M. Rasmussen, and Li Westerlund. Documents relevant to this topic are believed to have been produced pursuant to document requests in the ITC action.

**INTERROGATORY NO. 4:**

Identify and describe in detail each trade secret alleged in Count II ("Misappropriation of Trade Secrets") of the Complaint to have been misappropriated by Acambis, state each fact which supports or relates to BN's allegation that these are trade secrets of BN, identify each person with knowledge of such facts and identify all documents relating thereto.

**Response to Interrogatory No. 4:**

Bavarian Nordic objects to Interrogatory No. 4 on the grounds that it constitutes more than one interrogatory. Bavarian Nordic further objects to the interrogatory as being unduly burdensome in that a description of the acts or omissions in question are found in the complaint itself. Bavarian Nordic also objects to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the meaning of "supports or relates to" and, thus overly broad and unduly burdensome. Moreover, Bavarian Nordic objects to this interrogatory to the extent that the multiple questions posed therein call for a legal conclusion. Bavarian Nordic further objects

8

to this interrogatory as being a contention interrogatory and is thus, *inter alia*, unduly burdensome.

Subject to the foregoing objections, Bavarian Nordic states that during the spring and summer of 2002, Bavarian Nordic and Acambis initiated discussions regarding Bavarian Nordic's MVA-BN smallpox program. The purpose of these discussions was to facilitate the establishment of a licensing relationship between Bavarian Nordic and Acambis pursuant to which Acambis would be permitted to manufacture MVA-BN-based vaccines using Bavarian Nordic's proprietary and patented technology, *e.g.*, patents, know-how, and live biological material. Bavarian Nordic was to be paid royalties by Acambis pursuant to this proposed agreement. The two parties did not ultimately come to an agreement.

Bavarian Nordic states that the discussions, which occurred pursuant to a Confidentiality Agreement, included Bavarian Nordic's collective data set, including AGR-129 data, immune data from different MVA strains, prime boost data, neonate data, efficacy data and comparison to traditional smallpox vaccines, correlates of protection, and clinical data. The contents of Bavarian Nordic's disclosure provided Acambis with a complete overview of BN's MVA-BN smallpox program. Moreover, during a meeting in the summer of 2002, Bavarian Nordic gave a powerpoint presentation to Acambis that provided highly detailed information about the method of building a MVA-based vaccine product, particularly using Bavarian Nordic's MVA-BN strain.

Bavarian Nordic personnel with knowledge pertaining to this interrogatory include Paul Chaplin and Peter S. Wulff. Andreas Hartmann who is no longer a Bavarian Nordic employee was also present during discussions between Acambis and Bavarian Nordic.

Documents relevant to this topic are believed to have been produced pursuant to document requests in the ITC action.

**INTERROGATORY NO. 5:**

Identify and describe in detail each trade secret that BN alleges has been misappropriated by Acambis in this action that is not included in BN's trade secret claim in the ITC action, state each fact which supports or relates to BN's allegation that these are trade secrets of BN, identify each person with knowledge of such facts and identify all documents relating thereto.

**Response to Interrogatory No. 5:**

Bavarian Nordic objects to Interrogatory No. 5 on the grounds that it constitutes more than one interrogatory. Bavarian Nordic further objects to the interrogatory as being unduly burdensome in that a description of the acts or omissions in question are found in the complaint itself. Bavarian Nordic also objects to Interrogatory No. 5 on the grounds that it is vague and ambiguous as to the meaning of "supports or relates to" and, thus overly broad and unduly burdensome. Moreover, Bavarian Nordic objects to this interrogatory on the grounds that it is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome because the legal issues involved in this action are different from the legal issues in the ITC investigation. For example, Count II in this action, *i.e.*, misappropriation of trade secrets, stands on its own as a Delaware tort. While allegations under 19 U.S.C. § 1337(a)(1)(A) for unfair competition in the importation of articles in the ITC investigation may include misappropriation of some or all of Bavarian Nordic's trade secrets at issue in this action, the trade secret misappropriation aspect is only part of the ITC claim, and the ITC applies its own uniform federal standard to determine whether a misappropriation or unfair act has occurred

as part of the analysis.

