# EXHIBIT A

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

BAVARIAN NORDIC A/S
V.
ACAMBIS, INC. and ACAMBIS, PLC

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-614-SLR
United States District Court for District of Delaware

TO: BERNARD MOSS
10301 Dickens Avenue
Bethesda, MD 20814

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | | DATE AND TIME |
| --- | --- | --- |
| Bingham McCutchen, LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116 | See Attachment for Topics | July 19, 2006   9 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment

| PLACE | DATE AND TIME |
| --- | --- |
| Bingham McCutchen, LLP<br>3000 K Street, NW, Suite 300<br>Washington, DC 20007-5116 | July 18, 2006   5 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature]   (Attorney for Plaintiff) | DATE<br>June 30, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert C. Bertin, (202) 424-7500
Bingham McCutchen LLP
3000 K Street, NW, Suite 300,

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE
SERVED:

PLACE

SERVED ON (PRINT NAME)

MANNER OF SERVICE

SERVED BY (PRINT NAME)

TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## Attachment A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Bavarian Nordic A/S ("Bavarian Nordic") hereby requests production of the documents listed below and also that you testify to the following topics listed below at the time and place specified in the subpoena that is served upon you herewith:

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A. **"Acambis"** shall mean Acambis plc, Acambis Inc., and/or any corporate predecessor, including Oravax, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

B. **"Oravax"** shall mean Oravax Inc. and/or any corporate predecessor, or successor including any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

C. **"NIH,"** shall mean the National Institutes of Health and its institutes, departments, laboratories, and personnel, including the National Institute of Allergy and Infectious Diseases (NIAID).

D. **"Bavarian Nordic"** or **"Complainant"** means Complainant Bavarian Nordic A/S, any corporate predecessor, and any past or present division, department, parent, subsidiary,

      affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

E.    **"You,"** or **"Your"** shall mean Dr. Bernard Moss acting in his individual capacity on behalf of himself or any other person or entity other than an agency of the U.S. Government.

F.    **"MVA"** shall mean modified vaccinia Ankara.

G.    **"MVA3000"** refers to itself and/or ACAM3000.

H.    **"MVA-BN"** refers to itself and/or IMVAMUNE.

I.    **"MVA based vaccines"** shall include all vaccines against smallpox incorporating MVA, including MVA3000 and IMVAMUNE.

J.    **"Documents"** and **"Things"** shall have the broadest meaning ascribed to them by the Commission Rules and applicable case law, including but not limited to electronic files.

K.    **"Agreement"** means any and all contracts, promises, compacts, undertakings, commitments, obligations, pledges, covenants, stipulations, arrangements, and understandings, of any kind, whether written, oral, or tacit.

L.    **"And"** and **"or"** shall be construed conjunctively and disjunctively, as necessary, to make the document request inclusive rather than exclusive.

M.    **"Communication"** or **"Communications"** means any type of oral, written, magnetic, electronic, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

N.  The terms **"concerning"** and **"relating to"** mean containing, embodying, evidencing, reflecting, supporting, identifying, stating, referring to, contradicting, rebutting, inconsistent with, dealing with, bearing upon, relating to or in any way pertaining to, directly or indirectly.

O.  The singular includes the plural and vice versa; the masculine includes the feminine and vice versa; and verb tenses include the past, present, and future.

P.  **"Person"** refers to any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

## INSTRUCTIONS

A.  Where an identified document is in a language other than English, state whether an English translation of such document exists. If a document is in a language other than English and an English translation exists, identify and provide both documents.

B.  If possible, supply all financial data requested on a calendar year basis. If fiscal year data is provided, please specify the dates on which the fiscal years begin and end.

C.  For any information requested that is not readily available from your records in exactly the form requested, furnish carefully prepared estimates, designated as such. Attach a statement of the basis for such estimates and identify the person or persons making them.

D.  If any information called for by one of these Document requests is withheld because you allege that such information is contained in a privileged document and/or communication, identify each relevant document and/or communication in accordance with the Federal Rules of Civil Procedure.

E.  If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, clearly indicate the portions as to which the privilege is claimed. Any redaction must be clearly visible on the redacted document.

## DOCUMENT REQUESTS

1.  All documents reflecting or concerning your consultancy with Oravax, and/or any corporate successor including Acambis.

2.  All documents reflecting or concerning your financial relationship with Oravax, and/or any corporate successor including Acambis, including all invoices, checks, agreements, receipts, compensation received or financial interest including securities, or shares of stock.

3.  All documents and communications with Oravax, and/or any corporate successor including Acambis, reflecting or concerning any aspect of MVA or MVA based vaccines including MVA3000 and present and future manufacturing of MVA3000, that were: (i) exchanged during or related to your consultancy for Oravax or any corporate successor including Acambis; or (ii) exchanged in connection with any dealings conducted in your individual capacity, and not on behalf on the U.S. Government, with Oravax and/or any corporate successor including Acambis.

4.  All documents reflecting or concerning any Agreements between you and Oravax, and/or any successor including Acambis, with respect to any aspect of MVA, or MVA based vaccines that were: (i) exchanged during or related to your consultancy for Oravax and/or any corporate successor including Acambis; or (ii) exchanged in connection with any dealings conducted in your individual capacity, and not on behalf on the U.S. Government, with Oravax and/or any corporate successor including Acambis.

5.  All documents reflecting or concerning any meetings between you and Oravax, and/or any corporate successor including Acambis, that took place during or were related to your consultancy with Oravax and/or any corporate successor including Acambis, or took place while you were acting in your individual capacity and not on behalf of the U.S. Government.

6.  All documents, including correspondence, memorandums, communications, messages, or electronic mail reflecting or concerning intellectual property rights or property rights of any entity in MVA-572, MVA-572 plaque purified by you, any MVA strain, or any MVA based vaccine that were: (i) exchanged during or related to your consultancy for Oravax, and/or any corporate successor including Acambis; or (ii) exchanged in connection with any dealings

conducted in your individual capacity, and not on behalf on the U.S. Government, with Oravax and/or any corporate successor including Acambis.

7.  All documents submitted to any agency of the U.S. Government putting them on notice of your consultancy for Oravax and/or any corporate successor including Acambis.

8.  All financial records evidencing payment for your consultancy for Oravax and/or any corporate successor including Acambis.

9.  All documents reflecting or concerning any consulting business through which you have acted or had someone else act on behalf of Oravax and/or any corporate successor including Acambis.

## TOPICS

1.  All dealings with Oravax and/or any corporate successor including Acambis, in your individual capacity and not on behalf of the U.S. Government, including but not limited to, your consultancy, its duration and scope, and all financial or other benefits received from Oravax and/or any corporate successor including Acambis.

9298486v1