IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-614 (SLR) |
| | ) | |
| ACAMBIS INC. and | ) | |
| ACAMBIS PLC, | ) | **EXHIBIT E** |
| | ) | **FILED SEPARATELY** |
| Defendants. | ) | **UNDER SEAL** |
| | ) | |

**ACAMBIS' REPLY IN SUPPORT OF MOTION TO DISMISS
IN FAVOR OF MANDATORY ARBITRATION BN'S
MISAPPROPRIATION OF TRADE SECRETS CLAIM**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendants
Acambis Inc. and Acambis plc*

OF COUNSEL:

William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
202.344.4000

Dated:  July 26, 2006

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| INTRODUCTION |  | 1 |
| ARGUMENT |  | 2 |
| I. | Acambis' Motion is Procedurally Proper | 2 |
| II. | Acambis did not Substantively Waive its Right to Arbitrate BN's Claim | 4 |
| III. | All of BN's Trade Secrets Claims are Subject to the Arbitration Agreement | 8 |
| CONCLUSION |  | 11 |

## TABLE OF AUTHORITIES

Cases                                                                                              Page(s)

*AT&T Techs., Inc. v. Comm. Workers of Am.*
   475 U.S. 643 (1986) .................................................................................... 10

*BAE Sys. Aircraft Controls v. Eclipse Aviation Corp.*
   224 F.R.D. 581 (D. Del. 2004) ................................................................... 4, 10

*Battaglia v. McKendry*
   233 F.3d 720 (3d Cir. 2000) ....................................................................... 10

*Gavlik Constr. Co. v. H.F. Campbell Co.*
   526 F.2d 777 (3d Cir. 1975) ...................................................................... 4, 7

*Harris v. Green Tree Financial Corp.*
   183 F.3d 173 (3d Cir. 1999) ......................................................................... 3

*Hoxworth v. Blinder, Robinson & Co., Inc.*
   980 F.2d 912 (3d Cir. 1992) ................................................................. 2, 4, 5

*Lloyd v. MBNA America Bank*
   2001 U.S. Dist. LEXIS 8279 (D. Del. 2001) ................................................ 3

*Lubrizol Corp. v. Exxon Corp.*
   929 F.2d 960 (3d Cir. 1991) ......................................................................... 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
   460 U.S. 1 (1983) ......................................................................................... 5

*PaineWebber Inc. v. Faragalli*
   61 F.3d 1063 (3d Cir. 1995) ................................................................. 2, 4, 5

*Palcko v. Airborne Express, Inc.*
   372 F.3d 588 (3d Cir. 2004) ...................................................................... 2, 3

*Peltz v. Sears, Roebuck and Co.*
   367 F. Supp. 2d 711 (E.D. Pa. 2005) ........................................................ 2, 5

*Prima Paint v. Corp v. Flood & Conklin Mfg. Co.*
   388 U.S. 395 (1967) ..................................................................................... 3

*Turbe v. Government of Virgin Islands*
   938 F.2d 427 (3d Cir. 1991) ......................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(6) — 3

Fed. R. Civ. P. 12(c) — 3

Fed. R. Civ. P. 12(h)(2) — 3

Fed. R. Civ. P. 12(h)(3) — 3

Fed. R. Civ. P. 26(e)(2) — 9

**Other Authorities**

Federal Arbitration Act
  9 U.S.C. § 1 *et seq*. — 3, 4, 10

## INTRODUCTION

Defendants Acambis Inc. and Acambis plc (collectively "Acambis") hereby submit this reply in support of their motion to dismiss Plaintiff Bavarian Nordic A/S's ("BN") misappropriation of trade secrets claim in favor of mandatory, binding arbitration. BN does not dispute that the arbitration provision at issue is valid and binding. Nor does it dispute that at least part of its trade secrets claim is subject to that provision.

Rather than challenge those facts, BN argues that Acambis has procedurally and/or substantively waived its right to seek arbitration of the trade secrets claim. There has been no such waiver. Procedurally, as set forth below, there are several bases upon which BN's trade secrets claim may at this time be dismissed or stayed pending arbitration. Substantively, BN has failed to demonstrate any prejudice, which in this Circuit is "determinative" of whether a waiver has occurred. To the contrary, there has been minimal activity in this forum while the parties have litigated the parallel case before the ITC. Further, the ALJ in the ITC case has already summarily dismissed BN's trade secrets claim – which is identical to the claim alleged here – over the very same waiver argument that BN makes here, on the basis that the claim should be arbitrated pursuant to the very same contractual provision at issue here.

