EXHIBIT D

PUBLIC VERSION

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of<br><br>**Certain Modified Vaccinia Ankara ("MVA") Viruses and Vaccines and Pharmaceutical Compositions Based Thereon** | Investigation No. 337-TA-550 |

MEMORANDUM IN OPPOSITION
TO RESPONDENT'S MOTION FOR SUMMARY DETERMINATION

Dated: March 30, 2006

Edward A. Pennington
Robert C. Bertin
Stephanie D. Scruggs
BINGHAM MCCUTCHEN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 295-8478

*Counsel for Complainant Bavarian Nordic A/S*

9299654v2

PUBLIC VERSION

# TABLE OF CONTENTS

I. INTRODUCTION AND PROCEDURAL POSTURE .................................................. 1
II. FACTUAL BACKGROUND ....................................................................................... 3
III. ARGUMENT ................................................................................................................ 7
   A. The Legal Standard for Summary Determination .................................................. 7
   B. Patent Infringement ................................................................................................ 7
      1. The Applicable Law for Patent Infringement and Claim Construction ........... 7
      2. Construction of Claim 1 of the '893 Patent ...................................................... 9
      3. Construction for the Claim 1 of the '752 Patent ............................................. 12
      4. MVA3000 Infringes ........................................................................................ 14
      5. Anticipation Under 35 U.S.C. § 102 ............................................................... 15
   C. Trade Secret Misappropriation ............................................................................. 27
      1. There Was No Public Disclosure of the Trade Secrets ................................... 28
      2. Arbitration ....................................................................................................... 36
   D. Conversion ............................................................................................................ 37
      1. Acambis' Commercial Use of the MVA-572 Virus to Manufacture and Import MVA3000 Is Unlawful, Was Done with Knowledge of the Risks of Bavarian Nordic's Rights in the MVA-572 Virus and in Spite of NIH's Admonishment that Acambis Conduct its Own Due Diligence ............................................................................................................. 37
   E. Domestic Industry ................................................................................................ 42
      (a) Bavarian Nordic Has Produced Sufficient Evidence to Establish a Domestic Industry Under § 337(a)(3)(C). ................................................................................................. 43
      (b) Bavarian Nordic Has Produced Sufficient Evidence to Establish a Domestic Industry Under § 337(a)(3)(A) and (B). .............................................................................. 47
IV. CONCLUSION .......................................................................................................... 50

### 2. Arbitration

Acambis also moves for a summary determination on the issue of trade secret misappropriation on the basis of an arbitration clause. Acambis claims that Bavarian Nordic will not be prejudiced by a dismissal because it was on notice that arbitration was a defense from Acambis' answer. On March 20, 2006, the Commission Investigative Staff ("Staff") also filed a Motion to Terminate the investigation as to Complainant's trade secret allegations on the same basis. Bavarian Nordic opposed the staff's motion on the basis of lack of standing, questioning whether under the amended statute, the arbitration clause must be invoked by a party to the contract. *See e.g., Britton v. Co-op Banking Group,* 916 F.2d 1405, 1413 (9th Cir. 1990) (holding that while a "third party beneficiary or an agent of one of the parties to the contract may have standing to compel arbitration" generally speaking "one who is not a party to a contract has no standing to compel arbitration").

Acambis has never invoked the arbitration clause [          ], even in its Motion to Terminate, filed on November 2, 2005, even though numerous other grounds were raised, and ultimately rejected. And now, even though Acambis "supports" the Staff's Motion to Terminate and indeed has now identified this a basis for termination, Acambis has taken a "non-supporting" and quite the opposite position, by filing its own Motion for Summary Determination on the trade secret claims.

Clearly, parties to an agreement can waive an arbitration clause by simply not invoking the clause, electing instead to litigate their differences in other forums. *See, e.g., Creative Solutions Group, Inc. v. Pentzer Corp.,* 252 F.3d 28, 32-33 (1st Cir. 2001); *Metz v. Merrill*

36

*Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482 (10th Cir. 1994); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 926 (3d Cir. 1992); *Kelly v. Golden*, 352 F.3d 344 (8th Cir. 2003); *Brown v. Dillard's, Inc.*, 430 F.3d 1004 (9th Cir. 2005). The fact that Acambis has elected to undergo full discovery on the trade secret issues, file an initial witness list and file a Motion for Summary Determination on those issues, would seem to speak loudly to its decision not to invoke the arbitration clause, as would Bavarian Nordic's filing of the present ITC complaint and the companion case in the U.S. District Court for the District of Delaware. Thus, Bavarian Nordic opposes the motion for summary determination of the trade secret issue on the basis of the arbitration clause.

