IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-614 (SLR) |
| | ) | |
| ACAMBIS INC. and | ) | |
| ACAMBIS, PLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that plaintiff Bavarian Nordic A/S is serving the attached subpoena upon the Custodian of Records, Heller Ehrman LLP.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ signatures/*

John W. Shaw (No. 3362)
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
fmuttamara-walker@ycst.com
-and-
Edward A. Pennington
Robert C. Bertin
Stephanie D. Scruggs
SWIDLER BERLIN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
(202) 424-7500

*Attorneys for Plaintiff Bavarian Nordic*

Dated: August 4, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
## DISTRICT OF COLUMBIA

BAVARIAN NORDIC A/S

V.

ACAMBIS, INC. and ACAMBIS, PLC

SUBPOENA IN A CIVIL CASE

CASE NUMBER:1 05-614-SLR
U.S. District Court for
the District of Delaware

To: CUSTODIAN OF RECORDS
    Heller Ehrman LLP, 1717 Rhode Island Avenue, N.W. Washington, D.C. 20036

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Attachment A

| PLACE Bingham McCutchen LLP, 3000 K Street, N.W., Suite 300, Washington, D.C. 20007 | DATE AND TIME 8/21/06 - 5 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Christian Douglas Wright #3554 | DATE August 4, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  Christian Douglas Wright (302) 571-6691
The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Attachment A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Bavarian Nordic A/S ("Bavarian Nordic") hereby requests production of the documents listed below at the time and place specified in the subpoena that is served upon you herewith:

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A. **"And"** and **"or"** shall be construed conjunctively and disjunctively, as necessary, to make the document request inclusive rather than exclusive.

B. **"Baxter Affiliate"** shall mean Baxter International Inc., and/or any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or any person acting on its behalf or under its control.

C. **"Communication"** or **"Communications"** means any type of oral, written, magnetic, electronic, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

D. **"Concerning"** means containing, embodying, evidencing, reflecting, supporting, identifying, stating, referring to, contradicting, rebutting, inconsistent with, dealing with, bearing upon, relating to or in any way pertaining to, directly or indirectly.

E.  **"Documents"** shall have the broadest meaning ascribed to them by the applicable rules and case law, including but not limited to electronic files and electronic mail.

F.  **"Falko Falkner"** is a natural person.

G.  **"Falko Falkner Interference"** means the proceedings before the Administrative Patent Judge, Board of Patent Appeals and Interferences or the U.S. Court of Appeals for the Federal Circuit in Interference No. 105,187, in which Heller Ehrman, LLP represented Falko Falkner and others.

H.  **"Heller Affiliate"** shall mean the Heller Ehrman, LLP, any subsidiaries, and all its offices and personnel, including but not limited to employees, staff, attorneys and technical professionals or any person acting on its behalf or under its control.

I.  **"Miles Carroll"** is a natural person.

J.  **"Person"** refers to any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

K.  The singular includes the plural and vice versa; the masculine includes the feminine and vice versa; and verb tenses include the past, present, and future.

## INSTRUCTIONS

A.  If any information called for by one of these Document requests is withheld because you allege that such information is contained in a privileged document and/or communication,

2

identify each relevant document and/or communication in accordance with the Federal Rules of Civil Procedure.

B.      If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, clearly indicate the portions as to which the privilege is claimed. Any redaction must be clearly visible on the redacted document.

C.      Where an identified document is in a language other than English, state whether an English translation of such document exists. If a document is in a language other than English and an English translation exists, identify and provide both documents.

## DOCUMENT REQUESTS

1.      All documents, including, but not limited to, invoices, statements, or other billing records, concerning monies paid to Miles Carroll in connection with his work on the Falko Falkner Interference.

2.      All drafts of the declarations submitted by Miles Carroll in the Falko Falkner Interference.

3.      All documents concerning any communication between Miles Carroll and any Baxter Affiliate in connection with the Falko Falkner Interference.

4.      All documents concerning any communication between Miles Carroll and any Heller Affiliate in connection with the Falko Falkner Interference.

3

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire, hereby certify that on August 4, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham [mbgefiling@mnat.com]
> James Walter Parrett, Jr. [jparrett@mnat.com]
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE 19899
> (302) 658-9200

I further certify that on August 4, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel by hand delivery and on the following non-registered participants in the manner indicated:

> *By E-Mail and Federal Express*
>
> William D. Coston [wdcoston@venable.com]
> VENABLE LLP
> 575 7th Street, NW
> Washington, DC 20004-1601
> (202) 344-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ D. Fon Muttamara-Walker
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: fmuttamara-walker@ycst.com
*Attorneys for Plaintiff, Bavarian Nordic A/S*