IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, ) <br> ) <br> Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> ACAMBIS INC. and ) <br> ACAMBIS, PLC, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 05-614 (SLR) |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that plaintiff Bavarian Nordic A/S is serving the attached subpoena upon John P. Isacson, Esquire.

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        _/s/_

        John W. Shaw (No. 3362)
        D. Fon Muttamara-Walker (No. 4646)
        The Brandywine Building, 17th Floor
        1000 West Street
        Wilmington, DE 19801
        (302) 571-6600
        fmuttamara-walker@ycst.com
        -and-
        Edward A. Pennington
        Robert C. Bertin
        Stephanie D. Scruggs
        BINGHAM MCCUTCHEN LLP
        3000 K Street, N.W.
        The Washington Harbour
        Washington, D.C. 20007
        (202) 424-7500

        *Attorneys for Plaintiff Bavarian Nordic*

Dated: August 15, 2006

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

| | |
|---|---|
| BAVARIAN NORDIC A/S | SUBPOENA IN A CIVIL CASE |
| V. | CASE NUMBER:1 05-614-SLR – U.S. District |
| ACAMBIS, INC. and ACAMBIS, PLC | Court for the District of Delaware |

To: John P. Isacson, Esq.
   Proskauer Rose LLP, 1001 Pennsylvania Avenue, N.W., Suite 400, Wash, D.C. 20004

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Attachment A

| PLACE  Bingham McCutchen LLP, 3000 K Street, N.W. Suite 300, Washington, D.C. 20007 | DATE AND TIME  8/29/06 – 5 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ | August 15, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  Robert C. Bertin, Bingham McCutchen LLP
3000 K Street, N.W., Suite 300, Washington, D.C. 20007 – (202) 373-6672

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               Date

_____
Signature of Server

_____
Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney In breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit Inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition. hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may. within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made. the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party Serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who Is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, Is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may In order to attend trial be commanded to travel from any such place within the state in which the trial Is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies. or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial Information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena. quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that Cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories In the demand.

(2) when information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Attachment A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Bavarian Nordic A/S ("Bavarian Nordic") hereby requests production of the documents listed below at the time and place specified in the subpoena that is served upon you herewith:

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

A.  **"And"** and **"or"** shall be construed conjunctively and disjunctively, as necessary, to make the document request inclusive rather than exclusive.

B.  **"Baxter Affiliate"** shall mean Baxter International Inc., and/or any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or any person acting on its behalf or under its control.

C.  **"Communication"** or **"Communications"** means any type of oral, written, magnetic, electronic, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

D.  **"Concerning"** means containing, embodying, evidencing, reflecting, supporting, identifying, stating, referring to, contradicting, rebutting, inconsistent with, dealing with, bearing upon, relating to or in any way pertaining to, directly or indirectly.

E. **"Documents"** shall have the broadest meaning ascribed to them by the applicable rules and case law, including but not limited to electronic files and electronic mail.

F. **"Falko Falkner"** is a natural person.

G. **"Falko Falkner Interference"** means the proceedings before the Administrative Patent Judge, Board of Patent Appeals and Interferences or the U.S. Court of Appeals for the Federal Circuit in Interference No. 105,187, in which you represented Falko Falkner and others.

H. **"Heller Affiliate"** shall mean Heller Ehrman, LLP, any subsidiaries, and all its offices and personnel, including but not limited to employees, staff, attorneys and technical professionals or any person acting on its behalf or under its control.

I. **"Miles Carroll"** is a natural person.

J. **"Person"** refers to any natural person, firm, association, organization, partnership, business, trust, corporation or public entity.

K. **"Proskauer Affiliate"** shall mean Proskauer Rose LLP, any subsidiaries, and all its offices and personnel, including but not limited to employees, staff, attorneys and technical professionals or any person acting on its behalf or under its control.

L. **"You"** shall mean John P Isacson. Esq., and any other person who represented Falko Falkner, and others in the Falko Falkner Interference.

M. The singular includes the plural and vice versa; the masculine includes the feminine and vice versa; and verb tenses include the past, present, and future.

## INSTRUCTIONS

A.  If any information called for by one of these Document requests is withheld because you allege that such information is contained in a privileged document and/or communication, identify each relevant document and/or communication in accordance with the Federal Rules of Civil Procedure.

B.  If a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, clearly indicate the portions as to which the privilege is claimed. Any redaction must be clearly visible on the redacted document.

C.  Where an identified document is in a language other than English, state whether an English translation of such document exists. If a document is in a language other than English and an English translation exists, identify and provide both documents.

## DOCUMENT REQUESTS

1.  All documents, including, but not limited to, invoices, statements, or other billing records, concerning monies paid to Miles Carroll.

2.  All drafts of the declarations submitted by Miles Carroll in the Falko Falkner Interference.

3.  All documents concerning any communication between Miles Carroll and any Baxter Affiliate.

4.  All documents concerning any communication between Miles Carroll and any Heller Affiliate or Proskauer Affiliate.

3

9302761v1

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire, hereby certify that on August 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham [mbgefiling@mnat.com
> James Walter Parrett, Jr. [jparrett@manat.com]
> MORRIS, NICHOLS, ARHST & TUNNELL, LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19899

I further certify that on August 15, 2006, I caused a copy of the foregoing document to be served to the above-listed counsel by hand delivery and on the following non-registerd participants in the manner indicated:

### *By E-mail and Federal Express*

> William D. Coston [wdcoston@venable.com]
> VENABLE LLP
> 575 7th Street, N.W.
> Washington, DC 2004-1601
> (202) 344-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ D. Fon Muttamara-Walker

D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
Email: Fmuttamara-walker@ycst.com
*Attorney for Plaintiff, Bavarian Nordic A/S*