IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 05-614-SLR |
| | ) | |
| ACAMBIS INC. and | ) | |
| ACAMBIS PLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 21st day of August, 2006, having reviewed defendants' motion to dismiss in favor of mandatory arbitration, and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 49) is granted, for the reasons that follow:

1. Plaintiff brought the instant litigation against defendants based on alleged acts of unfair trade practices, tortious conversion, misappropriation of trade secrets in violation of state law, and unfair competition under the Lanham Act. Plaintiff also brought suit against defendants at the International Trade Commission ("ITC") alleging unfair acts in the importation of goods into the United States, including patent infringement and trade secret misappropriation. The trade secret misappropriation claim was terminated from the ITC proceeding

based on the parties' agreement to arbitrate the matter. (D.I. 65, ex. F) Thereafter, defendants filed the instant motion.

2. When parties have entered into valid and enforceable agreements to arbitrate their disputes, Congress has mandated that those agreements be honored, absent extraordinary circumstances. Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* Consistent therewith, the courts have recognized a "liberal policy in favor of enforcing arbitration agreements under the [FAA.]" The U.S. Small Bus. Adm. v. Chimicles, 447 F.3d 207, 209 (3d Cir. 2006); Harris v. Green Tree Fin. Corp., 183 F.3d 173, 179-180 (3d Cir. 1999).

3. Plaintiff concedes that the arbitration agreement at issue is valid and enforceable. Plaintiff argues, instead, that defendants have waived their right to arbitrate by not asserting such earlier in the case. In addition, plaintiff argues that not all aspects of its trade secret claims are included within the scope of the arbitration agreement.

4. As noted by plaintiff, "prejudice is the touchstone for determining whether the right to arbitrate has been waived." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir. 1992). The question, then, is whether plaintiff has demonstrated any prejudice from the procedural matters defendants raised before moving to arbitrate.

5. The court concludes that no prejudice has been

2

demonstrated. Plaintiff chose to simultaneously litigate against defendants in two fora - the district court and the ITC. Defendants filed a motion to stay this litigation pending resolution of the ITC proceeding. This motion was denied at plaintiff's request and a scheduling order was subsequently entered. In May, both plaintiff and defendants filed motions to amend their respective pleadings.[1] Although discovery has commenced, plaintiff concedes that there has been little, if any, activity in the present action. (D.I. 44 at 2) Unlike the cases cited by plaintiff in its opposition papers, defendants at bar have not raised numerous pretrial proceedings otherwise conducted this litigation in a manner that prejudices plaintiff.

_____
United States District Judge

---

[1] Both plaintiff and defendants timely moved to amend their pleadings, plaintiff to add Professor Anton Mayr as co-plaintiff, defendants to add seven counterclaims including those of patent invalidity and unenforceability, *Walker Process* and sham litigation. Plaintiff's motion to amend the complaint (D.I. 35) is granted; defendants' motion to amend their answer (D.I. 38) is denied. Plaintiff's amendment adds a narrowly defined issue to the case and, indeed, defendants have already conducted discovery as to Prof. Mayr in the ITC case. Defendants' amendments change the very nature of the case and, at this relatively late stage of the proceedings, cannot be accommodated.

3