IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-614 (SLR) |
| | ) | |
| ACAMBIS INC. and | ) | |
| ACAMBIS, PLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Bavarian Nordic A/S and Defendants Acambis Inc. and Acambis plc believe that certain information that is or may be sought through discovery in this action constitutes trade secrets or other "confidential research, development, or commercial information" within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, Plaintiff and Defendants believe that it would facilitate discovery to produce such information under a protective order pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P.37(b),

IT IS HEREBY ORDERED as follows:

1. <u>Definitions:</u>

   (a) "Discovery Material" means any and all documents, testimony, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other information produced or otherwise provided by a party or non-party to another party or non-party in connection with discovery in this litigation.

(b)    "Designating Party" means any person or entity, whether a party to this lawsuit or not, who has designated documents and/or information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order.

(c)    "Producing Party" means any person or entity, whether a party to this lawsuit or not, who has produced documents or provided information in this litigation or from whom documents or information have been requested.

(d)    "Receiving Party" means any party who has received documents or information in this litigation.

(e)    "CONFIDENTIAL" information means information that the Producing Party in good faith believes to be "confidential research, development, or commercial information" within the meaning of Fed. R. Civ. P. 26(c), including financial information, proprietary business information, security measures, all nonpublic technical information, ongoing research and development projects, or other non-public information. "CONFIDENTIAL" information includes information produced in this proceeding or in the parallel ITC action, In the Matter of Certain Modified Vaccinia Ankara ("MVA") Viruses and Vaccines and Pharmaceutical Compositions Based Thereon, Investigation No. 337-TA-550, that has been designated "Confidential."

(f)    "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information means that subset of "CONFIDENTIAL" information, as defined in paragraph 1(d) above, that contains information, the disclosure of which to certain personnel of another party would likely cause injury to the producing or disclosing party.  "CONFIDENTIAL - ATTORNEY'S EYES ONLY" includes the most sensitive information, including but not limited to the following:  (1) financial information such as pricing, costs, profits, and revenues; (2) strategic and business plans,

including but not limited to information relating to business acquisitions and related due diligence materials; (3) contracts and licenses with third parties and all related agreements and negotiation materials; (4) non-public patent applications and filings and related materials; (5) Confidential Information produced in the ITC action relating to a third-party or produced by a third-party unless the third-party consents to a different designation in writing; and (6) information directly relating to U.S. Government Request for Proposals Numbers DHHS-ORDC-V&B-05-06 ("RFP-3"), NIH-NIAID-DMID-04-49 ("RFP-2"), and NIH-NIAID-DMID-03-44 ("RFP-1") including but not limited to the parties' responses to these RFPs (and all portions thereof) and all communications with the Government on technical and/or financial terms or conditions for bids associated with the bidding process for RFP-1, RFP-2 and/or RFP-3. "Confidential" information falling in any of the categories (1) – (6) immediately above and designated as "Confidential" information in the ITC action shall be deemed "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information for purposes of this case and protective order. Discovery material produced in this proceeding shall be so designated in accordance with the procedures set forth herein, provided that, prior to the designation, an attorney for the Designating Party shall review the discovery material and make such designation in good faith and based upon clearly articulable grounds as to why the document or documents require this treatment.  The designation of such information as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" will be deemed effective unless and until the Court orders otherwise pursuant to paragraph 6 of this Order.

(g)    "Confidential Discovery Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," in accordance with the procedures set forth below, including but not limited to:

DB02:5479202.1                                                                                                    064417.1001

(i)     Information furnished pursuant to Federal Rule of Civil Procedure
26.

(ii)    Information furnished or set forth in response to any discovery
request made under Fed. R. Civ. P. 31, 33, or 36, provided that, prior to disclosure to the
Receiving Party, the information or responses are plainly marked or otherwise identified by the
Designating Party on each page as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S
EYES ONLY."

