IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S and ANTON MAYR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 05-614 (SLR) ) |
| ACAMBIS INC. and ACAMBIS PLC, | ) ) ) ) |
| Defendants. | ) |

### RULE 30(b)(6) NOTICE OF DEPOSITION TO BAVARIAN NORDIC

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants Acambis plc and Acambis Inc. (collectively "Acambis") will take the deposition upon oral examination of Plaintiff Bavarian Nordic A/S ("Plaintiff" or "BN"). The deposition will commence on September 7, 2006, at 9:00 a.m. at the law offices of Bingham McCutchen LLP, The Washington Harbour, 3000 K Street, N.W. Suite 300, Washington D.C. 20007, or at a time and place to be agreed upon by counsel for the parties.

Plaintiff is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf on the topics identified in Exhibit A attached hereto.

The deposition will be taken before a person having the power to administer oaths by the laws of the United States, or of the place where the examination is held, and will continue from day to day until completed. The deposition may be videotaped.

- 2 -

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

---
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendants
Acambis Inc. and Acambis plc*

OF COUNSEL:

William D. Coston
Lindsay B. Meyer
Eric S. Namrow
Martin L. Saad
VENABLE, LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000

Dated:  August 30, 2006
535110

- 2 -

## EXHIBIT A

## DEFINITIONS

A. "BN," "Plaintiff," "you," "your," or "yours" refer to Bavarian Nordic A/S, including without limitation all of its parents, predecessors, successors, subsidiaries, affiliates, divisions or operations thereof, entities under common control with it, representatives, agents, employees, servants, officers, directors, trustees, any other individual or company acting on their behalf, and, unless privileged, attorneys.

B. The term "MVA" refers to modified vaccinia Ankara.

C. The term "communication" shall include any transmission, conveyance, or exchange of information whether by written, oral, or any other means, including, but not limited to, electronic communications and electronic mail.

D. The term "person" or "persons" refers to any individual, corporation, partnership, sole proprietorship, firm, board, joint venture, association, government agency, authority, commission or other entity.

E. The term "RFPs" refers to Request for Proposal NIH-NIAID-DMID-03-44 (issued by the U.S. Government on August 15, 2002), Request for Proposal NIH-NIAID-DMID-04-49 (issued by the U.S. Government on December 4, 2003), and Request for Proposal DHHS-ORDC-V&B-05-06 issued by the U.S. Government on August 15, 2005.

## SUBJECT MATTERS OF INQUIRY

Topic No. 1.

BN's contracts, licenses, and agreements relating to MVA, including but not limited to consulting agreements.

Topic No. 2.

>Communications relating to BN's and/or Prof. Mayr's rights to MVA.

Topic No. 3.

>Agreements between BN and Prof. Mayr, all rights to MVA allegedly assigned to BN by Prof. Mayr, all payments made by BN to Prof. Mayr, and all communications between BN and Prof. Mayr and/or his wife relating to MVA.

Topic No. 4.

>Communications between Prof. Mayr and any other person relating to MVA and all contracts, licenses, or agreements between Prof. Mayr and any other person relating to MVA.

Topic No. 5.

>Transfers of MVA from Prof. Mayr to BN; the dates and circumstances of such transfers; documentation of such transfers; and persons involved in the transfers.

Topic No. 6.

>BN's transfer, license, and/or sale of MVA, and all requests to BN for MVA.

Topic No. 7.

>Prof. Mayr's transfer, license, and/or sale of MVA to any person, and all requests to Prof. Mayr for MVA.

Topic No. 8.

>Prof. Mayr's work relating to MVA, including his employment at the University of Munich, and related communications, contracts, and assignments.

Topic No. 9.

Communications between BN and the U.S. Government regarding BN's rights to MVA, BN's intellectual property relating to MVA, and BN's or Acambis' freedom to operate in the MVA field.

Topic No. 10.

Communications between BN and the U.S. Government relating to whether the U.S. Government could provide MVA to others; documents relating to such communications; the dates and surrounding circumstances of such communications; and the persons involved in such communications.

Topic No. 11.

The origin of the MVA strain that the U.S. Government provided to Acambis; documentation of the origin; and persons knowledgeable of the origin.

Topic No. 12.

Statements made by BN that it has the right to exclusive ownership and possession of MVA, that it alone has freedom to operate to meet the terms of the RFPs, and that it has the sole right to sell MVA-based smallpox vaccines; the persons making and receiving such statements and the surrounding circumstances; the dates of and persons knowledgeable about such statements; and the basis on which those statements were made.

Topic No. 13.

Any notice to Acambis that BN claimed rights to the MVA strain received from National Institute of Allergy and Infectious Diseases at the National Institutes of

Health, the date and circumstances of such notice, the persons involved, the basis for the notice, and the content of such notice.

Topic No. 14.

Acambis' statements or representations to the government or anyone about Acambis' rights to use any MVA strain in connection with Acambis' bidding on or fulfilling the RFPs; the date and circumstances of such statements or representations; the persons involved; how BN became aware of such statements or representations; and BN's consideration of the accuracy or inaccuracy of such statements or representations.

Topic No. 15.

Damages or injury to BN resulting from Acambis' bidding on the RFPs or use of the MVA strain provided to Acambis by the U.S. Government, any studies or evaluations of such damages or injury, and any considerations of how to limit such damages or injury; and the persons knowledgeable about such damages or injury.

Topic No. 16.

BN's costs, income, profits, and revenues for the sale or manufacture of MVA strains or MVA-based products; documents reflecting such costs, income, profits or revenues; and persons knowledgeable re same.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John W. Shaw, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on August 30, 2006 upon the following individuals in the manner indicated:

**BY FACSIMILE**

> Edward A. Pennington
> BINGHAM MCCUTCHEN LLP
> 3000 K Street, Suite 300
> Washington, DC 20007

*/s/ Mary B. Graham*

Mary B. Graham (#2256)