IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S, and<br>ANTON MAYR,<br><br>      Plaintiffs,<br><br>v.<br><br>ACAMBIS INC., and<br>ACAMBIS, PLC<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-614-SLR |

### REVISED NOTICE OF 30(B)(6) DEPOSITION
### OF ACAMBIS INC. AND ACAMBIS PLC

To:   Mary B. Graham
       James Walter Parrett, Jr.
       MORRIS NICHOLS, ARSHT & TUNNELL LLP
       1201 North Market Street
       P.O. Box 1347
       Wilmington, DE 19899

      PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Bavarian Nordic A/S ("Bavarian Nordic"), will take the deposition of the corporate designee(s) of Acambis Inc. and Acambis, plc (collectively, "Acambis"), most knowledgeable about the matters set forth in Attachment A. The deposition will take place at the offices of Venable LLP, 575 Seventh Street, NW, Washington, DC 20004-1601, (202) 344-4000, commencing at 9:30 a.m. on September 20, 2006, and continuing day-to-day until completed.

      NOTICE IS FURTHER GIVEN THAT the deposition will be taken upon oral examination and will be recorded stenographically through instant visual display of testimony (real-time), by certified shorthand reporter and notary public or such other person authorized to administer oaths under the laws of the United States, and shall continue from day to day until

completed. This deposition may be videotaped. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted under the Federal Rules of Civil Procedure. You are invited to attend and cross-examine.

Date: September 15, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*
John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

OF COUNSEL:

BINGHAM MCCUTCHEN LLP
Edward A. Pennington
Robert C. Bertin
Stephanie Scruggs
Krista L. Lynch
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiffs,*
*Bavarian Nordic A/S and Anton Mayr*

## ATTACHMENT A

## **DEFINITIONS**

As used herein, the terms below shall have the following meanings:

A.  **"Agreement"** means any and all contracts, promises, compacts, undertakings, commitments, obligations, pledges, covenants, stipulations, arrangements, and understandings, of any kind, whether written, oral, or tacit.

B.  **"Documents"** and **"Things"** shall have the broadest meaning ascribed to them by the Federal Rules of Evidence, Federal Rules of Civil Procedural, and applicable case law. This term shall include, but not limited to, electronic files, correspondence, memoranda, printed matter, reports, records, notes, calendars, diaries, telegrams, telexes, studies, market surveys, market research, tabulations, contracts, invoices, receipts, vouchers, registrations, books of account or financial records, notes, advertisements, trademark search reports, directories, publications, computer tapes and printouts, microfilms and the like, electronic mail messages, and photographs. A draft or non-identical copy is a separate document within the meaning of this term.

C.  **"Communication"** or **"Communications"** means any type of oral, written, magnetic, electronic, or visual contact(s) between two or more persons in which information, facts, statements, conversations, or opinions were exchanged, imparted, or received.

D.  **"Bavarian Nordic"** or **"Plaintiff"** means Plaintiff Bavarian Nordic A/S, any corporate predecessor, and any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting on its behalf or under its control.

E.   **"You," "Your," "Acambis," or "Defendant"** means Defendant Acambic plc, Acambis Inc., any corporate predecessor, any joint venture to which it is or was a party, any past or present division, department, parent, subsidiary, affiliate, director, officer, principal, agent, employee, consultant, representative, or other person acting or purporting to act on its behalf or under its control.

F.   **"Refer," "relate" or "relating," "regarding," "concerning," "reflecting" or "containing"** shall mean directly or indirectly, in whole or in part, referring to, constituting, evidencing or referring to, relating to, connected with, commenting on, discussing, impacting upon, affecting, responding to, providing explaining, showing, indicating, describing, analyzing, reflecting or constituting.

G.   **"Person"** means any natural person, corporation, partnership, company, joint venture, trust, agency, governmental agency or department, and any other business, governmental, legal, for-profit or nonprofit organization, association or entity. The acts of a person shall include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

H.   **"Employee"** shall mean any person who performs services for plaintiff or any parent, division, department, or subsidiary, or other entity in any way affiliated with plaintiff, including, but not limited to, part-time, hourly, independent contractors, temporary workers, or any other person who receives any financial benefit from plaintiff, including commissioned salespeople or other agents or brokers.

I.   **"Identify,"** when used in reference to an individual, means to state that person's full name, present address, present telephone number (if known), present or last known position and business affiliation.

J.   **"Identify," "identification,"** or **"describe"** when used in reference to documents means to state the following as to each such document: (a) the nature and contents; (b) the date; (c) the date the document was executed if different from the date it bears; (d) the name, address, and position of the author or signer; (e) the name, address, and position of the addressee, if any; (f) the present location and the name, present address, and position of the person or persons having present custody; and (g) whether the document has been destroyed, and if so, with regard to such destruction, the date, the reason, and the identity of the person or persons who destroyed the document.

K.   **"Date"** means the exact date, month, and year, if ascertainable; if not, your best approximation, which may include relationships to other events.

L.   As used herein (in the Definitions, Instructions, and the Interrogatories), the singular shall include the plural and vice versa. Except where the context does not permit, the terms "and" and "or" shall be both conjunctive and disjunctive so as to bring within the scope of a request all information that might otherwise be construed to be outside of its scope. The terms "any" and "all" shall mean "any and all." The term "including" shall mean "including without limitation." The masculine, feminine or neuter pronoun shall not exclude other genders; and verb tenses include the past, present, and future.

M.   The term **"proprietary technology"** the effective dose and production / commercialization process from IMVAMUNE™ and the plaque purification and attenuation processes relating to MVA-BN®.

