# EXHIBIT I

# UNITED STATES
# INTERNATIONAL TRADE COMMISSION

| | |
|---|---|
| In the Matter of: ) | Investigation No. |
| Certain Modified Vaccinia Ankara ) | 33.7-TA-550 |
| ("MVA") Viruses and Vaccines and ) | |
| Pharmaceutical Compositions Based ) | |
| Thereon ) | |
| ) | |

**CLOSED SESSION**

Pages:    203 through 446 (with excerpts)

Place:    Washington, D.C.

Date:     May 9, 2006

**HERITAGE REPORTING CORPORATION**
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C. 20005
(202) 628-4888

203

1                          BEFORE THE

2         UNITED STATES INTERNATIONAL TRADE COMMISSION

3       _____

4    In the Matter of:              )   Investigation No.

5    Certain Modified Vaccinia Ankara  )   337-TA-550

6    ("MVA") Viruses and Vaccines and  )

7    Pharmaceutical Compositions Based )

8    Thereon

9       _____

10                       Hearing Room A

11                       United States

12              International Trade Commission

13                   500 E Street, Southwest

14                      Washington, D.C.

15

16

17                   Tuesday, May 9, 2006

18                        9:01 a.m.

19                        VOLUME 2

20

21

22

23

24    BEFORE:   THE HONORABLE ROBERT L. BARTON, JR.

25

                     Heritage Reporting Corporation
                          (202) 628-4888

204

```
 1    APPEARANCES:

 2        For Complainant Bavarian Nordic A/S:

 3            Bingham McCutchen LLP

 4            Edward A. Pennington, Esq.

 5            Robert C. Bertin, Esq.

 6            Gary M. Hnath, Esq.

 7            Krista D. Lynch, Esq.

 8            3000 K Street, N.W., Suite 300

 9            Washington, D.C. 20007-5116

10            202.424.7500  fax: 202.424.7647

11                    -and-

12            Li Westerlund, Esq.

13            Bavarian Nordic A/S

14            Bogeskowej 9

15            DK-3490 Kvistgard, Denmark

16            45 33 26 83 83   fax: 45 33 26 83 80

17

18

19

20

21

22

23

24

25
```

Heritage Reporting Corporation
(202) 628-4888

205

1          For Respondent Acambis plc:

2                  Venable LLP

3                  William D. Coston, Esq.

4                  Jeffrey A. Dunn, Esq.

5                  Eric S. Namrow, Esq.

6                  Lindsay B. Meyer, Esq.

7                  575 7th Street, N.W.

8                  Washington, D.C. 20004-1601

9                  202.344.4870  fax: 202.344.8300

10                      -and-

11                 Gregory L. Waddoups, Esq.

12                 Acambis Inc.

13                 38 Sidney Street

14                 Cambridge, Massachusetts 02139

15                 617.761.4200  fax: 617.494.1741

16

17     For ITC Staff:

18                 Erin D.E. Joffre, Esq.

19                 Thomas S. Fusco, Esq.

20                 Lynn Levine, Esq.

21                 U.S. International Trade Commission

22                 500 E Street, S.W.

23                 Washington, D.C. 20436

24

25

206

1       Attorney-Advisor:

2               KIMBERLY PARKE, ESQ.

3               Attorney-Advisor

4               Office of Administrative Law Judges

5               U.S. International Trade Commission

6               500 E Street, S.W., Room 317F

7               Washington, D.C. 20436

8

9

10              *** Index appears at end of transcript ***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    referenced in Gerd Suter's thesis.

2       Q.    So the question is have you ever done a

3    growth-curve analysis of the replication of the 586 in

4    those enumerated cell lines?

5       A.    We haven't, but we refer to prior

6    publications that reference that strain, yes.

7       Q.    And so in telling the Patent and Trademark

8    Office that 580 corresponds to 587 and 575 with

9    respect to replication, you were not basing that upon

10    any tests that you yourself had done.

11       A.    No, because, as I said, it's not in the

12    public domain and we have no access to it.

13       Q.    Let's move on the petition to make special.

14    I'm going to bounce around just a little bit here and

15    try not to get everybody lost.  But let's talk just

16    briefly about mice.  I understand we have two mice

17    witnesses coming up, and we'll save the real mice fun

18    for them.

19             But let me direct your attention to RX-46C.

20             MR. COSTON:  What volume is this, Mr. Saad?

21             MR. SAAD:  This is in Volume 3 of 5.

22    BY MR. COSTON:

23       Q.    Volume 3 of 5 of the Respondent's exhibits.

24    Can you identify RX-46C, which appears to be an email

25    from you dated January 24, 2003, to Christine

# EXHIBIT J

# UNITED STATES
# INTERNATIONAL TRADE COMMISSION

---

In the Matter of:                    )    Investigation No.

Certain Modified Vaccinia Ankara  )    337-TA-550

("MVA") Viruses and Vaccines and  )

Pharmaceutical Compositions Based )

Thereon                              )

_____  )

CLOSED SESSION

Pages:    1 through 202 (with excerpts)

Place:    Washington, D.C.

