IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S and ANTON MAYR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) C.A. No. 05-614 (SLR) |
| ACAMBIS INC. and ACAMBIS PLC, | ) ) **REDACTED** ) **PUBLIC VERSION** |
| Defendants. | ) ) ) |

# DEFENDANTS' MOTION TO STRIKE

Defendants Acambis Inc. and Acambis plc ("Acambis") hereby move to strike the two declarations attached to plaintiff Bavarian Nordic A/S's ("BN") reply brief in support of its motion for summary judgment on conversion. Those declarations offer untimely and incompetent statements from persons – Li Westerlund, BN's in-house counsel, and Axel Spies, a German attorney with BN's outside counsel, Bingham McCutchen – never deposed and not listed as witnesses in this case. *See* Ex. 1. BN's attempt to submit new information directly contravenes the Court's previous statements that "the record is closed" and that "you are all stuck with the record you've made." *See* D.I. 107, 10/5/06 Discovery Conference Tr. at 22.

The two declarations go to the issue of ownership, which BN admits is a fundamental prerequisite to its conversion claim on which it has the burden.[1] *See* BN Opening Br. at 24; Def. Opposition at 3. Specifically, they are offered in an attempt to

---

[1] Apart from ownership, Acambis' motion for summary judgment should be granted on the independent basis that the right to commercialize a viral strain – the intangible right at issue in this case – is simply not actionable in conversion.

counter defendants' argument that the Bavarian Vaccine Institute (rather than Prof. Mayr) owns MVA 572 and any commercial rights thereto. *See* BN Reply Br. at 5. BN's sole basis for claming Mayr's ownership is that Mayr purportedly created MVA 572 while a professor at the University of Munich veterinary school and, as a result, owns the strain pursuant to Germany's "professorial privilege." *See id.*

However, BN does not point to any evidence that MVA 572 was created at the University of Munich. *See* BN Opening Br. at 6-8, 22; BN Reply Br. at 5-6. Rather, all record evidence, including Mayr's own testimony, demonstrates that the strain was in fact created at the Bavarian Vaccine Institute and was owned by that Institute. *See* Def. Opposition Br. at 3-9, Ex. 3 (Mayr 9/21/06 deposition at 17, 20) ███████████████████████████████████████████████████████████

BN now seeks to add new information to the record after discovery in an attempt to challenge ownership by the State of Bavaria. *See* BN Reply Br. at 5. It should not be permitted to do so; not only is such an effort untimely, but plaintiffs refused to allow discovery from Mayr on that very topic. *See* Def. Opposition Br. at 8. In fact, the Court's prior statement – that "the record is closed" – came after argument on plaintiffs' counsel's refusal to allow Mayr to testify on ownership issues, including specifically Mayr's work at the Bavarian Vaccine Institute. *See* D.I. 107, 10/5/06 Discovery Conference Tr. at 10-22; *see also St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1315 (3d Cir. 1994) (finding summary judgment against non-movant inappropriate when movant failed to provide discovery).

In addition, Ms. Westerlund's declaration, which was not signed as originally filed, should be rejected as incompetent and not in compliance with Rule 56(e). *See* Fed. R. Civ. P. 56(e) ("[A]ffidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *see also* D.I. 134, 1/16/07 Letter from K. Pascale regarding replacement Exhibit A. For instance, several of her statements are not limited to personal knowledge, but report on alleged, inadmissable hearsay statements of others. *See* Westerlund Decl. ¶ 2 (purportedly offering the collective knowledge of all present and former BN employees and management and Prof. Mayr); *id.* at ¶ 3 ("*we* have found"); *see also Aronson v. Peoples Natural Gas Co.*, 180 F.3d 558, 564 n.2 (3d Cir. 1999) (affirming rejection of affidavit based on hearsay statements of conversations with others pursuant to Rule 56(e)).[2]

She also improperly relies on hearsay from unspecified documents to report on what purportedly took place at a June 2002 meeting between BN and Acambis. *See id.* at ¶ 4 (statement based "upon information and belief as shown in various documents produced in this proceeding and its companion case at the International Trade Commission"). But Ms. Westerlund did not participate in that meeting and was not even

