IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S and ANTON MAYR,<br><br>    Plaintiffs,<br><br>v.<br><br>ACAMBIS INC. and ACAMBIS PLC,<br><br>    Defendants. | C.A. No. 05-614-SLR |

**PLAINTIFFS' PROPOSED JURY VERDICT FORM**

We, the jury, unanimously find as follows:

**I.    CONVERSION**

    **A.**    Do you find that Bavarian Nordic and/or Anton Mayr have proven, by a preponderance of the evidence, that Acambis used the MVA viruses at issue without authorization from Bavarian Nordic and/or Anton Mayr and that this use was intentional?

(A "YES" answer to this question is a finding for Bavarian Nordic and/or Anton Mayr. A "NO" answer to this question is a finding for Acambis.)

        Yes_____                      No_____

B.  If you find that Acambis is liable for conversion, you must evaluate the amount of the compensatory damages to which either or both of the plaintiffs is entitled. Please assess such damages here.

Yes_____          No_____

C.  If you find that Acambis is liable for conversion, in addition to compensatory damages, you may award punitive damages to the plaintiffs if you find that Acambis' actions were reckless or motivated by malice or fraud. Should you decide to award punitive damages, please assess such damages here.

Yes_____          No_____

II.  **DECEPTIVE TRADE PRACTICES UNDER DELAWARE STATUTORY LAW**

A.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis competed unfairly with Bavarian Nordic by causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services in violation of Delaware statutory law?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

Yes_____          No_____

B.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis competed unfairly with Bavarian Nordic by causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another in violation of Delaware statutory law?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

    Yes_____            No_____

C.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have in violation of Delaware statutory law?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

    Yes_____            No_____

**D.** Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another in violation of Delaware statutory law?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

   Yes_____      No_____

**E.** Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis engaged in any other conduct than A-D above that similarly creates a likelihood of confusion or of misunderstanding as to goods or services in violation of the Delaware statutory law?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

   Yes_____      No_____

III. **UNFAIR TRADE PRACTICES UNDER DELAWARE COMMON LAW**

   A.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis competed unfairly with Bavarian Nordic by engaging in immoral, unethical, oppressive, or unscrupulous conduct that prevented Bavarian Nordic from legitimately earning revenue in violation of Delaware common law?

   (A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

   Yes_____          No_____

IV. **UNFAIR COMPETITION UNDER THE LANHAM ACT**

   A.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis represented its MVA vaccine product or the services in connection therewith in a false or misleading manner that caused confusion, mistake, or deception as to the origin or sponsorship of the MVA vaccine product and that Bavarian Nordic was or is likely to be harmed?

   (A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

   Yes_____          No_____

B.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis commercially advertised or promoted its MVA vaccine product or services in connection therewith in a false or misleading manner with regard to origin of the product or the nature, characteristics, qualities, or origin of the services and that Bavarian Nordic was or is likely to be damaged by Acambis' actions?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

Yes_____           No_____

C.  Do you find that Bavarian Nordic has proven, by a preponderance of the evidence, that Acambis made material false or misleading factual representations regarding Bavarian Nordic's goods or services when contracting with the U.S. Government that actually deceived or had the tendency to deceive the U.S. Government and that Bavarian Nordic was or is likely to be damaged by Acambis' actions?

(A "YES" answer to this question is a finding for Bavarian Nordic. A "NO" answer to this question is a finding for Acambis.)

Yes_____           No_____

Each juror must sign the verdict form to reflect that a unanimous verdict has been reached.

Dated: _____, 2007.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

May 3, 2007

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Karen L. Pascale*

John W. Shaw (No. 3362) [jshaw@ycst.com]
Karen L. Pascale (No. 2903) [kpascale@ycst.com]
D. Fon Muttamara-Walker (No. 4646)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

- and -

**BINGHAM MCCUTCHEN LLP**
Edward A. Pennington
Robert C. Bertin
Stephanie Scruggs
Krista L. Lynch
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500

*Attorneys for Plaintiffs,*
*Bavarian Nordic A/S and Anton Mayr*

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on May 3, 2007, I caused to be electronically filed a true and correct copy of the foregoing sealed document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Mary B. Graham [mbgefiling@mnat.com]
>James Walter Parrett, Jr. [jparrett@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200

I further certify that on May 3, 2007, I caused a copy of the foregoing document to be served on the above-listed counsel and on the following non-registered participants in the manner indicated:

>***By E-Mail***
>
>Mary B. Graham [mgraham@mnat.com]
>James Walter Parrett, Jr. [jparrett@mnat.com]
>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899
>(302) 658-9200
>
>William D. Coston [wdcoston@venable.com]
>Martin L. Saad [mlsaad@venable.com]
>Tamany Vinson Bentz [TJBentz@Venable.com]
>VENABLE LLP
>575 7th Street, NW
>Washington, DC 20004-1601
>(202) 344-4000

- 2 -

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen L. Pascale*
_____
Karen L. Pascale (No. 2903)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
Email: kpascale@ycst.com
  *Attorneys for Plaintiffs,*
  *Bavarian Nordic A/S and Anton Mayr*