IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAVARIAN NORDIC A/S and<br>ANTON MAYR,<br><br>                Plaintiffs,<br><br>    v.<br><br>ACAMBIS INC. and<br>ACAMBIS PLC,<br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 05-614-SLR<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS

**YOUNG CONAWAY STARGATT & TAYLOR LLP**
John W. Shaw (#3362)
Karen L. Pascale (#2903)
D. Fon Muttamara-Walker (#4646)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600

**BINGHAM MCCUTCHEN LLP**
Edward A. Pennington
Robert C. Bertin
Stephanie Scruggs
Krista L. Lynch
3000 K Street Suite 300
Washington, DC 20007
(202) 424-7500
*Attorneys for Plaintiffs,*
*Bavarian Nordic A/S and Anton Mayr*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Mary B. Graham (#2256)
Rodger D. Smith II (#3778)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

**VENABLE, LLP**
William D. Coston
Jeffrey A. Dunn
Martin L. Saad
Tamany Vinson Bentz
575 7th Street, NW
Washington, DC 20004-1601
(202) 344-4000
*Attorneys for Defendants,*
*Acambis Inc. and Acambis plc*

May 3, 2007

## TABLE OF CONTENTS

INTRODUCTION AND ROLE OF JURY ................................................................................ 3
EVIDENCE ............................................................................................................................... 4
BURDEN OF PROOF ............................................................................................................... 6
SUMMARY OF ISSUES .......................................................................................................... 8
CONDUCT OF THE JURY ...................................................................................................... 9
DESCRIPTION OF TRIAL PROCEEDINGS ....................................................................... 11

DB02:5957679.1                                                                                                                    064417.1001

## INTRODUCTION AND ROLE OF JURY

Members of the jury, now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

The parties in this case are Bavarian Nordic A/S ("Bavarian Nordic") and Anton Mayr, the plaintiffs, and Acambis Inc. and Acambis plc (collectively "Acambis"), the defendants. In this case, Bavarian Nordic and Anton Mayr contend that Acambis committed acts of tortious conversion. In addition, Bavarian Nordic contends that Acambis engaged in unfair and deceptive trade practices, and unfair competition under the Lanham Act. Acambis denies those claims [Defendants: and contends that it properly obtained material from the government in order to bid on a government contract].

It will be your duty to find what the facts are from the evidence presented at the trial. You, and you alone, are the judges of the facts. My role is to be the judge of the law. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. You must follow that law whether you agree with it or not.

Sources:
Delaware Preliminary Instructions 1.1 and 1.2 (adapted to fit this case).

**EVIDENCE**

The evidence from which you find the facts will consist of the following:

1. sworn testimony of witnesses;

2. documents and other things that I admit into evidence;

3. any stipulated facts (*i.e.*, facts formally admitted or agreed to by the parties); and

4. any facts that are judicially noticed (*i.e.*, facts I say you must accept as true without any other evidence).

Nothing else is evidence. The attorneys' statements and arguments are not evidence. Their questions and objections are not evidence. Certain charts and graphics may be used to illustrate testimony from witnesses. Unless I have specifically admit them into evidence, these charts and graphics are not themselves evidence (even if they refer to or identify evidence).

Nothing you have heard or seen outside this courtroom prior to this case is evidence. In addition, nothing you hear or see outside this courtroom during the case is evidence. Do not let rumors, suspicions, or anything else outside of court influence your decision in any way.

My legal rulings are not evidence. In addition, none of my comments or questions are evidence. For example, from time to time, it may be the duty of the attorneys to make objections to the evidence that should not be presented at this trial under the Rules of Evidence. It is my duty as a judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by objection or by any reasons for making an evidentiary ruling.

If I sustain an objection or order evidence stricken from the trial, do not speculate about what a witness might have said or what an exhibit might have shown. These things are not

evidence, and you are bound by your oath not to let them influence you decision in any way. In the alternative, if I overrule an objection and allow the matter into evidence, you should treat the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. I will instruct you further during the trial if this happens.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

Sources:
Delaware Preliminary Instructions 1.5 - 1.7 (adapted to fit this case).

**BURDEN OF PROOF**

This is a civil case in which plaintiffs Bavarian Nordic and Anton Mayr are charging defendants Acambis Inc. and Acambis plc (collectively "Acambis") with tortious conversion of certain MVA viruses. This case also involves several other business tort claims by Bavarian Nordic against Acambis. In particular, Bavarian Nordic contends that Acambis has engaged in deceptive and unfair trade practices under Delaware statutory and common law, respectively, and unfair competition under the Lanham Act.

