IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAVARIAN NORDIC A/S and ANTON MAYR, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-614-SLR |
| v. | ) ) ) | *REDACTED —* *PUBLIC VERSION* |
| ACAMBIS INC. and ACAMBIS PLC, | ) ) ) | |
| Defendants. | ) | |

**JOINT PROPOSED PRETRIAL ORDER**

On May 8, 2007, at 4:30 p.m., counsel for Plaintiffs Bavarian Nordic A/S and Prof. Dr. Anton Mayr (collectively "BN") and counsel for Defendants Acambis plc and Acambis Inc.'s (collectively "Acambis") will participate in a pretrial conference before this Court pursuant to Federal Rule of Civil Procedure 16, Local Rule 16.4, and the Court's Scheduling Order. The following matters as to the trial of this action, commencing on June 5, 2007, are hereby ordered by the Court.

**I.    NATURE OF THE ACTION**

1. On August 19, 2005, BN filed suit charging Acambis with tortious conversion, misappropriation of trade secrets, deceptive trade practices and unfair trade practices under Delaware law, and unfair competition under the Lanham Act. (D.I. 1) BN also requested a jury trial. On September 8, 2005, Acambis answered BN's complaint and denied all of BN's claims. Acambis asserted inequitable conduct as an affirmative defense to that part of the Complaint suggesting that Acambis misrepresented its freedom to operate in the MVA field despite BN's purported patent rights. (D.I. 6)

2. On September 28, 2005, BN moved to strike Acambis' affirmative defense of inequitable conduct on the basis that none of BN's claims alleged or depended on patent rights. (D.I. 11)

3. On May 22, 2006, BN moved to amend its complaint to add Prof. Anton Mayr as a Co-Plaintiff. (D.I. 38) Also on May 22, 2006, Acambis moved for leave to amend its answer and file seven counterclaims against BN, including declaratory judgment claims of patent invalidity and unenforceability, *Walker Process*, and sham litigation. (D.I. 35).

4. On June 30, 2006, Acambis moved to dismiss BN's misappropriation of trade secret claims in favor of arbitration. (D.I. 49)

5. On August 10, 2006, the Court granted BN's motion to strike Acambis' affirmative defense of inequitable conduct. (D.I. 73).

6. On August 21, 2006, the Court granted Acambis' motion to dismiss BN's trade secret claims in favor of arbitration. In that same order, the Court also granted BN's motion to amend its complaint to add Prof. Anton Mayr as a co-Plaintiff and denied Acambis' motion to amend its answer and file its counterclaims. (D.I. 83) Acambis does not have any counterclaims in this case.

7. On August 23, 2006, BN and Prof. Anton Mayr filed their first amended complaint against Acambis. No new claims were added. (D.I. 85)[1]

8. On September 7, 2006, Acambis answered the amended complaint and denied all of BN's claims.

---

[1] BN included the trade secrets claim in its First Amended Complaint filed after the August 21 Order "purely to forestall any argument that plaintiffs have voluntarily dropped that claim, and not to derogate the effect of the August 21 Order." *See* 8/23/06 Letter from Pascale to Graham.

## II. BASES OF FEDERAL JURISDICTION

1. This Court has jurisdiction over the common law and state law claims under 28 U.S.C. § 1332, as this is a matter involving at least one claim between parties whose citizenship is diverse, and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000). This Court has jurisdiction pursuant to 15 U.S.C. § 1121, which grants to federal district courts original jurisdiction over all actions arising under the Lanham Act, and 28 U.S.C. § 1338, as at least part of the Plaintiffs' claims are predicated on the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. § 1367, which confers supplemental jurisdiction over BN's related state law claims.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Acambis Inc. is a Delaware corporation and Acambis plc is an alien for which venue is proper in any judicial district in the United States. Defendants are subject to personal jurisdiction in the State of Delaware.