## INTERROGATORY NO. 6:

For each and every trade secret that BN alleges Acambis has misappropriated, identify and describe in detail each act or omission of Acambis that BN alleges constitutes misappropriation, state each fact which supports or relates to the alleged misappropriation, identify each person with knowledge of such facts and identify all document relating thereto.

**Response to Interrogatory No. 6:**

Bavarian Nordic objects to Interrogatory No. 6 on the grounds that it constitutes more than one interrogatory. Bavarian Nordic further objects to the interrogatory as being unduly burdensome in that a description of the acts or omissions in question are found in the complaint itself. Bavarian Nordic also objects to Interrogatory No. 6 on the grounds that it is vague and ambiguous as to the meaning of "supports or relates to" and, thus overly broad and unduly burdensome. Moreover, Bavarian Nordic objects to this interrogatory to the extent that the multiple questions posed therein call for a legal conclusion. Bavarian Nordic further objects to this interrogatory as being a contention interrogatory and is thus, *inter alia*, unduly burdensome.

Subject to the foregoing objections, Bavarian Nordic incorporates by reference the Response to Interrogatory Nos. 3 and 4. Bavarian Nordic states that Acambis' product line prior to meeting with Bavarian Nordic did not include a MVA-based product. Moreover, when Acambis personnel met with Bavarian Nordic personnel in the summer of 2002, it was clear from the discussions that Acambis was talking to Bavarian Nordic for the purpose of introducing Acambis to MVA-based vaccines as a potential business partner.

Despite the Confidentiality Agreement between Acambis and Bavarian Nordic,

11

Acambis used Bavarian Nordic's trade secrets to develop a MVA-based smallpox vaccine. Acambis' unauthorized use of MVA-572 and/or its progeny directly, in addition to Bavarian Nordic's trade secrets facilitated Acambis' participation in the initial U.S. government RFP (RFP-1) for the development of an MVA-based vaccine for smallpox in 2002, which resulted in a split award between Acambis and Bavarian Nordic, *i.e.*, Acambis was awarded a $9.2 million contract, and Bavarian Nordic received a $5.7 million contract. Furthermore, Acambis' success in RFP-1 for the development of an MVA-based vaccine for smallpox (and continued unauthorized use of Bavarian Nordic's trade secrets) contributed significantly to its success in receiving a $76.3 million award under RFP-2. Likewise, Acambis' success in winning contracts RFP-1 and RFP-2 (and continued unauthorized use of Bavarian Nordic's trade secrets) contributed significantly to its ability to compete for RFP-3—a contract for which Acambis and Bavarian Nordic appear to be the only bidders.

Bavarian Nordic personnel with knowledge pertaining to this interrogatory include Paul Chaplin and Peter S. Wulff. Documents relevant to this topic are believed to have been produced pursuant to document requests in the ITC action.

**INTERROGATORY NO. 7:**

For each and every trade secret that BN alleges Acambis has misappropriated, identify each instance in which such trade secret has been disclosed to anyone other than an employee of BN and describe in detail the steps BN has taken to protect such trade secret from disclosure, identify each person with knowledge of such disclosure or such steps, and identify each document relating thereto.

**Response to Interrogatory No. 7:**

Bavarian Nordic objects to Interrogatory No. 7 on the grounds that it constitutes

12

DB02:5184764.1                                                                                                                    064417.1001

Subject to the foregoing objections, Bavarian Nordic incorporates its responses to Interrogatory Nos. 3-4, 6, and 8-10.

As to objections only,

/s/ John W. Shaw

John W. Shaw (No. 3362)
D. Fon Muttamara-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
100 West Street
Wilmington, Delaware 19801
(302) 571-6600
fmuttamara-walker@ycst.com

-and-

Edward A. Pennington
Robert C. Bertin
Stephanie D. Scruggs
SWIDLER BERLIN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 295-8478

*Attorneys for Plaintiff Bavarian Nordic*

Dated: February 23, 2006