Finally, BN argues that part of its trade secrets claim is outside the scope of the arbitration provision at issue. However, that argument is wholly unsupported and belied by BN's own pleadings and discovery responses in this case. Further, given the presumption of arbitrability, if there is any doubt as to whether that aspect of the claim is arbitrable, it should be sent to arbitration.

In the end, BN's misappropriation of trade secrets claim should be dismissed from this action and/or stayed pending arbitration.

## ARGUMENT

### I.     Acambis' Motion is Procedurally Proper

BN argues that Acambis' motion is "procedurally defective" because it was brought after Acambis filed its answer in this case. *See* BN Opp. at 7 (citing *Palcko v. Airborne Express, Inc.*, 372 F.3d 588 (3d Cir. 2004)). That position is directly contrary to the Third Circuit's repeated pronouncement that "merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver [of the right to arbitrate]." *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1069 (3d Cir. 1995) (quoting *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 925 (3d Cir. 1992).

In fact, the *Palcko* case cited by BN allowed a motion to dismiss in favor of arbitration pursuant to Rule 12(b)(6) – for failure to state a claim upon which relief may be granted – despite the fact that such motion was not made in the defendant's initial filing. *See Palcko*, 372 F.3d at 597-98; 6 C.J.S. Arbitration § 77 (May 2006) (citing *Palcko* as holding that a "motion to dismiss for failure to state a claim…was not required to be filed in initial motion to dismiss or included in responsive pleading…."). The *Palcko* decision specifically states that motions under Rule 12(b)(6) "are not waived under Rule 12(h)(1)," and explains that allowing waiver of right of arbitration based on Rule 12(h)(1) "would undermine the strong judicial posture favoring arbitration…." *Palcko,* 372 F.3d at 697-98; *see also Peltz v. Sears, Roebuck and Co.*, 367 F. Supp. 2d 711, 721-22 (E.D. Pa. 2005) ("The fact that Sears did not raise the issue of arbitration in its motions to dismiss is not controlling . . . It is not required that all grounds for failure to

state a claim be included in a pretrial motion . . . In this regard, we note that Sears preserved its position by pleading arbitration as an affirmative defense in its answer.") (citing *Palcko*).[1]

Courts have also dismissed claims in favor of arbitration for lack of subject matter jurisdiction (rather than under Rule 12(b)(6) for failure to state a claim). *See Lloyd v. MBNA America Bank*, 2001 U.S. Dist. LEXIS 8279 at * 6 (D. Del. 2001) (Robinson, J.) ("If an arbitration clause is valid and enforceable, a court does not have jurisdiction over the underlying dispute and must refer the case to an arbitrator.") (citing *Harris v. Green Tree Financial Corp.*, 183 F.3d 173, 179-180 (3d Cir. 1999)). Further support for that approach can be found in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement, would have jurisdiction*..., for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added); *see also Prima Paint v. Corp v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). Dismissal on the basis of lack of subject matter jurisdiction need not happen prior to initial pleadings, but may occur at any time. *See* Fed. R. Civ. P.

---

[1] Rule 12(h)(2) expressly allows a Rule 12(b)(6) defense to be raised after the initial pleading. *See* Fed. R. Civ. P. 12(h)(2) ("A defense of failure to state a claim upon which relief may be granted…may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."); *see also Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (12(b)(6) motion filed after the pleadings may be treated as a motion for judgment under Fed. R. Civ. P. 12(c)).

12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Finally, in the event that the Court does not dismiss BN's trade secret claim outright, pursuant to the FAA, the claim should be stayed pending arbitration pursuant to the terms of the mandatory, binding arbitration provision agreed to by the parties. *See* 9 U.S.C. § 3 (the court "shall . . . stay the trial of the action until such arbitration has been had . . .."); *but see BAE Sys. Aircraft Controls v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 585 (D. Del. 2004) (Robinson, J.) ("The FAA mandates that district courts shall direct parties to proceed to arbitration on issues for which arbitration has been agreed, and to stay proceedings while the arbitration is pending. However, district courts may dismiss an action if all the issues raised are arbitrable and must be submitted to arbitration.") (citations omitted).