### D. Conversion

1. **Acambis' Commercial Use of the MVA-572 Strain to Manufacture and Import MVA3000 Is Unlawful, Was Done with Knowledge of the Risks of Bavarian Nordic's Rights in the MVA-572 Strain and in Spite of NIH's Admonishment that Acambis Conduct its Own Due Diligence**

Bavarian Nordic brought a claim for Acambis' unauthorized and wrongful commercial use of the MVA-572 strain, and its progeny, [

PUBLIC VERSION

] While a value-added approach is indeed inapplicable to this investigation, however, the case law is unclear about what kind of comparison *would* be appropriate under criteria (A) and (B).

As noted above, domestic licensing of the patented product can itself be sufficient to establish a domestic industry. *See Certain Optical Disk Controller Chips*, at 161-62.

For the foregoing reasons, Bavarian Nordic has produced sufficient documentary evidence to support its domestic industry under criteria A or B, but particularly C. Thus, Summary Determination should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Bavarian Nordic submits that MVA3000 infringes the asserted claims of the '893 patent and that genuine issues of material fact exist with regard to invalidity of the asserted claims of the '752 patent, misappropriation of trade secrets, conversion, and domestic industry. Accordingly, Acambis' motion for summary determination should be summarily denied.

Dated: March 30, 2006

/s/ Edward A. Pennington

Edward A. Pennington
Robert C. Bertin
Serge Sira
Stephanie D. Scruggs
BINGHAM McCUTCHEN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 295-8478

*Counsel for Complainant Bavarian Nordic A/S*

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington D.C.

Before the Honorable Robert L. Barton, Jr.
Administrative Law Judge

| | |
|---|---|
| In the Matter of                                             )<br>                                                                    )<br>Certain Modified Vaccinia Ankara          )<br>("MVA") Viruses and Vaccines and        )<br>Pharmaceutical Compositions Based     )<br>Thereon                                                    )<br>                                                                    ) | Inv. No. 337-TA-550 |

**COMPLAINANT'S OPPOSITION BASED ON STANDING TO THE COMMISSION INVESTIGATIVE STAFF'S MOTION TO TERMINATE INVESTIGATION WITH RESPECT TO COMPLAINANT'S TRADE SECRET ALLEGATIONS**

**INTRODUCTION**

On March 20, 2006, the Commission Investigative Staff ("Staff") filed a Motion to Terminate the investigation as to Complainant's trade secret allegations, relying on an arbitration clause of a Confidentiality agreement ("the Agreement") entered into between Complainant Bavarian Nordic A/S ("Bavarian Nordic"), and Respondent Acambis plc ("Acambis").

In its Memorandum, the Staff correctly noted that Bavarian Nordic and Acambis entered into a Secrecy Agreement in February of 2002 "for the purpose of facilitating licensing negotiations between the two companies." (Staff Mem. at 2.) Licensing negotiations did in fact occur in June of 2002 at Acambis's offices in Boston, Massachusetts. The Secrecy Agreement imposed a duty on Acambis not to misappropriate the trade secret information conveyed to them

at the meeting. Violation of this duty is the essence of the trade secret portion of Bavarian Nordic's complaint.

The Staff also correctly noted that the Secrecy Agreement included an arbitration clause which, if invoked by either party to the agreement, may have required the parties to submit "disputes and differences" under the agreement to the Rules of the International Chamber of Commerce. Arbitration, according to the Secrecy Agreement, would have to take place in Frankfurt, Germany. (Staff Mem. at 3.)

Acambis has never invoked the arbitration clause of the Secrecy Agreement. In its Motion to Terminate, filed on November 2, 2005, Acambis did not raise arbitration as grounds for termination, even though numerous other grounds were raised, and ultimately rejected, by Judge Barton. And now, even though the Staff states that Acambis "supports" the Staff's Motion to Terminate, Acambis has taken a "non-supporting" and quite the opposite position, by filing its own Motion for Summary Determination on the trade secret claims. According, while Acambis states that it does not oppose the Staff's motion to terminate, Acambis has clearly demonstrated that it has no intention of invoking the arbitration clause of the Secrecy Agreement.

The Staff's Motion to Terminate assumes that the staff has the power, or standing, to invoke the arbitration clause of a contract between two parties, neither of whom has to date invoked the clause. Bavarian Nordic opposes this motion on the basis that the staff lacks standing to assert an arbitration clause.

I.   **DISCUSSION**

The Staff's Memorandum provides a good historical review of arbitration issues before the ITC. These cases typically involve a respondent moving for summary determination, or to

2

terminate, based on an arbitration clause of a contract to which the respondent is a party. The current situation involves an arbitration clause where neither party to the contract has elected to invoke the clause.