(iii)   Information set forth in documents made available for inspection
by the Producing Party voluntarily or under Fed. R. Civ. P. 33(d) or 34 and that are identified at
the time of inspection as containing or comprising "Confidential Discovery Material." The party
producing information for inspection need not designate the information by stamping or labeling
it as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" until copies are
delivered to the inspecting party in response to the inspecting party requesting copies of the
information. Making documents and things available for inspection shall not constitute a waiver
of any claim of confidentiality, attorney-client privilege, or work-product immunity.

(iv)    Information set forth in any copies of documents produced to the
discovering party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery
of the copies to the Receiving Party, the copies are physically or digitally marked, as feasible, by
the Designating Party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES
ONLY." Each page, unit, or thing should be individually marked with the appropriate
designation, as feasible.

(v)     Information revealed by inspection of things or premises
voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting

inspection states in writing that its Confidential Discovery Material will be disclosed by the inspection and specifies in writing those parts of the things or those areas of the premises in which its "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information will be revealed.

(vi)    Information revealed during deposition upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Discovery Material ten (10) days after the deposition transcript becomes available, unless at the deposition or before the ten (10) day period has expired, the witness, his employer, or his counsel states on the record at the deposition, or gives written notice before the ten (10) day period expires, that "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information of the witness or his employer is set forth in the transcript.  In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information within ten (10) days after the deposition transcript becomes available.  In the case of information designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY," at the request of the Designating Party, all persons other than the witness who are not allowed to obtain such information pursuant to paragraph 5(a) shall leave the room during the time in which this information is disclosed or discussed.

(vii)    Any summary, digest, analysis, or comment on any Confidential Discovery Material identified in categories (i)-(v) above that is not immune from discovery due to attorney-client privilege or work product immunity.

(h)    Confidential Discovery Material shall not include any information that:

(i)      is or becomes publicly available without the Receiving Party's breach of any obligation owed to the Designating Party;

(ii)      is lawfully in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or

(iii)      is lawfully disclosed by a third party that is not subject to any confidentiality obligations at the time of disclosure.

2.      Manner of Designation

Any Party may designate a document as Confidential Discovery Material by stamping it "CONFIDENTIAL," or a substantial equivalent.  Material designated for protection pursuant to paragraph 5 of this Order must be conspicuously marked with the legend: "CONFIDENTIAL - ATTORNEY'S EYES ONLY."  All pages of any document that bears such a legend are subject to this Protective Order.  Provided, however, that Confidential information produced in the ITC action need not be produced again with a different designation.  Rather, such Confidential information shall be treated as CONFIDENTIAL or CONFIDENTIAL - ATTORNEY'S EYES ONLY in accordance with the criteria set forth in the Definitions herein. In addition, materials previously produced in this action and designated as "Highly Confidential Business Information" shall be treated as CONFIDENTIAL – ATTORNEY'S EYES ONLY.

3.      Use of Confidential Discovery Material

Confidential Discovery Material shall not be used or disclosed by any recipient for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated herein, unless and until the restrictions herein are removed by order of the Court or by written stipulation of the parties and Designating Party, subject to the approval of the Court.  Nothing herein shall prevent

-6-

disclosure beyond the terms of this protective order if the producing party consents in writing to such disclosure.

     4.    "CONFIDENTIAL" Information

     Discovery Material marked "CONFIDENTIAL" may only be disclosed to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

     (a)    One in-house counsel who is actively engaged in, or actively overseeing or monitoring this Action designated herein: Bavarian Nordic, Dr. Li Westerlund; and Acambis, Mr. Greg Waddoups;  provided, however, that any such disclosures to Dr. Li Westerlund or Mr. Greg Waddoups may be made only after they execute an undertaking acknowledging and agreeing to comply with this protective order in the form of Exhibit A, and shall only be made to them when they are in the offices of outside counsel.  Dr. Li Westerlund or Mr. Greg Waddoups may not remove or otherwise access or view CONFIDENTIAL information while they are away from outside counsel's office;

     (b)    Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel;

     (c)    Court personnel of the District of Delaware or, if on appeal, of a court with appellate jurisdiction, jurors in this action, and court reporters who record and/or transcribe deposition or other testimony in this action.