N.   The term **"MVA"** refers to modified vaccinia Ankara.

O.   The term **"MVA3000"** refers to itself and/or ACAM3000.

P.   The term "**ACAM3000**" refers to itself and/or MVA3000.

Q.   The term "**MVA-BN**" refers to itself and/or IMVAMUNE.

P.   The term "**MVA based vaccines**" refers to all vaccines incorporating MVA, including MVA3000 and IMVAMUNE.

R.   The term "**AGR129 mice**" refers to mice as set forth in the '893 patent at col. 19.

S.   The term "**derivatives**" means any modified or unmodified progeny or recognized fragments thereof.

T.   The term "**NIH**" refers to the National Institutes of Health.

U.   The term "**DMID**" refers to the Division of Microbiology and Infectious Diseases.

V.   The term "**NIAID**" refers to the National Institute of Allergy and Infectious Diseases.

W.   The term "**RFP-1**" refers to Request for Proposal NIH-NIAID-DMID-03-44 issued by the U.S. Government on August 15, 2002.

X.   The term "**RFP-2**" refers to Request for Proposal NIH-NIAID-DMID-04-49 issued by the U.S. Government on December 4, 2003.

Y.   The term "**RFP-3**" refers to Request for Proposal DHHS-ORDC-V&B-05-06 issued by the U.S. Government on August 15, 2005.

## TOPICS OF DEPOSITION

1. All revenue received by Acambis relating to any aspect of its MVA program, including all revenue received as a result of its activities with RFP-1, RFP-2 and

RFP-3. Identify all documents that have been produced that reflect receipt of this revenue on a monthly, quarterly and annual basis to the present time.

2. All fixed and variable costs that Acambis claims must be offset from any revenue associated with Acambis' MVA program to determine Acambis' profit from its MVA program and all documents that have been produce that reflect such fixed and variable costs on a monthly, quarterly and annual basis to the present time.

3. All profit received by Acambis relating to any aspect of its MVA program, including all profit received as a result of its activities with RFP-1, RFP-2 and RFP-3. Identify all documents that have been produced that reflect receipt of this revenue on a monthly, quarterly and annual basis to the present time.

4. Revenue Acambis expects to receive through RFP-3.

5. Dose pricing models used in connection with responses to RFP-3, including an identification all dose pricing models used at Acambis, how those pricing models are stored and used, who created and uses the pricing models, the bates numbers of the pricing models in Acambis' document production and the pricing reflected in the dose pricing models.

6. Acambis' negotiations to license MVA strains from Therion Biologics Corp. or Bavarian Nordic, the cost of the MVA strains and other parameters of the licenses and all supporting documentation.

7. Any communications between Acambis and any other entity regarding the licensing of MVA vaccines and/or MVA technology, and all supporting documentation.

8. [WITHDRAWN]

9. The pricing per dose of ACAM 1000, ACAM 2000, and MVA 3000, including but not limited to price lists, price analyses, average selling price calculations, and pricing negotiations.

10. The business or marketing plans for ACAM 1000, ACAM 2000, and MVA 3000, including unit sales summaries; dollar sales summaries; sales, profit, and cash flow forecasts and projections; feasibility studies; consumer studies or surveys; documentation and/or studies concerning product pricing; marketing and promotional material; competitive analyses; market segmentation/definition studies; and/or product comparisons.

11. To the extent not already addressed, all information regarding any revenue received by Acambis relating to MVA vaccines and/or MVA technology.

12. All actual or potential competition Acambis faces in the smallpox vaccine market, and all supporting documentation.

13. All studies, analyses, presentations, or investigations in Acambis' possession or control concerning the smallpox vaccine market, including the size of the market and Acambis' market share or market position.

14. All information regarding the present and historical manufacturing capacity for Acambis' smallpox and/or MVA vaccines -- including ACAM 1000, ACAM 2000, and MVA 3000 -- either by Acambis or any of its partners, as well as all information regarding any proposed future manufacturing capacity for smallpox and/or MVA vaccines by Acambis or its partners.

15. All information in Acambis' possession or control concerning other entities currently manufacturing or with the capability to manufacture smallpox vaccine.

16. [WITHDRAWN]

17. All information regarding the amount of time, cost, and effort that Acambis spent developing ACAM 1000.

18. All information regarding the amount of time, cost, and effort that Acambis spent developing ACAM 2000.

19. All information regarding the amount of time, cost, and effort that Acambis spent developing MVA 3000.

20. [WITHDRAWN]

21. The content of any report or presentation made at any time to Acambis' board of directors, or to any committee thereof, concerning Bavarian Nordic, Therion, MVA, or any of the claims at issue in this case.

22. The content of all communications with any agency of the United States Government, including but not limited to the National Institutes of Health (NIH) and the Food and Drug Administration (FDA), concerning MVA and/or Bavarian Nordic.

23. The content of all communications between Acambis and any other person or entity concerning Acambis' alleged freedom to operate in the field of MVA vaccines.

24. The content of any report or presentation made to any entity since 2000 for the purposes of raising capital.

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on September 15, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham [mbgefiling@mnat.com]
>James Walter Parrett, Jr. [jparrett@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on September 15, 2006, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

### *By Hand Delivery*

>Mary B. Graham [mgraham@mnat.com]
>James Walter Parrett, Jr. [jparrett@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

### *By E-Mail and FedEx*

>William D. Coston [wdcoston@venable.com]
>Martin L. Saad [mlsaad@venable.com]
>Tamany Vinson Bentz [TJBentz@Venable.com]
>VENABLE LLP
>575 7th Street, NW
>Washington, DC 20004-1601
>(202) 344-4000

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: kpascale@ycst.com
   *Attorneys for Plaintiffs,*
    *Bavarian Nordic A/S and Anton Mayr*