Date:     May 8, 2006

## HERITAGE REPORTING CORPORATION
*Official Reporters*
1220 L Street, N.W., Suite 600
Washington, D.C.  20005
(202) 628-4888

1

         1              BEFORE THE

         2    UNITED STATES INTERNATIONAL TRADE COMMISSION

         3    _____

         4    In the Matter of:            )    Investigation No.

         5    Certain Modified Vaccinia Ankara  )    337-TA-550

         6    ("MVA") Viruses and Vaccines and  )

         7    Pharmaceutical Compositions Based )

         8    Thereon                      )

         9    _____  )

        10              Hearing Room A

        11              United States

        12    International Trade Commission

        13    500 E Street, Southwest

        14    Washington, D.C.

        15

        16

        17    Monday, May 8, 2006

        18    9:00 a.m.

        19    VOLUME 1

        20

        21

        22

        23

        24    BEFORE:  THE HONORABLE ROBERT L. BARTON, JR.

        25

               Heritage Reporting Corporation
                      (202) 628-4888

2

```
 1    APPEARANCES:

 2        For Complainant Bavarian Nordic A/S:

 3            Bingham McCutchen LLP

 4            Edward A. Pennington, Esq.

 5            Robert C. Bertin, Esq.

 6            Gary M. Hnath, Esq.

 7            Krista D. Lynch, Esq.

 8            3000 K Street, N.W., Suite 300

 9            Washington, D.C. 20007-5116

10            202.424.7500  fax: 202.424.7647

11                    -and-

12            Li Westerlund, Esq.

13            Bavarian Nordic A/S

14            Bogeskowej 9

15            DK-3490 Kvistgard, Denmark

16            45 33 26 83 83    fax: 45 33 26 83 80

17

18

19

20

21

22

23

24

25
```

3

```
 1          For Respondent Acambis plc:

 2              Venable LLP

 3              William D. Coston, Esq.

 4              Jeffrey A. Dunn, Esq.

 5              Eric S. Namrow, Esq.

 6              Lindsay B. Meyer, Esq.

 7              575 7th Street, N.W.

 8              Washington, D.C. 20004-1601

 9              202.344.4870  fax: 202.344.8300

10                      -and-

11              Gregory L. Waddoups, Esq.

12              Acambis Inc.

13              38 Sidney Street

14              Cambridge, Massachusetts 02139

15              617.761.4200  fax: 617.494.1741

16

17      For ITC Staff:

18              Erin D.E. Joffre, Esq.

19              Thomas S. Fusco, Esq.

20              Lynn Levine, Esq.

21              U.S. International Trade Commission

22              500 E Street, S.W.

23              Washington, D.C. 20436

24

25
```

4

```
1    Attorney-Advisor:

2              KIMBERLY PARKE, ESQ.

3              Attorney-Advisor

4              Office of Administrative Law Judges

5              U.S. International Trade Commission

6              500 E Street, S.W., Room 317F

7              Washington, D.C. 20436

8

9

10         *** Index appears at end of transcript ***

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

163

1      A.    Yes.

2            MR. COSTON:  Your Honor, I'm about to move

3      to another subject matter, and my voice is running

4      dry.  Would this be an appropriate time for a break?

5            JUDGE BARTON:  Certainly.  We'll take a

6      break until a quarter to 3:00.

7            (Recess taken.)

8            JUDGE BARTON:  Back on the record.

9      BY MR. COSTON:

10      Q.    Mr. Wulff, I'm going to go to another topic

11     now, and that's the topic of F6.  Please turn to

12     Volume 1, Exhibit 99C.  Did there come a time when

13     Bavarian Nordic and GSF had a dispute as to whether

14     GSF was entitled to any patent royalties on MVA

15     products?

16      A.    Yes.

17      Q.    And please tell the Court the -- describe

18     the nature of the dispute.

19      A.    It was several years after the original

20     collaboration ended, and the dispute came forward in

21     an information update meeting I had with the CEO of

22     the GSF, where he raised a number of issues where he

23     believed that GSF was also entitled to royalty.  And

24     it related both to recombinant product for breast

25     cancer, and it also concerned our MVA and smallpox

Heritage Reporting Corporation
(202) 628-4888

164

1   vaccine.

2        Q.    How, if at all, did you resolve the dispute

3   with GSF?

4        A.    I think, as I recall, discussions went on

5   for nearly a year, if I'm correct.  And I think that

6   finally GSF late got convinced that MVA-BN was

7   something which was generated at Bavarian Nordic and

8   not even the virus of Gerd Suter, the MVA F6 580 had

9   anything to do with the GSF but was something which

10   was something that was developed by Professor Anton

11   Mayr at the veterinary university when Gerd was a

12   student, as I explained earlier, a training exercise

13   to clone a virus out of Anton Mayr's 572.

14        Q.    In the negotiations or discussions with GSF,

15   was one of the arguments that you and BN advanced that

16   F6 was prior art and that GSF had no right to claim

17   any rights in F6?

18        A.    I think there was some confusion both for

19   myself and others whether you could say that F6 was a

20   prior existing virus because it had been named in

21   publications or whether it in fact was a prior-art

22   virus in technical terms or patent terms.  And I think

23   that what we figured out is that F6 did not leave GSF,

24   as I thought it did, and became generally available.

25        Q.    Part of your argument to GSF was that F6 was