---

[2] Contrary to the claims in the cited paragraphs, the record evidence shows that the State of Bavaria has asserted ownership rights to MVA, used MVA 572 in a "commercial" smallpox vaccine, and patented such use. *See* Def. Opposition Br. at 24-25 (citing *record* evidence that (1) the Bavarian Vaccine Institute owned and used a commercial smallpox vaccine based on MVA 572 on 120,000 Germans; (2) the State of Bavaria owned a patent covering the same; (3) the State of Bavaria recently licensed MVA to VIVACS; and (4) Mayr himself stated that ▮▮▮. BN CEO Peter Wulff clearly testified in the ITC case that BN ▮▮▮ Ex. 2, Wulff 2/9/06 deposition at 33. When asked, ▮▮▮ he answered: ▮▮▮ *Id.* at 34.

employed by BN at the time. Rather, according to BN's outside counsel, Ms. Westerlund was "basically hired [as in-house counsel] for this case." *See* D.I. 31, 2/1/06 Discovery Conference Tr. at 10. If Ms. Westerlund's assertion is based on documents produced in this case or the ITC (as she states), BN should have offered those documents instead of a declaration.

Not only are Ms. Westerlund's statements incompetent, they are also incorrect. For instance, she states that documents show that BN and Acambis discussed "how to make a MVA based small pox vaccine, including MVA 572 as a starting material" at the June 2002 meeting. Westerlund Decl. ¶ 4. But none of the slides from BN's 68-page PowerPoint presentation at the meeting refer to MVA 572 or the use of that strain to make a vaccine product, and none of the handwritten notes taken by Acambis' attendees reference MVA 572. Rather, the June 2002 meeting involved a sales pitch by BN in which BN sought to license its MVA-BN vaccine program in a partnership with Acambis.[3]

Further, Mr. Spies' declaration adds no value to the summary judgment briefing. That declaration is designed to show – based on results of a Google search and German telephone directories – that the Bavarian Vaccine Institute "does not at present exist in Germany." Spies Decl. ¶¶ 1-4 and p. 2; *see also* Westerlund Decl. ¶ 1 (the Institute "was closed down after the eradication of small pox in the early 1980ies."). Acambis agrees

---

[3] BN's slides reference MVA 571 (not 572) as having been used in the German vaccination program and as a comparative MVA strain with purportedly *inferior* qualities to BN's MVA-BN strain. *See* Ex. 3. Acambis' notes from the June 2002 meeting refer to MVA 571 (not 572) in only that context – as historic and supposedly inferior. *See* Ex. 4. BN claims to have later learned that MVA 572 (not 571) was used in the German vaccinations, but there is no evidence that it shared that information with Acambis. *See* Ex. 5, Chaplin 1/31/06 deposition at 118-19.

and stated in its opposition that the Institute "ceased operation" in the 1980s. Def. Opposition Br. at 6 n.3. Whether the Institute is in operation today has no bearing on whether Prof. Mayr owns the strains that were developed at the Institute, and BN has offered no evidence that the Institute transferred any rights to Prof. Mayr at any time.

In the end, there is simply no reason to allow BN to offer these untimely declarations at this stage of the proceeding. Frankly, the weakness of BN's case is illustrated by the fact that, after the production of over 1 million pages of documents and 50 depositions in this case and the parallel ITC litigation, BN finds it necessary to seek to supplement the record with declarations from two of its attorneys in a reply brief in support of its own motion for summary judgment on a fundamental prerequisite to its claim.

## CONCLUSION

Based on the foregoing, the declarations attached to BN's reply brief in support of its motion for summary judgment on conversion should be stricken from the record and not considered on summary judgment.