Bavarian Nordic has the burden of proving these claims by what is called a preponderance of the evidence. That means Bavarian Nordic must produce evidence for each [Defendants: element of each] claim that, when considered in light of all the facts, leads you to believe that what Bavarian Nordic contends is more likely true than not. To put it differently, if you were to put Bavarian Nordic's and Acambis' evidence on the opposite sides of the scale, the evidence supporting Bavarian Nordic's claims against Acambis would have to make the scales tip somewhat on its side. This burden must be met for [Defendants: each element of] each claim separately. If Bavarian Nordic fails to meet this burden for any claim, your verdict must be for Acambis for that particular claim.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should,

therefore, not consider it at all in your deliberations as to whether or not Bavarian Nordic has met its burden of proof.

Sources:

Delaware Jury Instructions 1.10 (adapted to fit this case).

## SUMMARY OF ISSUES

In this case, you must decide several things according to the instructions that I will give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence you must decide:

1. Whether Bavarian Nordic and/or Anton Mayr has proven by a preponderance of the evidence that Acambis tortiously converted certain MVA viruses;

2. Whether Bavarian Nordic has proven by a preponderance of the evidence that Acambis engaged in deceptive trade practices under Delaware statutory law;

3. Whether Bavarian Nordic has proven by a preponderance of the evidence that Acambis engaged in unfair trade practices under Delaware common law; and

4. Whether Bavarian Nordic has proven by a preponderance of the evidence that Acambis engaged in unfair competition under the Lanham Act.

[Defendants: 5. If Bavarian Nordic has proven by a preponderance of the evidence any such claims, whether Acambis has the proven by a preponderance of the evidence that Bavarian Nordic is nonetheless not entitled to recover damages because it waited too long to sue or has unclean hands.]

## CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Although you are not to talk about the case with anyone else, you are permitted to write questions down regarding the technology at issue and give them to my courtroom deputy. Those questions will then be given to me and I will pass them along to the attorneys for each side, who may or may not attempt to incorporate your questions into their respective examinations.

Again, do not reach any conclusion on the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Sources:

Delaware Jury Instructions 1.3 (adapted to fit this case).

DESCRIPTION OF TRIAL PROCEEDINGS

The trial will now begin. The attorneys will have three opportunities to talk to you during the trial. This first opportunity is the opening statement. Attorneys for both sides have an opportunity to make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, each party is given an opportunity to present its evidence. Bavarian Nordic goes first because it has the burden of proof. Bavarian Nordic will present witnesses whom Acambis' counsel may cross-examine, and Bavarian Nordic may also present evidence. Following Bavarian Nordic's case, Acambis may present evidence. Counsel for Bavarian Nordic may cross-examine witnesses for the defense. During this time, the attorneys may make transition statements whenever they call a witness to the stand, mainly to introduce a witness and briefly explain the relevance of the witness's anticipated testimony.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence.

You will then retire to the jury room to deliberate on your verdict in this case.

Sources:

Delaware Jury Instructions 1.12 (adapted to fit this case).

Where the case is to be tried by a jury, counsel should look to D. Del. L. Rules 47 and 51 for guidance on filing proposed voir dire, jury instructions, special verdict forms and interrogatories.

11

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ *Karen L. Pascale* | /s/ *James W. Parrett, Jr.* |
| John W. Shaw (#3362)<br>Karen L. Pascale (# 2903)<br>D. Fon Muttamara-Walker (#4646)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE  19801<br>(302) 571-6600 | Mary B. Graham (#2256)<br>Rodger D. Smith II (#3778)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200 |
| OF COUNSEL: | OF COUNSEL: |
| Edward A. Pennington<br>Robert C. Bertin<br>Stephanie Scruggs<br>Krista L. Lynch<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street Suite 300<br>Washington, DC 20007<br>(202) 424-7500 | William D. Coston<br>Jeffrey A. Dunn<br>Martin L. Saad<br>Tamany Vinson Bentz<br>Venable, LLP<br>575 7th Street, NW<br>Washington, DC 20004-1601<br>(202) 344-4000 |
| *Attorneys for Plaintiffs,*<br>*Bavarian Nordic A/S and Anton Mayr* | *Attorneys for Defendants,*<br>*Acambis Inc. and Acambis plc* |

Dated:  May 3, 2007