## III. PENDING MOTIONS

The following motions are pending before this Court as of the filing date of this Joint Proposed Pretrial Order[2]:

1. On December 7, 2006, BN filed a motion for partial summary judgment on the issue of tortious conversion. (D.I. 114) On January 3, 2007, Acambis filed its response to BN's motion. (D.I. 122) On January 12, 2007, BN filed its reply. (D.I. 133)

---

[2] On March 30, 2007, BN filed an appeal in the U.S. Court of Appeals for the 4th Circuit from the U.S. District Court of Maryland's decision to deny BN's motion to compel NIH's compliance with the subpoena for testimony and documents issued to NIH on July 24, 2006. The Court granted an unopposed expedited appeal schedule in the matter. NIH was to file its brief on April 30, 2007, and BN's reply brief is due on May 14, 2007. The NIH subpoena seeks information related to the circumstances by which NIH employee, Dr. Moss, received the MVA strain from Professor Mayr, and the circumstances by which he provided it to Acambis and allegedly disclosed BN confidential business information.

2.       On December 7, 2006, Acambis filed a motion to dismiss, or in the alternative for summary judgment, on all of plaintiffs' claims. (D.I. 111) On January 3, 2007, BN filed its response to Acambis' motion. (D.I. 125) On January 12, 2007, Acambis filed its reply. (D.I. 131)

3.       On January 19, 2007, Acambis moved to strike the declarations of Drs. Li Westerlund and Axel Spies. (D.I. 136) These declarations were filed in support of BN's response to Acambis' motion for summary judgment filed on January 12, 2007. (D.I. 133, 135) BN filed a response to Acambis' motion on February 2, 2007. (D.I. 140)

4.       On February 9, 2007, the Court heard oral argument on the summary judgment motions.

## IV.    STATEMENT OF ADMITTED FACTS

1.       The parties admit the facts stated in attached <u>Exhibit 1</u>. These admitted facts require no proof at trial.

## V.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1.       BN's statement of issues of fact that remain to be litigated is attached as <u>Exhibit 2.</u>

2.       Acambis' statement of issues of fact that remain to be litigated is attached as <u>Exhibit 3</u>.

## VI.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1.       BN's statement of issues of law remaining to be litigated is attached as <u>Exhibit 4</u>.

2.       Acambis' statement of issues of law remaining to be litigated is attached at <u>Exhibit 5</u>.

## VII.    EXHIBITS

1. BN's list of exhibits that it intends to offer at trial is attached as <u>Exhibit 6</u>.

2. Acambis' list of exhibits that it intends to offer at trial is attached as <u>Exhibit 7</u>.

3. The parties will exchange complete and legible copies of their respective exhibits with exhibit labels by May 18, 2007.

4. The fact that a party includes an exhibit on its list does not constitute a waiver by that party of any objection to the use of such exhibit by the other party, even if not introduced by the designating party.

5. Any document that on its face appears to have been authored by an employee, former employee, officer or agent or former officer or agent of a party shall be deemed *prima facie* to be authentic, subject to the right of the party against whom such document is offered to adduce evidence to the contrary.  This provision on authentication shall not preclude any other objections to the document.

6. Demonstrative exhibits:

At least 24 hours before using any demonstrative exhibit, a copy of the exhibit shall be provided to the other side.  This paragraph does not apply to demonstrative exhibits created in the courtroom during trial testimony or the enlargement, highlighting, ballooning, or other non-annotated highlighting of trial exhibits or of testimony.

## VIII.    WITNESSES

1. BN's list of witnesses that it intends to call at trial is attached as <u>Exhibit 8</u>, including those witnesses it intends to call live and those it intends to call by deposition.

2. Acambis' list of witnesses that it intends to call at trial is attached as <u>Exhibit 9</u>, including those witnesses it intends to call live and those it intends to call by deposition.

3. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either live or by deposition. The listing of a witness on a party's witness list requires a good faith intention to call that witness to testify, either live or by deposition.