## II. Acambis did not Substantively Waive its Right to Arbitrate BN's Claim

BN also disingenuously argues that Acambis has substantively waived its right to arbitrate by "elect[ing] to vigorously litigate" BN's trade secrets claim. BN Opp. at 10. Third Circuit case law is clear that "waiver 'is not lightly to be inferred.'" *PaineWebber,* 61 F.3d at 1068 (quoting *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783 (3d Cir. 1975))). In this Circuit, "[p]rejudice is the touchstone for determining whether the right to arbitration has been waived." *Id.* at 1069 (quoting *Hoxworth,* 980 F.2d at 925); *see also Gavlik,* 526 F.2d at 783 ("[T]he presence or absence of prejudice . . . is determinative of the issue of waiver.") (citation omitted). And as the Supreme Court has stated, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is construction of the contract language itself,

or an allegation of waiver, delay, or like defense to arbitrability." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

BN has not suffered any prejudice here. This case has barely been active pending the ITC proceeding. In fact, *all* of the discovery referenced in or attached to BN's opposition was taken in the parallel ITC case, not here. *See* BN Opp. at Exs. B & C. Prior to the instant motion, Acambis had merely served one set of written discovery on BN, which included a total of four interrogatories specific to trade secrets. *See* Ex. B to Motion. To date, BN has not produced one document (separate from ITC materials) in this case, and not one deposition has been taken in this proceeding. Fact discovery is ongoing, expert discovery has not yet occurred, and summary judgment papers are not due until November 30. There is simply no basis for claiming prejudice. *See Peltz*, 367 F. Supp. 2d at 722 (rejecting waiver argument where no prejudice shown despite defendant's having "waited seven months after the filing of the amended complaint to file its motion for arbitration," the filing of two motions to dismiss by defendant, the parties' service of "answers to each others' interrogatories and requests for production of documents," and a deposition taken by defendant).[2]

In fact, the ALJ in the ITC action already dismissed BN's trade secret claim in favor of arbitration *over* the same waiver argument by BN, based on the very same contractual provision at issue here. *See* Ex. C at 5-6 (4/14/06 Order No. 26). BN opposed Acambis' and the ITC staff's motions to dismiss based on arbitration on the same grounds put forth here – that discovery had been taken in the ITC on BN's trade

---

[2] "Merely answering on the merits, asserting a counterclaim (or cross-claim) or participating in discovery, without more, will not necessarily constitute a waiver." *PaineWebber*, 61 F.3d at 1068 (quoting *Hoxworth,* 980 F.2d at 926-27).

secrets allegations (which were identical to those here), and that Acambis moved for summary determination on the merits of the ITC trade secrets claim (in addition to moving to dismiss based on arbitration). *See* Ex. D (BN Oppositions to Acambis and ITC Staff's Motions to Terminate). But as Acambis explained in its papers, BN delayed in defining the parameters of its trade secrets claim (despite repeated discovery requests) until the very end of discovery in the ITC proceeding. *See* Ex. E (Acambis Response in Support of ITC Staff's Motion to Terminate).[3] The ALJ dismissed BN's trade secrets claim over BN's wavier arguments in favor of arbitration. *See* Ex. C. BN did not seek review of the ALJ's order by the full Commission, and the Commission determined not to review that order on its own. *See* Ex. F (5/9/06 Notice of Decision Not to Review Initial Determination).[4]

---

[3]  BN mistakenly argues that Acambis did not move for termination of the ITC trade secrets claim based on arbitration. BN Opp. at 2. In fact, as the ALJ's dismissal Order specifically notes, "Acambis, in its own motion for summary determination, has sought to terminate the trade secret portion of this investigation based on the arbitration clause in the Secrecy Agreement." Ex. C at 4-5; *see also id.* at 2 ("On March 20, 2006, Acambis filed and served a motion for summary determination in which, among other matters, it sought summary determination of BN's claim of misappropriation of trade secrets in part because BN's claim arises out of a confidentiality agreement which plainly requires arbitration of its claims."). Acambis also moved for summary determination on the merits of BN's trade secrets claim. BN mistakenly argues that ITC staff opposed that motion on the merits "noting factual disputes that Bavarian Nordic could reasonably be expected to win." BN Opp. at 2. In fact, ITC staff merely argued that summary determination on the merits was inappropriate because Acambis allegedly had not addressed one aspect of BN's purported trade secret claim – that some combination of publicly available information could constitute a trade secret.

[4]  Less than two weeks after the Commission issued notice that it would not review the ALJ's determination, Acambis filed a proposed Amended Answer detailing its arbitration defense. *See* Proposed Amended Answer (D.I. 35) at 10. (Acambis also included arbitration as a defense in its initial Answer filed at the outset of this case. *See* Answer (D.I. 6) at 12.) Acambis filed the instant motion shortly thereafter.

BN should not be given a second bite at the apple to litigate its trade secrets claim in this forum; there is nothing about BN's trade secret claim here that would give rise to a different outcome than that in the ITC action.[5] Indeed, all of the discovery about which BN complains was taken in the ITC proceeding (*see* BN Opp. Exs. B & C), and the trade secret allegations in the two matters are identical, which is why Acambis sought in the first place to stay the claim in this case pending proceedings before the ITC. *See* Acambis Motion to Stay (D.I. 12) at Ex. B (comparing allegations in Delaware and ITC complaints).

In the end, BN has only itself to blame for even the minimal amount of litigation in this matter. Acambis moved to stay this case in its entirety pending the outcome of the ITC action shortly after filing its answer. *See* Acambis' Motion for Stay (D.I. 12). BN opposed that motion, seeking to proceed before both this Court and the ITC simultaneously. BN cannot now fault Acambis for having participated in limited activity in this matter. *See Gavlik*, 526 F.2d at 783-84. Nor can BN be heard to complain that it would have to arbitrate in Germany under English law. *See* BN Opp. at 12. Those clear and unambiguous terms reflect an arms' length agreement between the parties to arbitrate in that forum and under that choice of law. *See* Ex. A to Motion. And BN

---

[5] As set forth in Acambis' Motion, the ITC determination that BN's trade secrets claims were subject to binding arbitration is *res judicata.* D.I. 49 at n.2. BN argues in its Opposition that the decision is not *res judicata* because it was a procedural determination. BN Opp. at n.2. First, the ITC decision that "there can be no doubt that BN and Acambis agreed to arbitrate the trade secret issues" is substantive, not procedural. ITC Order 26 at 6. Second, the case law cited by BN in support of its argument does not support the distinction between substantive and procedural decisions. BN Opp. at 14 (citing *Lubrizol Corp. v. Exxon Corp.,* 929 F.2d 960, 963 (3d Cir. 1991) (noting that the only dispute in the case concerned whether there was a "subsequent suit based on the same cause of action")).

cannot complain about litigating in multiple fora – indeed, in the past year, BN has brought suit against Acambis in this Court, before the ITC, and in Austria.

### III. All of BN's Trade Secrets Claims are Subject to the Arbitration Agreement

Lastly, BN erroneously argues that it has asserted trade secrets violations that fall outside of the parties' binding arbitration agreement. More specifically, BN argues that the NIH may have conveyed secrets to Acambis prior to the date of the arbitration agreement. But that argument is wholly unsupported in fact and belied by BN's own filings in this case.

For example, no allegations in the Complaint suggest that NIH conveyed any trade secret information to Acambis. *See* Compl. at ¶¶ 35-38, 53-63. While Count II repeatedly refers to Acambis' receipt of an "attenuated MVA strain . . . from NIAID NIH," it further alleges that the use of that strain "required adoption and use of Bavarian Nordic's MVA-BN® proprietary technology *disclosed to [Acambis] during the June 12, 2002* meeting [between BN and Acambis]." BN Compl. at ¶¶ 56-58 (emphasis added).[6] Further, BN does not propose any amendments to Count II to add any allegations suggesting that the NIH conveyed trade secret information to Acambis. *Compare* Compl. ¶¶ 51-61 *and* Proposed Amend. Compl. ¶¶ 53-63.

Similarly, in its only interrogatory responses on trade secrets, BN does not even mention the NIH. *See* Ex. B to Motion. Those interrogatories asked BN to

---

[6] The Complaint also alleges that NIH may have used BN's "proprietary technology" in plaque purifying or attenuating an MVA strain. *See* Compl. ¶ 57. However, that allegation does not suggest that NIH conveyed any information to Acambis, and the same allegation was included in the ITC trade secrets claim that the ALJ dismissed for arbitration (*see* Acambis Motion to Stay (D.I. 12), Ex. A at ¶ 68).

"[i]dentify and describe in detail" the following: (1) "each trade secret alleged in Count II ('Misappropriation of Trade Secrets') of the Complaint to have been misappropriated by Acambis"; (2) "each trade secret that [it] alleges has been misappropriated by Acambis in this action that is not included in BN's trade secret claim in the ITC action"; and (3) "each act or omission of Acambis that BN alleges constitutes misappropriation." *Id.* at Interrogatory Nos. 4-6. Each of the interrogatories asked BN to "state each fact which supports or relates to" the requested subject matter, to "identify each person with knowledge of such facts," and "to identify all documents relating thereto." *Id.* Nowhere in its responses does BN reference NIH or any employee thereof. To the contrary, it merely references discussions between Acambis and BN in "the spring and summer of 2002," *after* the parties entered into the arbitration agreement. *See id.* at Interrogatory Nos. 4 & 6. BN has never supplemented nor amended those responses.[7] *See* Fed. R. Civ. P. 26(e)(2).

Likewise, BN's responses to interrogatory requests state that BN, not NIH, disclosed "a *complete* overview of BN's MVA-BN smallpox program" to Acambis. *See* Ex. B at Interrogatory No. 4 (emphasis added). Indeed, despite months of discovery from Acambis and a full evidentiary hearing in the ITC proceeding, BN cannot cite to a single specific disclosure to Acambis by NIH. The *only* "evidence" that BN points to in support of this new argument is testimony that Acambis had telephone conferences with NIH "to discuss the use of MVA as a smallpox vaccine." BN Opp. at 15. But there is no

---

[7] BN wrongly asserts that the interrogatories attached to Acambis' motion "were specific to the ITC investigation, not the case in Delaware." BN Opp. at 15. As is evident from the face of the discovery, they were served in this action and sought responses for BN's claim in this case. *See* Ex. B to Motion.

suggestion whatsoever in that testimony that NIH conveyed any trade secret information to Acambis.[8]

BN argues that it has not had the opportunity to take discovery relating to contacts between Acambis and the NIH. BN Opp. at 15. But Acambis has fully responded to all BN's discovery requests concerning NIH and fully disclosed all information and communications. Further, while the NIH refused to submit to ITC jurisdiction (in response to subpoenas issued to NIH at the request of both BN and Acambis), the NIH produced close to 500 pages of materials in connection with the ITC investigation. If BN believed additional discovery would have been fruitful, it could have requested that the ITC General Counsel seek judicial enforcement of the subpoena in District Court. It did not do so. Acambis is also unaware of any discovery requests to NIH in this action, so it appears BN is not pursuing any additional discovery from the NIH.[9]

Further, given the "presumption of arbitrability," unless BN's NIH-related assertions can be said with "positive assurance" not to be "related to [the] Agreement," they must be sent to arbitration. *See Battaglia v. McKendry*, 233 F.3d 720, 725 (3d Cir. 2000) (quoting *AT&T Techs., Inc. v. Comm. Workers of Am.*, 475 U.S. 643, 650 (1986)); *BAE Systems*, 224 F.R.D. at 585 ("Any doubts as to the scope of arbitrable issues should

---

[8] BN falsely states that such testimony came in the context of "discovery conducted in this case." BN Opp. at 15. In fact, the referenced 30(b)(6) deposition, like all other evidence offered by BN in support of its opposition, was taken in the ITC proceeding, not in this case. Further, it is no surprise that Acambis would be communicating with the NIH regarding the use of MVA as a smallpox vaccine given that it sought to bid on and procure government contracts for such a vaccine.

[9] BN recently served a subpoena to Dr. Bernard Moss of the NIH (after the filing of Acambis Motion), but only in his individual capacity as a past consultant for Oravax, a predecessor to Acambis, not concerning Dr. Moss' work at NIH.

be resolved in favor of arbitration."); *see also* Ex. A to Motion at ¶5.1 (requiring that "[a]ll disputes and difference of any kind related to this Agreement" be arbitrated). If this aspect of BN's claim is not sent to arbitration or dismissed outright, it should be stayed under the FAA pending arbitration of the rest of BN's trade secrets claim. *See* 9 U.S.C. § 3.

## CONCLUSION

Based on the foregoing, Count II of this action should be dismissed, or in the alternative stayed, pursuant to the parties' mandatory arbitration agreement.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

   *Attorneys for Defendants*
   *Acambis Inc. and Acambis plc*

OF COUNSEL:

William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
202.344.4000

Dated:  July 26, 2006
530461

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>John W. Shaw, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on July 26, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
|---|---|
| John W. Shaw, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE  19801 | Edward A. Pennington<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street, Suite 300<br>Washington, DC  20007 |

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)