As noted by the Staff, prior to 1994, Section 337(c) did not contain a provision allowing termination on the basis of an arbitration agreement, citing *Farrel Corp. v. U.S. International Trade Commission*, 949 F.2d 1147, 1153 (Fed. Cir. 1991). In *Farrel*, the respondent Pomini Farrel S.p.A. ("Pomini") asserted, as an affirmative defense, the "existence of binding arbitration agreements between the parties requiring that all disputes ...be resolved by an arbitration panel of the ICC." *Id.* at 1149. Pomini, not the Staff, moved for Summary Determination on the basis of the arbitration agreement. *Id.* at 1150.

The implicit holding of *Farrel* was that, at least as of 1991, the ITC had no power to terminate an investigation based on an arbitration clause of an agreement, even when that clause is invoked by a party to the agreement, and that party makes the motion to terminate.

The Staff noted that *Farrel* was overruled by statute in 1994, when Congress amended Section 337(c) to specifically mention arbitration as a grounds to terminate. (Staff Mem. at 4.) However, while Bavarian Nordic agrees that the present case is one of first impression, *Id.* at 5, Bavarian Nordic questions whether under the amended statute, the arbitration clause must be invoked by a party to the contract. *See e.g.*, *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1413 (9th Cir. 1990) (holding that while "a third party beneficiary or an agent of one of the parties to the contract may have standing to compel arbitration," generally speaking "one who is not a party to a contract has no standing to compel arbitration"). Clearly, parties to an agreement can waive an arbitration clause by simply not invoking the clause, electing instead to litigate their differences in other forums. The fact that Acambis has elected to undergo full discovery on

3

the trade secret issues, file an initial witness list and file a Motion to Summary Determination on those issues, would seem to speak loudly to its decision not to invoke the arbitration clause, as would Bavarian Nordic's filing of the present ITC complaint and the companion case in the U.S. District Court for the District of Delaware.

With respect to Acambis's Motion for Summary Determination on the issue of trade secret misappropriation, filed on the same day as the Staff's Motion to Terminate with respect to the trade secret claims, Bavarian Nordic will oppose Acambis' motion on the merits, since material facts are in dispute.

## II.    SUMMARY

For the foregoing reasons, Bavarian Nordic opposes the Staff's Motion to Terminate on the basis of lack of standing. Only a party to the contract has standing to invoke an arbitration clause, and neither party to the Secrecy Agreement has done so. The ITC has the authority to grant a motion to terminate on the basis of arbitration, but only when one of the parties to the arbitration agreement elects to assert the arbitration clause. Even then, only the party seeking to enforce the arbitration clause has standing move to terminate.

Dated: March 28, 2006

*/s/ Edward A. Pennington*
Edward A. Pennington
Robert C. Bertin
Stephanie D. Scruggs
BINGHAM McCUTCHEN
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
Telephone: (202) 424-7500
Facsimile: (202) 295-8478

*Counsel for Complainant Bavarian Nordic A/S*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March 2006, copies of COMPLAINANT'S OPPOSITION BASED ON STANDING TO THE COMMISSION INVESTIGATIVE STAFF'S MOTION TO TERMINATE INVESTIGATION WITH RESPECT TO COMPLAINANT'S TRADE SECRET ALLEGATIONS were served as follows:

**VIA HAND DELIVERY:**

| | |
|---|---|
| The Honorable Marilyn R. Abbott<br>Secretary<br>U.S. International Trade Commission<br>500 E Street, S.W.<br>Washington, DC  20436 | (original plus six copies) |
| The Honorable Robert L. Barton, Jr.<br>U.S. International Trade Commission<br>500 E Street S.W., Suite 317<br>Washington, DC  20436 | (two copies) |
| Commission Investigative Attorney<br>Erin D.E. Joffre, Esq.<br>Thomas S. Fusco, Esq.<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W.<br>Washington, D.C. 20436 | (two copies) |
| Counsel for Respondent Acambis Plc<br>Eric S. Namrow, Esq.<br>Venable LLP<br>575 7th Street, N.W.<br>Washington, D.C. 20004 | (one copy) |

**VIA ELECTRONIC TRANSMISSION**
Kimberly Parke, Esq.
Attorney-Advisor of Administrative Law Judge
Kimberly.Parke@usitc.gov

_/s/ Krista L. Lynch_
Krista L. Lynch
BINGHAM McCUTCHEN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C.  20007
(202) 424-7755

# EXHIBIT E

## FILED SEPARATELY UNDER SEAL

EXHIBIT F

UNITED STATES INTERNATIONAL TRADE COMMISSION
Washington, D.C.

In the Matter of

CERTAIN MODIFIED VACCINIA
ANKARA ("MVA") VIRUSES AND
VACCINES AND PHARMACEUTICAL
COMPOSITIONS BASED THEREON

Investigation No. 337-TA-550

NOTICE OF DECISION NOT TO REVIEW INITIAL DETERMINATION
GRANTING THE COMMISSION INVESTIGATIVE ATTORNEY'S
MOTION TO TERMINATE THE INVESTIGATION WITH
RESPECT TO COMPLAINANT'S TRADE SECRET ALLEGATIONS

AGENCY: U.S. International Trade Commission.

ACTION: Notice.

SUMMARY: Notice is hereby given that the U.S. International Trade Commission has determined not to review the administrative law judge's ("ALJ") initial determination ("ID") (Order No. 26) granting the Commission investigative attorney's ("IA") motion to terminate the investigation with respect to complainant's trade secret allegations.

FOR FURTHER INFORMATION CONTACT: Michelle Walters, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 708-5468. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at *http://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *http://edis.usitc.gov*. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

SUPPLEMENTARY INFORMATION: This investigation was instituted on September 23, 2005, based on a complaint filed by Bavarian Nordic A/S ("BN") of Denmark. The complaint alleges violations of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337) in the importation into the United States, the sale for importation, and the sale within the United States after

importation of certain Modified Vaccinia Ankara ("MVA") viruses and vaccines and pharmaceutical compositions based thereon by reason of infringement of various claims of United States Patent Nos. 6,761,893 and 6,913,752. The complaint also alleges violations of section 337 in the importation of certain MVA viruses and vaccines and pharmaceutical compositions based thereon or in the sale of such articles by reason of misappropriation of trade secrets, the threat or effect of which is to destroy or substantially injure an industry in the United States. The complaint named a single respondent, Acambis PLC ("Acambis") of the United Kingdom.

On March 20, 2006, the IA filed, pursuant to 19 C.F.R. § 210.21(a)(2), a motion to terminate the trade secret portion of this investigation based on an arbitration agreement between BN and Acambis. Acambis supported the IA's motion to terminate. BN filed an opposition to the IA's motion, asserting that the IA did not have standing to file the motion.

On April 14, 2006, the ALJ issued an ID (Order No. 26) granting the IA's motion to terminate the investigation with respect to complainant's trade secret allegations. The ALJ rejected BN's assertion that the IA lacked standing to bring this motion, because, pursuant to Commission Rule 210.21(a)(2) (19 C.F.R. § 210.21(a)(2)), any party may move to terminate the investigation based on an agreement to arbitrate the matter. Moreover, the ALJ concluded that termination of the trade secret allegations was appropriate in this case, because the agreement between BN and Acambis includes a mandatory arbitration provision that covers the trade secret claims. No petitions for review of this ID were filed.

Having examined the record of this investigation, the Commission has determined not to review the ALJ's ID granting the IA's motion to terminate the investigation with respect to complainant's trade secret allegations.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in section 210.42 of the Commission's Rules of Practice and Procedure (19 C.F.R. § 210.42).

By order of the Commission.

Marilyn R. Abbott
Secretary to the Commission

Issued: May 9, 2006

2

CERTAIN MODIFIED VACCINIA ANKARA ("MVA")   337-TA-550
VIRUSES AND VACCINES AND PHARMACEUTICAL
COMPOSITIONS BASED THEREON

## CERTIFICATE OF SERVICE

I Marilyn R. Abbott, hereby certify that the attached **NOTICE OF DECISION NOT TO REVIEW INITIAL DETERMINATION GRANTING THE COMMISSION INVESTIGATIVE ATTORNEY'S MOTION TO TERMINATE THE INVESTIGATION WITH RESPECT TO COMPLAINANT'S TRADE SECRET ALLEGATIONS** has been served upon all parties and the Commission Investigative Attorneys, Thomas Fusco, Esq., and Erin Joffre, Esq., via first class mail and air mail where necessary on May 12, 2006.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436


**BAVARIAN NORDIC A/S:**

Edward A. Pennington, Esq.
**BINGHAM MCCUTCHEN LLP**
3000 K Street, N.W. Suite 300
Washington, D.C. 20007-5116
P-202-424-7500
F-202-424-7647


**ON BEHALF OF RESPONDENT**
**ACAMBIS plc:**

Eric S. Namrow, Esq.
**VENABLE LLP**
575 7th Street, N.W.
Washington, D.C. 20004
P-202-344-4621
F-202-344-8300