     (d)    Experts and consultants (including their employees) who are retained by a Party to assist in the litigation of this action provided the disclosing party complies with the procedures set forth in paragraphs 5(a)(ii) and 9(a) of this Order;

(e)     Third-party contractors and their employees who are retained by one or more Parties to provide litigation-support or copy services in connection with the litigation of this action; and

(f)     At a deposition or at trial, a deponent or other witness who is named as an author or recipient of the document designated as Confidential Discovery Material.

5.     "CONFIDENTIAL - ATTORNEY'S EYES ONLY" Information

(a)     Discovery Material marked "CONFIDENTIAL - ATTORNEY'S EYES ONLY" may only be disclosed to the following persons and only insofar as it is reasonably necessary to the effective prosecution of the Parties' claims and defenses:

(i)     Outside Counsel of record in this action, and their associated attorneys, patent agents, paralegals, clerical staff, and outside vendors hired to copy, index, sort or otherwise manage the storage and retrieval of discovery materials. Each such lawyer, patent agent, paralegal or clerical employee first shall be advised of and agree to the terms and conditions of this Order and each lawyer, patent agent, paralegal, or clerical employee who retains a copy of information so designated shall maintain the information in a separate identifiable file, access to which is appropriately restricted;

(ii)     Any person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to assist in trial preparation in this action, provided, however: (1) that counsel for the Designating Party shall be given a notice of intent to disclose, no less than ten (10) calendar days prior to the proposed disclosure, which shall contain the name, title, business address, a current curriculum vitae, and the previous five years of employment history of the person to whom the information will be disclosed; (2) that, within ten (10) calendar days after receipt of the notice, counsel for the designating party does not object to

the disclosure; and (3) that, prior to any disclosure, the person to whom the information is disclosed shall be advised of and shall agree to the terms and conditions of this Order by signing an "Acknowledgement and Agreement Regarding Access To Confidential Information" in the form attached hereto as Exhibit A, and shall maintain the information in a separate and identifiable file, access to which is appropriately restricted. This Order does not relieve an expert of any obligations under the ITC protective order.

      (iii)    Any other employee of the Parties upon application to the Court or a Magistrate and a determination that disclosure is necessary for the fair conduct of this litigation and that disclosure raises no material risk that the proposed disclosure will cause harm to the business of the producing party or will be used to the technical, marketing, commercial or other competitive advantage of the receiving party; and

      (iv)    Court personnel of the District of Delaware or, if on appeal, of a court with appellate jurisdiction, jurors in this action, and court reporters who record and/or transcribe deposition or other testimony in this action.

      (b)    If within ten (10) calendar days of receipt of a notice of an intent to disclose pursuant to subparagraph 5(a)(ii) above, the Designating Party objects to such intended disclosure, the intended disclosure shall not be made until such objection is resolved in favor of disclosure in accordance with paragraph 6.

      6.    <u>Procedure for Objection</u>

      If, at any time, a party objects to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order the objecting party shall notify the Designating Party in writing. If a party objects to the disclosure of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" information to a third party pursuant to

                               

pursuant to paragraph 5(a)(ii) of this Order, the objecting party shall notify the party who would

disclose the information in writing. The notice shall identify the information in question, and

shall specify in reasonable detail the reason or reasons for the objection and the level of

confidentiality the objecting party believes is proper. The parties shall first seek to resolve such

dispute in good faith on an informal basis. If the dispute cannot be resolved, the party

challenging the designation may request appropriate relief from the Court no sooner than five (5)

days following the service of written notice of objection. The status of the information shall be

maintained as initially designated by the producing party until final ruling on the application.

The burden of proving that the information has been properly designated is on the party making

such designation. Any failure to object to a confidentiality designation shall not be construed as

an admission by any non-designating party that the designation is proper.

      7.    <u>Filing Confidential Discovery Material With The Court</u>

      Any pleading, motion or other paper filed with the Court containing Confidential

Discovery Material shall be filed with the Clerk of the Court under seal in an envelope marked

"FILED UNDER SEAL," or a comparable designation, and bearing the caption of the case and

title of the document. Such papers filed under seal shall not be unsealed or made a part of the

public record except by further order of this Court.

      8.    <u>Inadvertent Production of Privileged Material</u>

      Counsel shall exert their best efforts to identify materials or information protected

by the attorney-client privilege, the work product doctrine, and/or any other privilege, before its

disclosure. The inadvertent production of any document or thing by any Producing Party shall

be without prejudice to any claim by the Producing Party that such material is protected by the

attorney-client privilege, or protected from discovery as work product. Provided that diligent

efforts are made to ensure that documents are carefully reviewed for privilege and that privileged

documents are not produced in discovery, and that efforts to retrieve inadvertently produced

documents are commenced within a reasonable period of time after their production, no

Producing Party shall be held to have waived any rights thereunder merely by inadvertent

production made subsequent to the execution of this Order.  If within a reasonable time after

materials are disclosed, a Producing Party asserts that such materials are protected by the

attorney-client privilege, work product doctrine, or any other claim of privilege, and were

inadvertently produced, the Receiving Party shall take immediate steps to ensure that all known

copies of such material are returned promptly to the Producing Party.  The cost, if any, for

excising such materials by the Receiving Party shall be borne by the Producing Party.  Any party

may thereafter contest such claims of privilege or work product as if the materials had not been

produced, but shall not assert that a waiver occurred as a result of the production if the Producing

Party has complied with the provisions of this paragraph.

        9.      <u>Obligations Upon Disclosure to Third Parties</u>

        (a)      Counsel for each Party disclosing Confidential Discovery Material shall

advise each person to whom such disclosure is made (except Court personnel and jurors) of the

terms of this Protective Order and of the obligation of each such person to comply with those

terms.  Counsel shall maintain a list of persons to whom Confidential Discovery Materials are

disclosed (excluding Court personnel and jurors) and such list shall be kept by Counsel for

reference as necessary.  In addition, Counsel shall require that each person covered in paragraphs

4(a), 4(d), and 5(a)(ii),sign an "Acknowledgement and Agreement Regarding Access to

Confidential Information" -- in the form attached hereto as "Exhibit A" -- to be bound by the

Protective Order before the disclosure of Confidential Discovery Material to another.  Such

-11-

signed Acknowledgement and Agreement shall be kept by Counsel. Counsel for the parties to whom Confidential Discovery Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the Undertaking attached as Exhibit A as and when required under the provisions of this Protective Order.

(b)    Upon learning of any disclosure of Confidential Discovery Material, other than in a manner authorized by this Protective Order, the Party who so learns shall immediately (i) inform in writing the Party from which the Confidential Discovery Material was originally received of such disclosure, including to whom the material was disclosed, and (ii) take all necessary steps to retrieve as soon as possible each and every copy of all such Confidential Discovery Material from the unauthorized person and any person to whom the unauthorized person disclosed such Confidential Discovery Material.

(c)    Each recipient of any Confidential Discovery Material produced in this litigation hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Protective Order.

10.    Offering Confidential Discovery Material Into Evidence

Any information designated as Confidential Discovery Material may be offered into evidence at trial or any other proceeding only on the *in camera* record and shall not be made a part of the public record of this proceeding.

11.    Redesignation

Counsel shall exert their best efforts to identify Confidential Discovery Material. The inadvertent designation, misdesignation, or non-designation of any document or thing by any party or non-party shall be without prejudice to any claim the party or non-party has to

-12-

preserve the confidentiality of inadvertently disclosed information. Provided that efforts to retrieve inadvertently designated documents are commenced within a reasonable period of time after their production, no Producing Party shall be held to have waived any rights thereunder by inadvertent disclosure. If within a reasonable time after materials are disclosed, a Producing Party asserts that such materials should be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and were inadvertently produced with a different designation, the Receiving Party shall take immediate steps to ensure that all known copies of such material are appropriately disclosed according to the provisions of this Order. The cost, if any, for redesignating such materials by the Receiving Party shall be borne by the Producing Party.

      12.    <u>Effect on Attorney Conduct</u>

      Nothing herein shall bar or restrict any attorney from rendering advice to his or her client regarding this litigation and, in the course thereof, relying upon his or her examination of Confidential Discovery Material, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of any Confidential Discovery Material to anyone not authorized to receive such information in accordance with this Protective Order.

      13.    <u>Non-Waiver</u>

      This Protective Order shall not be deemed a waiver of:

      (a)    any Party's right to object to any discovery requests on any grounds;

      (b)    any Party's right to seek an order compelling discovery with respect to any discovery request;

-13-

(c)     any Party's right in any proceeding in this litigation to object to the admission of any evidence on any ground;

(d)     any Party's right to use and disclose its own documents and its own Confidential Discovery Material in its sole and complete discretion; or

(e)     the status of any information as a trade secret or other confidential information.

14.     <u>Requests from Third Parties for the Production of Confidential Discovery Material</u>

Each Party agrees that in the event it is served by a non-party with a subpoena or request for production of Confidential Discovery Material originally received from another Party, it will give sufficient notice to allow the Designating Party a reasonable opportunity to intervene to oppose such production.

15.     <u>Duration and Destruction of Materials</u>

This Protective Order shall be valid throughout the course of this litigation (defined to include all proceedings herein, appeals, and/or remands) and shall survive the termination of this litigation. Within sixty (60) days of the final termination of this litigation, all documents and copies of documents (including any copies created by optical scanning) produced by the parties or by nonparties designated as containing Confidential Discovery Material shall be returned to the Designating Party or destroyed, except that outside counsel for the parties may keep pleadings and work product as maintained in the ordinary course of business. If destroyed pursuant to this provision, the person or persons who destroy such Confidential Discovery Material shall provide written certification to the Designating Party that such information has been properly destroyed. The terms of this Protective Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their

-14-

attorneys, and all persons to whom Confidential Discovery Material has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

      16.    Production from Non-Parties

      The terms of this Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person.

      17.    Modification and Amendment

      This Protective Order may be modified or amended either by agreement of the parties or by further order of the Court upon good cause shown.


**IT IS SO ORDERED:**


Dated: _____             _____

                                                          Hon. Sue L. Robinson
                                                          United States District Judge

                                                             

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Karen L. Pascale
_____
John W. Shaw (No. 3362)
[jshaw@ycst.com]
Karen L. Pascale (No. 2903)
[kpascale@ycst.com]
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

OF COUNSEL:

BINGHAM MCCUTCHEN LLP
Edward A. Pennington
Robert Bertin
George Jones
Stephanie Scruggs
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiff,*
*Bavarian Nordic A/S*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Mary B. Graham
_____
Mary B. Graham (No. 2256)
[MGraham@mnat.com]
James W. Parrett, Jr. (No. 4292)
[JParrett@mnat.com]
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

OF COUNSEL:

VENABLE, LLP
William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
575 7th Street, NW
Washington, DC 20004-1601
(202) 344-4000

*Attorneys for Defendants,*
*Acambis Inc. and Acambis plc*

-16-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-614 (SLR) |
| | ) | |
| ACAMBIS INC. and | | |
| ACAMBIS, PLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT**
**REGARDING ACCESS TO CONFIDENTIAL INFORMATION**

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER

which was ordered by this Court in the above-captioned case; that he/she is one of the persons

contemplated in that order as eligible to receive access to the information designated

"CONFIDENTIAL" by on of the Parties or a non-party, that he/she fully understands and agrees

to abide by the obligations and conditions thereunder, and that he/she subjects himself/herself

personally to the jurisdiction of the United States District Court for the District of Delaware or

any other Court to which the case may be transferred or heard, for the purpose of proceedings

relating to his/her performance under, compliance with, or violation of this Protective Order.


_____          _____
(Signature)                                              (Title/Company)


_____
(Date)

DB02:5479202.1
9302277v1

064417.1001