OF COUNSEL:

William D. Coston
Linsday B. Meyer
Martin L. Saad
Tamany J. Vinson Bentz
VENABLE, LLP
575 7th Street, NW
Washington, DC 20004-1601
202.344.4000
Original Filing Date: January 19, 2007
Redacted Filing Date: February 6, 2007

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Mary B. Graham
_____
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Defendants
Acambis Inc. and Acambis plc*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S, and ANTON MAYR<br><br>                Plaintiff,<br><br>v.<br><br>ACAMBIS INC. and ACAMBIS PLC,<br><br>                Defendants. | Civil Action No. 05-614 (SLR) |

## BAVARIAN NORDIC A/S' INITIAL FACT WITNESS LIST

Plaintiffs Bavarian Nordic A/S and Prof. Anton Mayr (collectively "Bavarian Nordic") hereby serve their Initial Fact Witness List, within thirty (30) days after the scheduled close of expert discovery, pursuant to the schedule set forth in the Court's October 26, 2005 Scheduling Order.

Bavarian Nordic may call some or all of the witnesses identified below either live or by deposition. Bavarian Nordic reserves the right to modify or supplement this list and reserves the right to call witnesses not identified on this list as rebuttal witnesses.

Bavarian Nordic reserves the right to call additional witnesses to provide foundational testimony should Defendant question the admissibility or authenticity of any materials to be proffered at trial. Bavarian Nordic reserves the right to call substitute witnesses to the extent that a witness's circumstances change and/or a witness otherwise becomes unavailable for trial. Bavarian Nordic further reserves the right to call any witness for impeachment purposes. Bavarian Nordic reserves the right to call at trial any witness who

1

DCiManage/9322640.1

appears on Plaintiffs' witness list(s). If any witnesses fail to appear at trial, Bavarian Nordic reserves the right to use their deposition testimony. Bavarian Nordic further reserves the right to supplement or amend this list after it receives Acambis' witness list.

The following is a list of witnesses whom Bavarian Nordic may call at trial, either in person or by deposition:

> Anton Mayr
> Paul Chaplin
> Peter Wulff
> Robert Drillien
> Joseph Straus
> Lars Vilhumsen
> Cynthia Lee
> Gordon Cameron
> Thomas Monath
> Linda Gritz
> Clement Lewin
> Nick Higgins
> Roger McAvoy

Bavarian Nordic further reserves the right to use any of Plaintiffs' Rule 30(b)(6) deposition testimony at trial.

Respectfully submitted,

*[signature]*

Edward A. Pennington
Robert C. Bertin
Krista L. Lynch
Bingham McCutchen LLP
3000 K Street, N.W.
Washington, DC 20007
Telephone: 202-424-7500
Facsimile: 202-424-7647

*Counsel for Plaintiff Bavarian Nordic A/S*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2007, copies of BAVARIAN NORDIC'S INITIAL FACT WITNESS LIST were served as follows:

**VIA E-MAIL AND FAX:**
Mary B. Graham, Esq.
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Telephone: (302) 351-9287
Fax: (302) 658-3989
E-mail: mgraham@mnat.com


William D. Coston, Esq.
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-4813
Fax: (202) 344-8300
wdcoston@venable.com

Karen L. Pascale, Esq.
YOUNG CONAWAY STARGATT & TAYLOR
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6600
Fax: (302) 571-1253
kpascale@ycst.com


Krista L. Lynch
BINGHAM McCUTCHEN LLP
3000 K Street, N.W.
The Washington Harbour
Washington, D.C. 20007
(202) 424-7500

4

DCiManage/9322640.1

# EXHIBIT 2

# CONFIDENTIAL EXHIBIT

# EXHIBIT 3

# CONFIDENTIAL EXHIBIT

# EXHIBIT 4

# CONFIDENTIAL EXHIBIT

# EXHIBIT 5

# CONFIDENTIAL EXHIBIT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John W. Shaw, Esquire
> YOUNG CONAWAY STARGATT & TAYLOR LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 6, 2007 upon the following individuals in the manner indicated:

**BY E-MAIL AND HAND DELIVERY**

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801

**BY E-MAIL**

Edward A. Pennington
BINGHAM MCCUTCHEN LLP
3000 K Street, Suite 300
Washington, DC  20007

*/s/ James W. Parrett, Jr.*

James W. Parrett, Jr. (#4292)