4. Plaintiffs shall provide notice of the witnesses that they will call to testify live in its direct case, and the order in which they will testify, on May 29, 2007, and Defendants shall provide notice of the witnesses that they will call to testify live in direct and responsive cases, and the order in which they will testify on May 31, 2007. The parties reserve the right to offer responsive or rebuttal witnesses that are not set forth on their witness notice depending on the testimony of the other side's witnesses.

5. With respect to those witnesses who will be presented by deposition, each party shall provide five (5) calendar days notice of the specific pages and lines of each deposition, prior to reading from the deposition or playing a videotape portion of the deposition at trial. Within two (2) calendar days after receiving a specific deposition designation, the opposing party shall provide objections to any such designations and any counterdesignations of the deposition relating to the same topic that the opposing party believes is needed to make the designation complete and not misleading. The parties shall meet and confer within 24 hours in an attempt to resolve any objections.

6. Each party will provide the other party a final list of witnesses whom they intend to call on direct examination, and the order in which they will be called, by 6:30 p.m. the day before those witnesses are intended to testify in Court.

## IX. STATEMENT OF INTENDED PROOFS

1. BN's statement of what it intends to provide in support of its claims is set forth in Exhibit 10.

2.      Acambis' statement of what it intends to provide in support of its claims is set forth in Exhibit 11.

## X.   MOTIONS IN LIMINE

A.      Pursuant to the Court's October 26, 2005 Scheduling Order (D.I. 20), the parties have not filed motions in limine with the Court.

B.      The parties have reached an agreement on the following issues and ask that the Court enforce these agreements during trial:

(a) The parties shall not mention, reference, or introduce evidence relating to any settlement discussions between BN and Acambis.

(b) The parties shall not mention or use at trial any of the Judge's rulings, comments or opinions on the parties' motions for summary judgment.

(c) Prof. Mayr shall not provide any live testimony at trial.

C.      The evidentiary issues that BN asks the Court to address at the pretrial conference and/or during trial are provided in the attached Exhibit 12. Bavarian Nordic reserves the right to bring additional issues to the Court's attention as the trial progresses.

D.      The evidentiary issues that Acambis asks the Court to address at the pretrial conference and/or during trial are provided in the attached Exhibit 13. Acambis reserves the right to bring additional issues to the Court's attention as the trial progresses.

## XI.  CERTIFICATION OF SETTLEMENT

The parties certify that two-way communication has occurred between persons having authority in a good faith effort to explore the resolution of the claims still pending by settlement. No agreement has been reached.

## XII.  CONCLUSION

This order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

Where the case is to be tried by a jury, counsel should look to D. Del. L. Rules 47 and 51 for guidance on filing proposed voir dire, jury instructions, special verdict forms and interrogatories.

| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| /s/ Karen L. Pascale | /s/ James W. Parrett, Jr. |
| John W. Shaw (#3362)<br>Karen L. Pascale (# 2903)<br>D. Fon Muttamara-Walker (#4646)<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>Wilmington, DE  19801<br>(302) 571-6600 | Mary B. Graham (#2256)<br>Rodger D. Smith II (#3778)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200 |
| OF COUNSEL: | OF COUNSEL: |
| Edward A. Pennington<br>Robert C. Bertin<br>Stephanie Scruggs<br>Krista L. Lynch<br>BINGHAM MCCUTCHEN LLP<br>3000 K Street Suite 300<br>Washington, DC 20007<br>(202) 424-7500 | William D. Coston<br>Jeffrey A. Dunn<br>Martin L. Saad<br>Tamany Vinson Bentz<br>VENABLE, LLP<br>575 7th Street, NW<br>Washington, DC 20004-1601<br>(202) 344-4000 |
| *Attorneys for Plaintiffs*<br>*Bavarian Nordic A/S and Anton Mayr* | *Attorneys for Defendants*<br>*Acambis Inc. and Acambis plc* |

Dated:  May 3, 2007

SO ORDERED this _____ day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE